BAP Case No. CC-11-1103
Bankruptcy Court Case No. 1:11-bk-10426-VK



FILED
CLERK, U.S. DISTRICT COURT

JUN 6 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re GEORGES MARCIANO,

Involuntary Debtor.

CV11-4779-AHM

GEORGES MARCIANO,
Appellant/Involuntary Debtor,

vs.

GARY ISKOWITZ, THERESA ISKOWITZ, CAROLYN MALKUS, CAMILLE
ABAT, MIRIAM CHOI, JOSEPH FAHS, STEVEN CHAPNICK and
ELIZABETH TAGLE,
Appellees.

# EMERGENCY MOTION
## FOR STAY PENDING APPEAL OF ORDERS DIRECTING
## APPOINTMENT OF CHAPTER 11 TRUSTEE AND
## APPOINTING CHAPTER 11 TRUSTEE

Daniel J. McCarthy (SBN 101081)
Hill, Farrer & Burrill, LLP
300 S. Grand Avenue 37th Floor
Los Angeles, CA 90071-3147
Telephone:  (213) 621-0802
Facsimile:  (213) 624-4840
Attorneys for Appellant/Involuntary Debtor
Georges Marciano

# TABLE OF CONTENTS

**Page**

EMERGENCY MOTION FOR STAY PENDING APPEAL
OF ORDERS DIRECTING APPOINTMENT OF
CHAPTER 11 TRUSTEE AND APPOINTING
CHAPTER 11 TRUSTEE ......................................................... 1

I. Introduction .............................................................................. 1

II. THIS COURT HAS JURISDICTION IN THIS APPEAL ....... 3

III. THE BANKRUPTCY COURT LACKS
JURISDICTION ....................................................................... 4

IV. A STAY PENDING APPEAL IS REQUIRED ........................ 6

    A. Applicable Standard ......................................................... 6

    B. The Standard For A Discretionary Stay Is Met .............. 7

        1. This Appeal Presents Exceptional
           Circumstances ...................................................... 7

        2. Mr. Marciano Is Likely To Prevail ....................... 8

           a. He Is Likely To Prevail In The First
               Appeal ......................................................... 8

           b. Mr. Marciano Is Likely To Prevail On
               The Issue of Whether A Trustee Is In
               The "Interests" Of All Parties At This
               Stage Under 11 U.S.C. §§ 1104(a)(2)
               and (3)......................................................... 9

           c. Mr. Marciano Is Likely To Prevail On
               Whether "Cause" Was Shown Under
               11 U.S.C. § 1104(a)(1) .............................. 14

        3. Mr. Marciano Will Suffer Irreparable Injury ..... 17

        4. No Anticipated Substantial Harm To
           Appellees ............................................................. 19

         5. No Harm To The Public Interest ......................... 20

V. CONCLUSION ..................................................................... 22

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. Marwil*
*(In re Bayou Group, LLC),*
564 F.3d 541, 546 (2d Cir. 2009) ...................................... 10, 12, 14

*Altman v. Rafael Galleries, Inc.*
*(In re Altman),*
2000 U.S. Dist. LEXIS 16235, \*17-18
(D. Conn. July 27, 2000) ................................................................. 15

*Cajun Elec. Power Coop. v. Central La. Elec. Co.*
*(In re Cajun Elec. Power Coop.),*
69 F.3d 746, 749 (5th Cir. 1995) .................................................... 10

*Dalkon Shield Claimants,*
828 F.2d at 241 ................................................................................ 14

*Ginger Root Office Assocs., LLC v. Farmer*
*(In re Advanced Packaging & Prods. Co.),*
426 B.R. 806, 810-814 (C.D. Cal. 2010) ..................................... 5, 6

*Haskell v. Goldman, Sachs & Co.*
*(In re Genesis Health Ventures, Inc.),*
367 B.R. 516, 522 (Bankr. D. Del. 2007) ...................................... 22

*Hilton v. Braunskill,*
481 U.S. 770, 776 (1987) ................................................................. 2

*In re Anchorage Boat Sales, Inc.,*
4 B.R. 635, 644-45 (Bankr. E.D.N.Y. 1980)........................... 12, 15

*In re Christian & Porter Aluminum Co.,*
584 F.2d 326, 334 (9th Cir. 1978)................................................... 5

*In re Clinton Centrifuge,*
85 B.R. at 983-84........................................................................... 15

*In re Cohoes Industrial Terminal, Inc.,*
65 B.R. 918, 919-921 (Bankr. S.D.N.Y. 1986)............................ 16

*In re Drexler, 5*
6 B.R. 960 (Bankr. S.D.N.Y. 1986) ................................................ 7

*In re Focus Media, Inc.,*
378 F.3d 916 (9th Cir. 2004).................................................... 5, 13

*In re Ford,*
36 B.R. 501, 502 (Bankr. W.D. Ky. 1983).................................... 17

*In re Frontier Properties, Inc.*
979 F.2d 1358, 1363-1364 (9th Cir. 1992) ..................................... 6

## TABLE OF AUTHORITIES
### (continued)

Page

*In re General Oil Distribs.,*
42 B.R. at 408-09 .......................................................................... 15

*In re Graber,*
319 B.R. 374, 377-378 (Bankr. E.D. Pa. 2004) ............................. 8

*In re Henry S. Miller Commercial, LLC,*
418 B.R. 912, 921-922 (Bankr. N.D. Tex. 2009)............................ 8

*In re Horn & Hardart Baking Co.,*
22 B.R. 668, 669 (Bankr. E.D. Pa. 1982)...................................... 17

*In re Madill,*
65 B.R. 729, 733 (D. Mont. 1986) ............................................. 4, 5

*In re Marvel Entertainment Group,*
140 F.3d 463, 470-471 (3d Cir. 1998)............................................ 3

*In re Mason,*
709 F.2d 1313 (9th Cir. 1983)........................................ 4, 5, 17, 18

*In re Paolino,*
53 B.R. 399, 400 (Bankr. E.D. Pa. 1985)...................................... 17

*In re Paolino,*
60 B.R. 828, 829 (E.D. Pa. 1986)................................................. 17

*In re Prisuta,*
121 B.R. 474, 475 (Bankr. W.D. Pa. 1990) ................................... 8

*In re Soderberg & Schafer CPAS, LLC,*
2010 Bankr. LEXIS 2600, 2010 WL 3155818
(Bankr. N.D. Ohio Aug. 6, 2010)................................................... 7

*In re Starlite Houseboats, Inc.,*
426 B.R. 375, 383 (Bankr. D. Kan. 2010)...................................... 8

*In re V. Savino Oil & Heating Co.,*
99 B.R. 518, 522 (Bankr. E.D.N.Y. 1989) ................................... 16

*In re Wymer,*
5 B.R. 802 (9th Cir. BAP 1980) ............................................. 6, 19

*Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc.*
*(In re Anchorage Boat Sales, Inc.),*
4 B.R. 635, 644 (Bankr. S.D.N.Y. 1980) ..................................... 12

*Neary v. Padilla*
*(In re Padilla),*
222 F.3d 1184 (9th Cir. 2000).................................................. 4, 6

# TABLE OF AUTHORITIES
## (continued)

**Page**

*New Cingular Servs. v. Burkart*
   *(In re Wire Comm Wireless, Inc.),*
   2008 U.S. Dist. LEXIS 58563, at *16
   (E.D. Cal. Aug. 1, 2008)............................................................... 21

*Official Comm. of Unsecured Creditors of Cybergenics*
   *Corp. ex rel. Cybergenics Corp. v. Chinery,*
   330 F.3d 548, 577 (3d Cir. 2003).................................................. 15

*Ohanian v. Irwin*
   *(In re Irwin),*
   338 B.R. 839, 843 (E.D. Cal. 2006) ......................................... 7, 19

*People v. Emeryville,*
   69 Cal. 2d 533, 537, 72 Cal. Rptr. 790, 446
   P.2d 790, 793 (1961) ..................................................................... 6

*Platinum Fin. Servs. Corp. v. Byrd*
   *(In re Byrd),*
   357 F.3d 433, 438 (4th Cir. 2004) ................................................. 7

*Renegotiation Bd. v. Bannercraft Clothing Co.,*
   415 U.S. 1, 24, 94 S. Ct. 1028, 1040,
   39 L. Ed. 2d 123 (1974)............................................................... 18

*Schuster v. Dragone,*
   266 B.R. 268, 272 (D. Conn. 2001) ....................................... 14, 16

*Schwartz v. Covington,*
   341 F2d 537 (9th Cir 1965) ........................................................... 7

*Sherman v. SEC*
   *(In re Sherman),*
   491 F.3d 948, 967 (9th Cir. 2007)................................................. 5

*SS Farms, LLC v. Sharp*
   *(In re SK Foods, L.P.),*
   2010 U.S. Dist. LEXIS 46920
   (E.D. Cal. May 11, 2010) ............................................................ 20

*Zamora v. Virtue*
   *(In re Cont'l Coin Corp.),*
   2009 U.S. Dist. LEXIS 74392, *29
   (C.D. Cal. Aug. 21, 2009) ............................................... 18, 19, 21

## STATUTES

11 U.S.C. § 303........................................................................... 8, 19

11 U.S.C. § 303(b)(1) ................................................................... 7, 8

11 U.S.C. § 303(f)........................................................................... 18

# TABLE OF AUTHORITIES
## (continued)

Page

11 U.S.C. § 303(h).............................................................................. 21

11 U.S.C. § 303(h)(1) ........................................................................... 7

11 U.S.C. § 303(i)................................................................................. 9

11 U.S.C. § 305(a) ............................................................. 8, 11, 12, 21

11 U.S.C. § 305(a)(1) ......................................................................... 19

11 U.S.C. § 326(a) .............................................................................. 16

11 U.S.C. § 330(a) .............................................................................. 16

11 U.S.C. § 363(b) .............................................................................. 17

11 U.S.C. § 541 ................................................................................... 18

11 U.S.C. § 1104(a)(3) ............................................. 9, 10, 11, 13, 15

11 U.S.C. § 1106(a)(2) ....................................................................... 10

11 U.S.C. § 1106(a)(3) ....................................................................... 10

11 U.S.C. § 1107(a) ............................................................................ 16

11 U.S.C. § 1112................................................................................. 10

11 U.S.C. § 1112(b)(4)(F) .................................................................. 10

28 U.S.C. § 1292 (a)(1) ........................................................................ 2

F.R.B.P. 1007.................................................................................. 2, 9

F.R.B.P. 8005.............................................................................. 3, 7, 20

F.R.C.P. 62(c) ..................................................................................... 6

## OTHER AUTHORITIES

148 Cong. Rec. S.11,728 (daily ed., November 20, 2002)................ 21

Kenneth N. Klee & K. John Shaffer, *Creditors
    Committees Under Chapter 11 of the Bankruptcy
    Code*, 44 S.C. L. Rev. 995, 1045, 1049 (1993)............................ 16

### EMERGENCY MOTION
### FOR STAY PENDING APPEAL OF ORDERS DIRECTING
### APPOINTMENT OF CHAPTER 11 TRUSTEE
### AND APPOINTING CHAPTER 11 TRUSTEE

## I.    INTRODUCTION.

By this emergency motion, appellant Georges Marciano requests that the

Court issue a temporary and a permanent stay pending appeal of the Bankruptcy

Court's March 7, 2011 "Order Directing the Appointment of a Chapter 11 Trustee"

and its March 11, 2011 "Order Approving Appointment of a Chapter 11 Trustee"

by which it appointed David Gottlieb as the Chapter 11 Trustee of Mr. Marciano's

Chapter 11 estate (collectively, the "Trustee Orders"). On March 8, 2011, Mr.

Marciano filed a notice of appeal from the first order and on March 14, 2011, he

filed an amended notice of appeal adding the second order.

A stay of the Trustee Orders is needed to prevent irreparable harm to Mr.

Marciano and his Chapter 11 estate resulting from the trustee taking control of Mr.

Marciano's assets away from him in a case in which the underlying order for relief

is before this Court in an expedited appeal. Mr. Marciano predicted this potential

harm when he previously asked this Court for a stay pending appeal. Now it is

being incurred, and it should be stopped. It is not enough to say that the creditors

"may" be harmed is a stay is not issue.

This appeal is related to Bankruptcy Appellate Panel ("BAP") Case No. 11-

1008 (the "First Appeal") in which Mr. Marciano has appealed from the

Bankruptcy Court's December 28, 2010 order for relief by which it granted the

petitioning creditors' involuntary Chapter 11 petition that was filed on October 27,

2009. Mr. Marciano's motion for a stay pending appeal of that order was denied

by the Bankruptcy Court on January 25, 2011. He then filed a similar stay motion

with the BAP in the First Appeal on January 27, 2011, which the BAP denied on

February 9, 2011. In denying the motion, the BAP found that he had failed to show irreparable injury if a stay was not issued. It also held: 'we are concerned that appellees may suffer such harm or prejudice if a stay is entered." It did not address Mr. Marciano's threshold argument that the Bankruptcy Court lost jurisdiction to proceed when Mr. Marciano appealed from the order for relief. However, it ordered that the appeal is "expedited."

Mr. Marciano appealed the BAP's denial of his stay motion on February 10, 2011. When it was assigned a case number on February 18, 2011, he immediately filed an emergency stay motion with the Ninth Circuit. The Ninth Circuit denied a stay on February 24, 2011, citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), which stated the factors relevant to a stay pending appeal. In that order, the Court indicated that it "may lack jurisdiction over the appeal because it seeks review of an interlocutory order by the Bankruptcy Appellate Panel." The Ninth Circuit did not address the threshold argument that the Bankruptcy Court lost jurisdiction to proceed when Mr. Marciano appealed from the order for relief. The Ninth Circuit required Mr. Marciano to file a response showing why the appeal from the BAP's denial of a stay should not be dismissed due to a lack of appellate jurisdiction. Mr. Marciano filed that response on March 15, 2011, demonstrating that jurisdiction under 28 U.S.C. § 1292 (a)(1).

Faced with the denial by the Bankruptcy Court, the BAP and the Ninth Circuit of a stay pending appeal of the December 28 order for relief, Mr. Marciano had an impossible decision. If he complied with applicable requirements under F.R.B.P. 1007 to file schedules, a statement of financial affairs, etc.; to comply with reporting requirements of the U.S. Trustee; and to appear at a 341(a) meeting to testify as to his financial condition, he would incur irreparable harm to his constitutional privacy rights. If, however, he stood on his privacy rights, he risked the appointment of a trustee, who would take control of his assets – despite the

2

pending appeal to the BAP from the underlying order for relief and despite the pending state court appeals from the petitioning creditors' default judgments.

Mr. Marciano chose to stand on his privacy rights by not meeting applicable filing requirements. The punishment was swift. Creditors in Mr. Marciano's Chapter 11 case filed a motion for appointment of a Chapter 11 trustee on March 1, 2011. On March 2, the Court set it for hearing on less than 48 hours notice. On March 4, the Court conducted a hearing on that motion. Finding that it had jurisdiction, the Court granted the motion and directed that a Chapter 11 trustee be appointed. The formal order directing the appointment was entered on March 7, 2011. On March 8, 2011, Mr. Marciano filed a notice of appeal to the BAP from that order. On March 10, 2011, Mr. Marciano filed a motion for stay pending appeal of the March 7 order with the Bankruptcy Court, which it denied by order entered without a hearing on March 11, 2011. By that order, it held that Mr. Marciano had not met the requirements for a stay under F.R.B.P. 8005, although it did not explain why. On March 11, 2011, the Bankruptcy Court entered an order appointing the Chapter 11 trustee designated by the Office of United States Trustee. On March 14, Mr. Marciano filed an amended notice of appeal to the BAP, which added that order and the order denying the requested stay.

## II. THIS COURT HAS JURISDICTION IN THIS APPEAL.

An order appointing a Chapter 11 trustee is a final order that may be appealed. The Court in *In re Marvel Entertainment Group*, 140 F.3d 463, 470-471 (3d Cir. 1998), explained why:

> "Were we not to take jurisdiction at this juncture, no meaningful review of the order appointing a trustee could ever take place, as a practical matter. What we know as men and women we must never forget as judges. Once bankruptcy reorganization has been completed after months or years and after a plan of reorganization has been hammered out, it strains credulity to suggest that a reviewing court would jettison years of bankruptcy infighting, compromise and final

determinations solely for the purpose of reversing the appointment of a trustee and have the proceedings begin again from scratch. The practical reality is that unless an appeal can be lodged now, there will never be a meaningful review of the order appointing a trustee."

As such, the BAP has jurisdiction over this appeal.

## III.   **THE BANKRUPTCY COURT LACKS JURISDICTION.**

A threshold issue is whether the Bankruptcy Court lost jurisdiction due to the appeal. In denying a stay, the Bankruptcy Court held that it had jurisdiction to proceed, but the BAP did not opine on the issue, though it was raised.

First, the continuation of the case will result in irreparable harm to Mr. Marciano, which is a risk of an order for relief that is described in *In re Mason*, 709 F.2d 1313 (9th Cir. 1983), as quoted below. That harm bears upon a stay pending appeal, but it also supports the conclusion that the Bankruptcy Court was divested of jurisdiction to cause such harm after the appeal of the order for relief.

Second, analogous cases demonstrate a loss of jurisdiction. *In re Madill*, 65 B.R. 729, 733 (D. Mont. 1986), the Court explained that the Bankruptcy Court lacked jurisdiction to grant relief from the stay regarding certain property because it "undermined" the appeal affecting the same property. If Mr. Marciano is required to meet applicable requirements, the appeal is undermined because the actions that a trustee takes and the costs incurred cannot be undone.

*Neary v. Padilla (In re Padilla)*, 222 F.3d 1184 (9th Cir. 2000), held that the Bankruptcy Court lacked jurisdiction to enter a discharge order because the debtor's right to discharge was affected by the pending appeal from a BAP order reinstating a case in that, if dismissal were granted, there could be no discharge. *Id.*, at 1189-1190. An order for relief keeps a debtor in bankruptcy, just as the BAP order did in *Padilla* when it reinstated the petition. Just as the trustee's appeal in *Padilla* divested the Bankruptcy Court of jurisdiction to "proceed with Padilla's bankruptcy," *id.,* at 1189, Mr. Marciano's appeal from the order for relief

divested the Bankruptcy Court of jurisdiction to proceed with his case.

In *Ginger Root Office Assocs., LLC v. Farmer (In re Advanced Packaging &*
*Prods. Co.),* 426 B.R. 806, 810-814 (C.D. Cal. 2010), the District Court affirmed
the order determining ownership of the alter ego claim, but it held that the
Bankruptcy Court lost jurisdiction to approve the sale of that same claim:

> "While the Trustee argues that the bankruptcy court had
> jurisdiction to approve the sale because the transfer did not modify the
> status quo, the court cannot agree. The proposed sale transferred the
> alter ego claim that Ginger Root contended it owned to a third party
> whom the bankruptcy court found to be a good faith purchaser. This
> foreclosed Ginger Root's further prosecution of the claim, altered the
> position of the parties, and expanded the effect of the rights
> determined in the summary judgment order." *Id.*, at 827.

Similarly, without a stay, proceedings could not be undone, the "status quo"
would be "modified", and the "position" of the parties would be "altered."

Third, the creditors' prior citations on this issue are inapplicable. *In re*
*Focus Media, Inc.,* 378 F.3d 916 (9th Cir. 2004), did not discuss of whether the
Bankruptcy Court retained jurisdiction after the appeal from an order for relief. *In*
*re Christian & Porter Aluminum Co.,* 584 F.2d 326, 334 (9th Cir. 1978),
characterized an order for relief as an <u>interlocutory</u> order in concluded that
appealing the order did not cause a loss of jurisdiction. *Sherman v. SEC (In re*
*Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007), concerned an appeal was from an
<u>interlocutory</u> order denying a motion to dismiss, so there was no loss of
jurisdiction to enter the debtor's discharge. In contrast, *Mason* held that an order
for relief is a <u>final</u> order, supporting the opposite conclusion that the appeal of the
order divests the Bankruptcy Court of jurisdiction.

Fourth, the cases on loss of jurisdiction describe the need to "preserve the
status quo," which the Bankruptcy Court incorrectly viewed as preserving Mr.
Marciano's assets. In *Madill*, the status quo was preserving the debtor's property;

in *Padilla*, it was preserving the possibility of no discharge; and in *Advanced Packaging*, it was preserving the creditors' alter ego claim – all of which were the status quo <u>before</u> the orders on appeal. The relevant status quo here is the one before the order on appeal, without obligations to file schedules and testify.

Finally, loss of jurisdiction also can be explained in terms of avoiding multiple appeals. Interlocutory orders are not appealable to avoid multiple appeals, *In re Frontier Properties, Inc.* 979 F.2d 1358, 1363-1364 (9th Cir. 1992), but an order for relief is a final order. Concluding that the Bankruptcy Court lost jurisdiction will prevent multiple appeals in the Chapter 11 case, which could be taken from orders entered on the faulty assumption that the Court has jurisdiction.

Given that the Bankruptcy Court lacked jurisdiction to appoint a trustee, but did so any way, the Trustee Orders must be stayed pending appeal before any further actions occur based upon an incorrect assumption that there is jurisdiction to proceed in the Bankruptcy Court.

## IV. A STAY PENDING APPEAL IS REQUIRED.

### A. Applicable Standard.

This Court's rules describes that a motion for discretionary stay pending appeal must satisfy the requirements described in *In re Wymer*, 5 B.R. 802 (9th Cir. BAP 1980), which explained:

> "The discretion of the court is exercised 'upon such terms as to bond or otherwise as [the court] considers proper for the security of the rights of the adverse party.' FRCP 62(c). While the power to maintain the status quo pending appeal 'should always be exercised when any irremediable injury may result from the effect of the decree as rendered' (*Hovey v. McDonald, supra*, 161), both federal and California Courts hold that '. . . this power should be sparingly employed and reserved for the exceptional situation.' *People v. Emeryville,* 69 Cal. 2d 533, 537, 72 Cal. Rptr. 790, 446 P.2d 790, 793 (1961).

> "The accepted standards for discretionary stays are described in

*Schwartz v. Covington*, 341 F2d 537 (9th Cir 1965):

> '1. Appellant is likely to succeed on the merits of the appeal.
>
> '2. Appellant will suffer irreparable injury.
>
> '3. No substantial harm will come to appellee.
>
> '4. The stay will do no harm to the public interest.'" *Id.*, at 806

These are the same standards followed under F.R.B.P. 8005. *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 843 (E.D. Cal. 2006).

## B.   The Standard For A Discretionary Stay Is Met.

### 1.   This Appeal Presents Exceptional Circumstances.

There are important circumstances that make this appeal and this request for a discretionary stay unique: Involuntary cases are relatively rare. Even more rare are cases in which an order for relief is granted and then the order appealed. Even more rare are cases where the involuntary petition is granted solely based upon huge default judgments, which are on appeal. It such exceptional circumstances, a stay pending appeal of the Trustee Orders is particularly appropriate.

Further, the Trustee Orders are based upon the assumption that the order for relief was properly entered, which is at issue in the First Appeal. That assumption is incorrect. In deciding several issues of first impression, the Bankruptcy Court held that there is an irrebuttable presumption that a creditor's claim that is based upon a default judgment may not be in "bona fide dispute" under 11 U.S.C. §§ 303(b)(1) and 303(h)(1). The Bankruptcy Court relied upon a dated decision in *In re Drexler*, 56 B.R. 960 (Bankr. S.D.N.Y. 1986), while ignoring numerous more recent cases to the contrary.[1] Thus, the Chapter 11 case is proceeding and a trustee

---

[1] See, *Platinum Fin. Servs. Corp. v. Byrd (In re Byrd)*, 357 F.3d 433, 438 (4th Cir. 2004) ["While we recognize the general enforceability of unstayed judgments, *see, e. g., Drexler*, 56 B.R. at 967-68, the text of the Bankruptcy Code establishes no such hard-and-fast rule."]; *In re Soderberg & Schafer CPAS, LLC*, 2010 Bankr. LEXIS 2600, 2010 WL 3155818 (Bankr. N.D. Ohio Aug. 6, 2010) ["The court finds the reasoning in *Byrd* and *In re Henry S. Miller Commercial, LLC*, persuasive. Petitioner presented evidence that he holds an unstayed judgment

has now been appointed, when it is likely that the underlying order for relief will
be reversed in the First Appeal in which the Court has ordered that it be expedited.

## 2. Mr. Marciano Is Likely To Prevail.

### a. He Is Likely To Prevail In The First Appeal.

In bringing his emergency stay motion in the First Appeal, which was filed
on January 27, 2011, and in the supporting reply, which was filed on February 9,
2011, Mr. Marciano demonstrated that he was likely to prevail in that appeal, for
four reasons: (1) the Bankruptcy Court incorrectly precluded Mr. Marciano from
rebutting a presumption that the default judgments held by the petitioning creditors
and other creditors were not in bona fide dispute under 11 U.S.C. § 303, as shown
by the cases cited above; (2) it improperly denied a motion to suspend the case
under 11 U.S.C. § 305(a) based upon issues of first impression; (3) it erroneously
denied Mr. Marciano's motion to dismiss the case and to quash service upon him at
a residential address where he had not lived for months, especially because he also
was not residing in the United States at the time; and (4) it incorrectly precluded all
discovery on the bona fide dispute issues the issue of whether the involuntary

against Debtor. While not conclusive of the issue, this evidence creates a rebuttable
presumption that his claim is not the subject of a bona fide dispute.]; *In re Starlite
Houseboats, Inc.*, 426 B.R. 375, 383 (Bankr. D. Kan. 2010) ["The parties dispute
whether the default judgment was entered after effective service, and this Court
finds that such dispute is bona fide. Therefore the Court finds that H2O lacks
standing to be a petitioning creditor under § 303(b)(1) because there is a bona fide
dispute as to liability for the judgment."]; *In re Henry S. Miller Commercial, LLC*,
418 B.R. 912, 921-922 (Bankr. N.D. Tex. 2009) ["If there are objective
circumstances that might give rise to a bona fide dispute as to liability or amount
(*e.g.*, perhaps a default judgment where facts were not actually litigated; . . . then
having an unstayed judgment may not pass muster under Section 303."]; *In re
Graber*, 319 B.R. 374, 377-378 (Bankr. E.D. Pa. 2004) ["I am not persuaded that
the cases cited by Petitioners for the proposition that an unstayed judgment, even if
being challenged by appeal or as here by a motion to open or strike, can never be
the subject of a bona fide dispute. (Footnote omitted)  Rather the burden then shifts
to the Debtor to demonstrate the existence of a bona fide dispute"]; *In re Prisuta*,
121 B.R. 474, 475 (Bankr. W.D. Pa. 1990) ["It is possible, where circumstances so
dictate, for there to be a bona fide dispute even when the claim arises from an
unstayed, unappealed judgment of record."]

petition had been filed in bad faith, which in turn was based upon the incorrect premise that a petitioning creditor's bad faith may not be considered in granting an involuntary petition, but <u>only</u> may be considered for purposes of awarding damages under 11 U.S.C. § 303(i).

In denying the stay motion on February 9, this Court appeared to accept that Mr. Marciano had demonstrated a likelihood of success, given that its ruling did not specifically mention any failure to show a likelihood of prevailing on the merits. Mr. Marciano will not restate the detailed legal analysis made in emergency stay motion and in the supporting reply filed in the First Appeal. Instead, he incorporates that showing by reference. If the order for relief is likely to be reversed, then the Trustee Orders also are likely to be reversed. That is true for the simple reasons that Mr. Marciano's purported violations of filing requirements under F.R.B.P. 1007 upon entry of the order for relief will not have been a violation if the order for relief is reversed, thereby confirming that he was entitled to stand on his privacy rights until such time, if ever, that an order for relief is properly entered.

> **b.   Mr. Marciano Is Likely To Prevail On The Issue of Whether A Trustee Is In The "Interests" Of All Parties At This Stage Under 11 U.S.C. §§ 1104(a)(2) and (3).**

The appointment of a trustee was premature, while Mr. Marciano was waiting for a ruling of the BAP in the First Appeal on the order for relief, particularly in light of the lack of any showing that creditors will be harmed without a trustee.

Further, a Chapter 11 trustee is saved for exceptional circumstances, where it is clear that the appointment of the trustee is in the best interests of creditors <u>and</u> the estate. *Adams v. Marwil (In re Bayou Group, LLC),* 564 F.3d 541, 546 (2d Cir.

2009) ["appointment of a trustee in a Chapter 11 case is an 'extraordinary'
remedy."]  At hearing on March 4, however, the Bankruptcy Court did not appear
to weigh the extraordinary nature of the remedy of a trustee against what a trustee
would accomplish, although such a weighing is necessary, as noted by the Court in
*Cajun Elec. Power Coop. v. Central La. Elec. Co. (In re Cajun Elec. Power
Coop.),* 69 F.3d 746, 749 (5th Cir. 1995):

> "The appointment of a trustee pursuant to Section 1104(a)(1) is an
> extraordinary remedy, and there is a strong presumption that the
> debtor should be permitted to remain in possession absent a showing
> of need for the appointment of a trustee." [Emphasis added.]

At the March 4 hearing, the Bankruptcy Court relied on 11 U.S.C. §
1104(a)(1) in finding "cause" for the appointment of a trustee, but it did find not
"fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the
debtor."  Although not specifically articulated, the "cause" was the need to have
someone (now a trustee) investigating the "acts, conduct, assets, liabilities, and
financial condition of the debtor" under 11 U.S.C.§ 1106(a)(3), and filing
schedules, a statement of financial affairs, a creditor list and related documents
under 11 U.S.C. § 1106(a)(2), since Mr. Marciano had not yet done so.  At the
request of the U.S. Trustee in its joinder, which the Court declined to strike, the
Court also relied upon 11 U.S.C. § 1104(a)(3), which cross-references the grounds
for conversion of dismissal under § 1112 and permits the appointment of a trustee
if "the court determines that the appointment of a trustee or examiner is in the best
interests of creditors and the estate."   Section 1112(b)(4)(F) in turn includes an
"unexcused failure to satisfy timely any filing or reporting requirement established
by this title or by any rule applicable to a case under this chapter."

In essence, the Court held that if Mr. Marciano was not going to disclose his
private financial information until he had a ruling from the BAP in his pending

appeal from the December 28 Orders, it was going to appoint a trustee to see whether the trustee could find that financial information, as if there is an urgent need for it at this point. This determination was incorrect under 11 U.S.C. §§ 1104(a)(2) and (3).

Through counsel, Mr. Marciano asked the Court at the March 4 hearing about the practical consequences of the appointment of a trustee, given that Mr. Marciano is standing on his constitutional right of privacy. Simply stated, how soon -- if ever -- can a trustee assemble the information necessary to ascertain and disclose the detailed aspects of Mr. Marciano's financial condition, if Mr. Marciano does not provide that information to the trustee?

The remedy imposed by the Court is required to be in the "best interests of creditors and the estate" under § 1104(a)(3). Section 1104(a)(2), which the creditors invoked in their motion, similarly applies a standard of "the interests of creditors, any equity security holders, and other interests of the estate," rather than simply focusing on creditors. By the time the expedited appeal to the BAP is over, a trustee cannot reasonably be expected to discover and disclose Mr. Marciano's financial information in fulfilling his or her duties in any reliable manner. How will the "best interests of creditors and the estate" be served by a trustee who will incur great expense and who is likely to have little to show for it, simply because the creditors do not want to wait for the ruling from the BAP?

The point is that the appointment of a trustee at this time is not in the "best interests of creditors and the estate." It will result in huge costs, but to what practical end? When Mr. Marciano first asked the Court at hearing in July 2010 to suspend the case under 11 U.S.C. § 305(a), he predicted that huge expense would be incurred by the creditors and by himself and that significant judicial resources would be spent on the involuntary case, if the Court did not stay the case pending the resolution of the State Court appeals. The Court denied Mr. Marciano's

motion, and huge expenses and judicial resources were incurred.

When the order for relief was entered, Mr. Marciano renewed his motion under § 305(a). Again, he predicted that huge expense and judicial resources would be needlessly incurred, but his renewed motion was denied, and now those expenses and resources are being spent at an alarming rate. However, the rate at which they will be spent will increase exponentially as a trustee, the trustee's counsel, the trustee's accountants and the trustee's investigators commence the fulfillment of their statutory duties. This factor has been emphasized. In *Adams v. Marwil (In re Bayou Group, LLC),* 564 F.3d 541, 546-547 (2d Cir. 2009), the Court noted:

> "In determining whether a § 1104 appointment is warranted or in the best interests of creditors, the bankruptcy court must bear in mind that the appointment of a trustee 'may impose a substantial financial burden on a hard pressed debtor seeking relief under the Bankruptcy Code,' by incurring the expenditure of 'substantial administrative expenses' caused by further delay in the bankruptcy proceedings. See *Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc. (In re Anchorage Boat Sales, Inc.),* 4 B.R. 635, 644 (Bankr. S.D.N.Y. 1980)."

The same could be said in this case. The specter of huge expenditures of monies and judicial resources is not overstated.

Finally, the unfortunate fact is that the Court now has placed the trustee and his professionals in an impossible position. What will happen if the BAP reverses the order for relief, thereby mooting the appointment of the Chapter 11 trustee based upon the premises that (1) the order for relief was properly entered; (2) Mr. Marciano should have filed schedules and otherwise comply with applicable debtor in possession requirements; and (3) his failure to do so warranted a trustee? In all likelihood, the trustee will be dismissed at that point. And what will happen if the State Court of Appeals reverses the default judgments of the petitioning creditors and the five other creditors? The bankruptcy should be dismissed at that point.

The Court has placed the trustee and the trustee's professionals in the unfortunate position of having to incur very large fees and expenses, even though there is a possibility (indeed, a probability) that they will never be paid. It must be kept in mind that the petitioning creditors and the other five creditors have never argued that Mr. Marciano will lose the appeals. They never have contradicted his showing in that regard.

In *In re Focus Media, Inc.*, 378 F.3d 916 (9th Cir. 2004), for example, the creditors argued that the debtor's appeal from an order for relief was moot because the effect of the order could not be undone. The Court disagreed, finding that fees paid to the creditors' counsel could be ordered disgorged. *Id.*, at 924. If the trustee and the trustee's professionals have received any monies, that exact same result could occur in this case. But the more likely result will be that such uncertainty will cause them not to be quick to undertake huge expenses that may never be paid. That, of course, means that there will be little beneficial consequence to appointing a trustee at this time and, more importantly, that the appointment will not be in the "best interests of creditors and the estate."

In summary, appointment of a trustee was not in the best interests of the creditors and the estate under 11 U.S.C. §§ 1104(a)(2) and (3). A trustee and the professionals hired by him will be very expensive, if they try to fulfill their statutory duties, and it is highly unlikely the trustee will be able to meet his or her obligations in filing schedules, a statement of financial affairs, a creditor list, etc., especially by the time Mr. Marciano's appeal to the BAP from the order for relief is over. Practically speaking, a trustee will accomplish little, if anything, and a trustee will cause great expenses, that may be entirely unnecessary, and to what end? There has been no showing of an imminent need for Mr. Marciano's financial information.

c.    **Mr. Marciano Is Likely To Prevail On Whether "Cause" Was Shown Under 11 U.S.C. § 1104(a)(1).**

Section 1104(a)(1) authorizes the appointment of a trustee:

"for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;...."

The use of the word "including" admittedly means that "dishonesty, incompetence, or gross mismanagement of the affairs of the debtor" is not an exclusive list of what constitutes "cause" under § 1104(a)(1), but it is interpreted keeping in mind that: "'[T]he standard for § 1104 appointment is very high.'" *Adams v. Marwil (In re Bayou Group, LLC),* 564 F.3d at 546 [finding that "the U.S. Trustee has not met the 'very high' standard for a § 1104 appointment. The U.S. Trustee has not attempted to show that [debtor] has engaged in 'fraud, dishonesty, incompetence, or gross mismanagement.'"]

Although a flexible concept, the Bankruptcy Court stretched the notion of "cause" way beyond its limits. It must be in the nature of incompetence or dishonesty, but there was no showing of that by the moving parties and no finding of that by the Court on March 4. In affirming the denial of a trustee, the Court in *Schuster v. Dragone*, 266 B.R. 268, 272 (D. Conn. 2001), explained that there must be dishonesty or mismanagement that is more than simple mismanagement:

"Under subsection (1), the Bankruptcy Court's discretion is limited to a determination of whether 'cause' exists for such appointment, and such 'cause' must be in the nature of 'fraud, dishonesty, incompetence, or gross mismanagement' of the debtor by current management, either before or after the commencement of the case. 'The concepts of incompetence and dishonesty cover a wide spectrum of conduct and . . . the court has broad discretion in applying such concepts to show cause.' *Dalkon Shield Claimants*, 828 F.2d at 241.

Implicit in a finding of fraud, incompetence, or dishonesty, for purposes of subsection (1) is whether the evidence of the misconduct rises to a level sufficient to warrant the appointment of a trustee. *In re General Oil Distribs.*, 42 B.R. at 408-09. Moreover, 'since one would expect to find some degree of incompetence or mismanagement in most businesses which have been forced to seek the protection of chapter 11, the Court must find something more aggravated than simple mismanagement in order to appoint a trustee.' *In re Clinton Centrifuge*, 85 B.R. at 983-84; *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 644-45 (Bankr. E.D.N.Y. 1980)." [Emphasis added.]

The mere failure to file financial information and make financial disclosures is not "in the nature of 'fraud, dishonesty, incompetence, or gross mismanagement' of the debtor by current management." As such, the Bankruptcy Court improperly decided at hearing on March 4 that there was cause for appointment of a trustee. See also, *Altman v. Rafael Galleries, Inc. (In re Altman)*, 2000 U.S. Dist. LEXIS 16235, *17-18 (D. Conn. July 27, 2000) ["the examples of conduct following the word 'including' do not constitute the entire catalogue of 'good cause,' but rather are only illustrative of what type of conduct may constitute cause warranting appointment of a trustee." (Emphasis added).]

The notion of "cause" requires much more than simply examining the debtor's behavior. It also necessarily requires the Court to look at the "big picture," including what a trustee will cost and accomplish. Those factors are discussed above under 11 U.S.C. §§ 1104(a)(2) and (3), but they also must be considered under 11 U.S.C. § 1104(a)(1), as described by the Court in *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3d Cir. 2003), which rejected the appointment of a trustee under §1104(a)(1) because "appointing a trustee is too drastic a step," and which explained that the expense and delay of a trustee warranted that conclusion:

"The problem is that appointing a trustee amounts to replacing much of a debtor's high-level management, and that creates immense costs

in two ways. First, there is a statutory fee (which can be substantial) to which trustees are entitled for their services. See 11 U.S.C. §§ 326(a) (setting forth fee schedule), 330(a) (setting forth trustee's right to compensation); cf. 11 U.S.C. § 1107(a) (providing that debtors-in-possession are not entitled to statutory trustee's fees). [Footnote omitted.] More important, however, is the cost implicit in replacing current management with a team that is less familiar with the debtor specifically and its market generally. . . . . See Kenneth N. Klee & K. John Shaffer, *Creditors Committees Under Chapter 11 of the Bankruptcy Code*, 44 S.C. L. Rev. 995, 1045, 1049 (1993) (observing generally that 'the incremental costs' of a trustee usually 'outweigh[] the benefits,' and that 'maximization of value rarely lies down this path.')." [Emphasis added.]

It is not surprising that the cost and delay of a trustee is an important consideration in assessing the "interests" of all concerned parties, as well as in finding "cause" for appointment of a trustee. This is a factor that the Bankruptcy Court did not account for at the March 4 hearing.

The cases cited by the moving creditors in their motion for appointment of a trustee were instructive on the issue of whether the non-filing of schedules and reports constituted "cause" to appoint a trustee because they showed two things: (1) that a trustee may be appointed after a relatively long period of misconduct; and (2) much more than a mere short-term lack of financial disclosure is required for a trustee to be appointed, and there must be dishonesty or incompetence "in the nature of 'fraud, dishonesty, incompetence, or gross mismanagement' of the debtor by current management." *Schuster v. Dragone*, 266 B.R. at 272. See, *In re Cohoes Industrial Terminal, Inc.*, 65 B.R. 918, 919-921 (Bankr. S.D.N.Y. 1986) [5 months since case filing accompanied by "no real progress in this case"; "[t]he debtor has been operating without fire or liability insurance for the last 9 months"; "the debtor has not paid post-petition rent or mortgage charges"; and "[t]he conflicts of interest in this case abound."]; *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 522 (Bankr. E.D.N.Y. 1989) [1 year from filing accompanied by the

nondisclosure and "affirmative efforts to misrepresent or conceal such important matters" and post-petition transfers by the debtor without court approval under 11 U.S.C. § 363(b)]; *In re Paolino*, 60 B.R. 828, 829 (E.D. Pa. 1986) and *In re Paolino*, 53 B.R. 399, 400 (Bankr. E.D. Pa. 1985) [4 months since case filing accompanied by pre-petition criminal check-kiting scheme for a half a million dollars]; *In re Ford*, 36 B.R. 501, 502 (Bankr. W.D. Ky. 1983) [9 months since case filing accompanied by two pre-petition judgments finding fraud by the debtor, plus "[f]ailure to obtain permission for the transfer of estate assets;" "[f]ailure to obtain Court permission prior to making interest-free loans from estate assets to a wholly-owned, nonparty corporation;" "[f]ailure to recognize a duty to keep estate assets separate from assets of a corporation not subject to this Court's jurisdiction;" and "[u]se of transferred assets as his own to the detriment of his personal creditors."]; and *In re Horn & Hardart Baking Co.*, 22 B.R. 668, 669 (Bankr. E.D. Pa. 1982) [1 year since filing the case accompanied by "an unexplained loss in the amount of $127,321.00"; "the debtor has mishandled several transactions concerning the lease agreements"; "monthly operating statements which have been filed reflect a continuing operating loss"; and "the Court finds that the debtor is being mismanaged."]

In contrast, in this case the only showing made by the moving parties was a short-term failure to file schedules, the statement of financial affairs, and related documents and to comply with reporting requirements to the U.S. Trustee. As a matter of law, that alone was insufficient to warrant the appointment of a trustee.

### 3.   Mr. Marciano Will Suffer Irreparable Injury.

The very same factors that stand for the proposition that an order for relief in an involuntary bankruptcy is an appealable order, also require the conclusion that irreparable harm will occur to Mr. Marciano if a stay pending appeal is not immediately issued. As noted by the Ninth Circuit in *In re Mason*, 709 F.2d 1313,

1316, 1317 (9th Cir. 1983):

> "[W]e are convinced that orders for relief should be considered final for purposes of appeal because they 'may determine and seriously affect substantive rights' and 'cause irreparable harm to the losing party if he had to wait to appeal to the end of the bankruptcy case.'" . . . [¶] An order for relief, being a conclusive determination of the debtor's status as bankrupt, carries with it a great potential for irreparable injury if immediate appeal is not allowed. An order for relief effectively divests the debtor of his assets, creating an estate controlled by the bankruptcy court. [Citation omitted] . . . . During the administration of the estate the debtor's rights are limited. On entry of the order for relief he loses control of his assets, which may include a business. See 11 U.S.C. § 303(f). Once property of the estate is liquidated there appears to be no way the debtor can force bona fide purchasers to return the assets. [Citations omitted]" [Emphasis added.]

*Mason* suggests what could be irreparable harm. With the appointment of a trustee, it has come to pass. Mr. Marciano will be divested of his assets, which belong to his estate under 11 U.S.C. § 541 and which will be under the control of a trustee Court absent a stay pending appeal. Further, "[d]uring the administration of the estate," Mr. Marciano's rights will be "limited" and "he loses control of his assets." This irreparable injury must be stopped.

Further, as explained by the Court in *Zamora v. Virtue (In re Cont'l Coin Corp.),* 2009 U.S. Dist. LEXIS 74392, *29 (C.D. Cal. Aug. 21, 2009), potential litigation costs also are a consideration in granting a stay pending appeal:

> "[The Bankruptcy Court] also found that, without a stay, the Trustee would be harmed by the cost of litigating claims that may turn out to be non-cognizable as a matter of law. (ER 3063.) While litigation costs may not constitute irreparable harm, *Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S. Ct. 1028, 1040, 39 L. Ed. 2d 123 (1974), the bankruptcy court found that allowing Virtue's case to proceed would alter the status quo and harm administration of the bankruptcy case. (ER 3063.) Moreover, the litigation costs would not be borne by the Trustee alone, but would also lead to diminution of the estate and adversely affect distribution to other creditors. (ER

3063.). . . The Court concludes that a 'reasonable man [c]ould take the view adopted by the [bankruptcy court].' *In re Irwin*, 338 B.R. at 844. Therefore, the bankruptcy court did not abuse its discretion in issuing the stay." [Emphasis added.]

The same reasoning applies in this case. Like the trustee in *Continental Coin*, Mr. Marciano will have considerable expense in proceeding with the Chapter 11 case, which could be avoided if a stay is issued and the appellate court subsequently rules in favor of the appellant, who is Mr. Marciano in this case. Similarly, there will be cost to the "estate." Even if the BAP decides that the involuntary stay should not have been granted under § 303 and/or a stay of the case should have issued under § 305(a)(1), the cost to Mr. Marciano will deplete his assets, *i.e.,* his "estate," even if the bankruptcy is dismissed.

### 4.   No Anticipated Substantial Harm To Appellees.

It must be kept in mind under *In re Wymer* that the requirement is that "[n]o substantial harm will come to appellee." It is not enough that the harm be less than substantial. More importantly, it is not enough that substantial harm "may" come.

The appellees from the order appointing the trustee are creditors, and perhaps the U.S. Trustee. The creditors have succeeded in what they set out to do. An order for relief has been entered. Potential avoidance claims have been preserved, as has Mr. Marciano's estate. The "race to the court house" by the judgment creditors pursuing Mr. Marciano's assets has been prevented. A stay of the Chapter 11 case at this point will not cause any material harm, much less any "substantial harm," to the petitioning creditors because they have met their goals.

The petitioning creditors have speculated many times that Mr. Marciano might be doing something to render his assets unavailable. They imagine that his move to Canada in August 2009 must be improperly motivated. Yet, although it has been more than 16 months since petitioning creditors filed this case, they have failed to offer a shred of evidence to support their bare speculation. They

undoubtedly will argue that "substantial harm will come" to the petitioning creditors if a stay pending appeal is issued, but they have never offered any evidence to support a finding that the harm "<u>will</u> come," which is the standard. Instead, their speculation is that some sort of harm "might come," which does not satisfy the third criteria. And they certainly have not shown any evidence that suggests that "<u>substantial</u> harm" will come from a stay. Mr. Marciano is aware of no harm that will come to the petitioning creditors from a stay pending appeal.

Indeed, the inadmissible evidence submitted by the petitioning creditors in joining the motion for appointment of a trustee showed to the contrary. [Dkt. no. 219.] It showed that Mr. Marciano has not transferred the three real properties in Los Angeles that the petitioning creditors claim he owns through limited liability companies; that he has clearly disclosed his affiliations with Canadian entities that the petitioning creditors claim acquired properties in Montreal; and that he has hidden nothing about those transactions.

### 5.   No Harm To The Public Interest.

The cases discussing a stay under Rule 8005 often do not get to the last factor to discuss what "public interest" could be harmed by a stay pending appeal because appellants already have failed to satisfy one or more of the first three factors. Several recent cases are instructive in demonstrating that the "public interest" would be promoted by a stay, as opposed to being "harmed."

First, the Court in *SS Farms, LLC v. Sharp (In re SK Foods, L.P.),* 2010 U.S. Dist. LEXIS 46920 (E.D. Cal. May 11, 2010), addressed public interest in terms of preserving the purpose of the appeal. In that case, the appellants requested "a stay of the Bankruptcy Court's Order which gave Bankruptcy Trustee Bradley D. Sharp ('Trustee') the authorization to continue to possess and review information in his possession relating to the moving party farming entities." *Id.,* at *2. On appeal, the District Court issued a stay pending appeal. In discussing the fourth factor, it

stated: "the public interest is served in preserving the integrity of the right to appellate review since that right may be undermined if a stay is not forthcoming." * 12. The same reasoning applies here. If the trustee is allowed to proceed, what occurs can never be undone should the appellate court decided that the involuntary petition should not have been granted under 11 U.S.C. § 303(h) and/or that a stay of the involuntary case should have been issued under § 305(a).

Second, in *Zamora v. Virtue (In re Cont'l Coin Corp.),* 2009 U.S. Dist. LEXIS 74392, *30 (C.D. Cal. Aug. 21, 2009), the Court addressed public interest in terms of avoiding unnecessary costs: "the bankruptcy court found that a stay was in the public interest because 'going forward with the merits of the case while an appeal is pending on the very question of what is actionable . . . would be a serious waste of time, money, and judicial resources.'" As explained above, the same is true in this case.

Third, in *New Cingular Servs. v. Burkart (In re Wire Comm Wireless, Inc.),* 2008 U.S. Dist. LEXIS 58563, at *16 (E.D. Cal. Aug. 1, 2008), the Court focused on the impact on judicial resources: "Staying a potentially unnecessary adversary action in a bankruptcy court conserves judicial resources." The same is true here. The burden of Mr. Marciano's involuntary Chapter 11 case already has been significant to this Court. In the absence of a stay, the case will continue to demand the use of judicial resources at a time when the Court's load is heavy.

Fourth, the comments of Senator Baucus quoted in the Bankruptcy Court's December 28 Memorandum in support of the order for relief explain the policy of preventing the "stigma and expense" of an involuntary bankruptcy. [148 Cong. Rec. S.11,728 (daily ed., November 20, 2002).] That policy would be promoted by a stay of the order for relief pending appeal, given that without a stay the stigma and expense to Mr. Marciano resulting from him being unwillingly forced into bankruptcy and then having a trustee appointed will be inflicted upon him.

Mr. Marciano acknowledges that there is a competing public interest in terms of the efficient resolution of bankruptcy proceedings and the preservation of estate assets. Courts typically throw in a statement to that effect to bolster their decision to deny a stay pending appeal, as opposed to that public interest being a determinative factor. Moreover, that interest is less relevant or not relevant in this case for at least three reasons. First, the evidence does not suggest that this interest is implicated. Again, the petitioning creditors have speculated that a trustee is necessary because Mr. Marciano might be concealing assets, but they have never offered any evidence in that regard, which is to say that there is no evidence to suggest that there is any need for a trustee. Second, as described above, the Court in *Continental Coin* noted that the goal of a matter expeditiously proceeding on its merits was outweighed by the competing interests of precluding unnecessary expense when there is an "unsettled" issue of law at stake. In this case, the issues on appeal could not be more "unsettled" in the Ninth Circuit. Accord, *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 367 B.R. 516, 522 (Bankr. D. Del. 2007) ["While it is clearly not in the public interest to have cases languishing on court dockets for long periods of time, it is also not preferable to compel parties to go through the expense of preparing a case for trial when all of that preparation could be rendered moot by a reversal on an interlocutory appeal."] Third, the interest of efficient resolution of bankruptcy proceedings and the preservation of estate assets is only one among many competing public interests, most of which favor a stay.

## V.    CONCLUSION.

On March 8, 2011, Mr. Marciano filed the appeal from the Bankruptcy Court's March 7 order directing the appointment of a trustee, and the appeal was referred to the BAP on March 11, 2011. The appeal was assigned a case number and docketed by the BAP on March 21, 2011. Mr. Marciano has promptly filed

this motion seeking emergency relief in order to prevent irreparable harm that is already occurring as a result of the appointment of a Chapter 11 trustee. Based upon the foregoing, Mr. Marciano respectfully requests that the Court issue a permanent stay of the Trustee Orders pending resolution of this appeal and, in the interim, that the Court immediately issue a temporary stay pending appeal until the issue of whether a permanent stay should be issued is determined.

DATED: March 21, 2011          HILL, FARRER & BURRILL LLP


By: /s/ Daniel J. McCarthy
    Daniel J. McCarthy
Attorneys for Appellant/Involuntary
Debtor GEORGES MARCIANO

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

I further certify that I served the within document by either transmitting via **electronic mail** to the e-mail addresses set forth below on this date and/or addressed as set forth below by placing the document in a sealed **Federal Express** envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express for delivery the next business day.

**Via E-mail:**
Bradley E. Brook, Esq. - bbrook@bbrooklaw.com
Peter A. Davidson, Esq. - pdavidson@ecjlaw.com

**Via E-mail & Federal Express:**
Dare Law
Office of the US Trustee
725 S Figueroa St #2600
Los Angeles, CA 90017
Tel.: (213) 894-4925
Fax: (213) 894-2603
E-mail: dare.law@usdoj.gov

/s/ Hae Jung Park

BAP Case No. CC-11-1103
Bankruptcy Court Case No. 1:11-bk-10426-VK

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re GEORGES MARCIANO,

Involuntary Debtor.

GEORGES MARCIANO,
Appellant/Involuntary Debtor,

vs.

GARY ISKOWITZ, THERESA ISKOWITZ, CAROLYN MALKUS, CAMILLE
ABAT, MIRIAM CHOI, JOSEPH FAHS, STEVEN CHAPNICK and
ELIZABETH TAGLE,
Appellees.

## DECLARATION OF DANIEL J. McCARTHY
## IN SUPPORT OF EMERGENCY MOTION
## FOR STAY PENDING APPEAL OF ORDERS DIRECTING
## APPOINTMENT OF CHAPTER 11 TRUSTEE AND
## APPOINTING CHAPTER 11 TRUSTEE

Daniel J. McCarthy (SBN 101081)
Hill, Farrer & Burrill, LLP
300 S. Grand Avenue 37th Floor
Los Angeles, CA 90071-3147
Telephone: (213) 621-0802
Facsimile: (213) 624-4840
Attorneys for Appellant/Involuntary Debtor
Georges Marciano

## DECLARATION OF DANIEL J. McCARTHY

I, Daniel J. McCarthy, declare:

1.     I am an attorney law. I am duly qualified to practice before all courts of the State of California and all federal courts in the State of California, as well as certain other courts. I was admitted to the State Bar of California in 1981, and I have been a member in good standing since then. I am a partner at the law firm of Hill, Farrer & Burrill, LLP. I am counsel of record for involuntary debtor Georges Marciano in the involuntary Chapter 11 case filed against him. I also am counsel of record in the appeal pending before the Bankruptcy Appellate Panel ("BAP") from orders of the Bankruptcy Court that were entered in that Chapter 11 case and the Ninth Circuit from the BAP's order denying a stay pending appeal.

2.     Since late August 2009, I have been co-counsel for judgment debtor Georges Marciano in the cases in the Los Angeles Superior Court (the "State Court") entitled *Georges Marciano v. Joseph Fahs, et al.*, bearing case no. BC375824 (the "*Fahs* action"), and entitled *Georges Marciano, et al. v. Gary Iskowitz, et al.*, bearing case no. BC384493, which was consolidated with case no. BC385790 entitled *Gary Iskowitz, et al. v. Georges Marciano, et al.* (collectively, the "*Iskowitz* action"). Since October 2009, my firm also has been counsel of record in the appeals from the default judgments entered in the *Fahs* action and the *Iskowitz* action, and I am partially responsible for representing Mr. Marciano in connection with those appeals. The appeals in the *Fahs* action are pending before Division Two of the Second Appellate District of the California Court of Appeals, and those appeals are assigned nos. B218087, B215463, B216598 and B220011 (the "*Fahs* appeal"). The appeals in the *Iskowitz* action are pending before Division Three of the Second Appellate District of the California Court of Appeals, and those appeals are assigned nos. B216029 and B219558 (the "*Iskowitz* appeal").

3.     Georges Marciano filed two lawsuits in the Los Angeles County

2

Superior Court in August 2007 and January 2008 commencing the *Fahs* and *Iskowitz* actions. Almost all of the defendants in both lawsuits filed cross-complaints for defamation and related claims, such as infliction of emotional distress. Based upon discovery sanctions, Mr. Marciano's complaints in both lawsuits were stricken; his answers to the cross-complaints were stricken; and his defaults on the cross-complaints were entered. In the *Fahs* action, five default judgments were entered in favor of the defendants in late July 2009, although they later were reduced to a total of $205 million. In the *Iskowitz* action, one default judgment totaling $55 million was entered in August 2009 in favor of the three defendants.

    4.    Prior counsel for Mr. Marciano sought a stay of the default judgments from the State Court pending appeal, but was denied the stay because he could not post a bond of 1-1/2 times the $260 million in default judgments. Thereafter, some of the judgment holders attempted to enforce their judgments for a period of approximately two months. I was involved in dealing with those judgment collection efforts against Mr. Marciano.

    5.    Mr. Marciano promptly appealed all of the default judgments on various grounds, including that (1) discovery sanctions were improper for many reasons; (2) the trial judge failed in multiple ways to fulfill her gate-keeping function in connection with the default judgment prove-up by, for example, allowing evidence of numerous statements not even alleged in the cross-complaints and then awarding damages based on those statements, awarding damages on conduct that was plainly privileged under California Civil Code § 47 and on causes of action barred by the applicable statute of limitations, and allowing in evidence known by the judge and the defendants' lawyers to be false; (3) the default judgments were excessive, especially when contrasted with judgments in cases presenting more compelling defamation claims; and (4) the judge denied Mr.

Marciano due process by refusing to recuse herself despite name-calling and other statements by her showing demonstrable bias. These and other issues have been raised by Mr. Marciano in the briefs filed by him in the *Fahs* and *Iskowitz* appeals, which I was partially responsible for drafting.

6.      Mr. Marciano's appellant's opening brief in the *Iskowitz* appeal was filed with the Court of Appeal on July 30, 2010. Mr. Marciano did not request an extension of time to file that brief, although he made a motion to extend the word limit from 14,000 to 19,000 words, which was granted on July 21, 2010. A copy of his opening brief was filed with the Bankruptcy Court on August 13, 2010, as an attachment to Mr. Marciano's supplement to his motion for reconsideration [dkt. no. 116], and as an exhibit to the declaration of Dean E. Dennis [dkt. no. 125] filed on September 10, 2010, in opposition to the petitioning creditors' motion for summary judgment. Under California Rule of Court ("CRC") 8.212(a), the due date for respondents' opening brief in the *Iskowitz* appeal was 30 days later on August 29, 2010. On August 19, 2010, the respondents in that appeal filed a motion for a 60 day extension of time to file their respondents' brief. On August 23, 2010, Mr. Marciano filed an opposition due to Marciano's need to expeditiously pursue the appeal in light of the pending involuntary Chapter 11 case against him that is based upon the default judgments against him that are on appeal. On the same date the Court of Appeal issued an order extending the time to file the respondent's brief for 60 days to approximately October 29, 2010.

7.      On October 26, 2010, the respondents in the *Iskowitz* appeal filed a motion for an additional extension, which Mr. Marciano opposed by opposition filed on October 28, 2010. On November 1, 2010, the Court of Appeal granted the respondents an additional 30 days to approximately November 28, 2010, and stating that no further extensions would be allowed respondents. That brought their total time to file a respondents' brief to 120 days. The respondents in the

*Iskowitz* appeal then violated that deadline, which caused the Court of Appeal to send out a default notice on December 1, 2010, requiring them to file their brief within 15 days or have the appeal decided without their brief. Finally, on December 13, 2010, they filed their brief. Mr. Marciano obtained a short extension to file his reply brief due to the holidays, and his reply brief was filed on February 2, 2011.

8.     In the *Fahs* appeal, Mr. Marciano's opening brief was lodged on October 10, 2010, with an application for leave to file an oversized brief. On October 29, 2010, the Court of Appeal granted the application, filed Mr. Marciano's opening brief and ordered that respondents' brief be filed on January 31, 2011 (a ninety day briefing schedule). After waiting for most of the 90 days given by the Court to them to file their respondents' brief, on January 20, 2011, the defendants/respondents in the *Fahs* appeal filed a motion by which they sought to delay the appeal by requesting that the Court of Appeal strike Mr. Marciano's opening brief and order seven court reporters to assemble one consecutively-numbered reporters' transcript, which the lead reporter previously refused to do in response to the request of my office in July 2010. Mr. Marciano opposed the respondents' motion, but the Court of Appeal granted it on February 7, 2011. Once the consecutively numbered transcript is prepared, Mr. Marciano will need to re-file his opening brief with corrected page references and then the respondents' brief will be due in 30 days.

9.     On October 27, 2009, three petitioning creditors filed an involuntary Chapter 11 petition against alleged debtor Georges Marciano. Those three creditors held three of the five default judgments that are the subject of the *Fahs* appeal.

10.    On behalf of Mr. Marciano, I made a motion to dismiss the involuntary petition on grounds of insufficient process and lack of personal

jurisdiction because he had been served by mail at a residence in Beverly Hills
where he had not resided for almost three months and because he had not even
resided in the United States for more than two months at the time of attempted
service by mail. The motion also was based on the grounds that a claim could not
be stated because certain provisions of Chapter 11 applicable to individuals are
unconstitutional. The motion was denied at hearing on January 13, 2010, by Judge
Richard Neiter, who was sitting in for Judge Victoria Kaufman. [Dkt. no. 90.] I
attended that hearing.

      11.    When Judge Kaufman returned from leave, she held a status
conference on April 8, 2010. I attended that status conference. Despite the Court's
negative reaction at the initial status conference to the possibility of staying the
involuntary bankruptcy case while the State Court appeals proceeded, on April 26,
2010, on behalf of Mr. Marciano filed a motion to suspend the involuntary Chapter
11 case under 11 U.S.C. § 305(a) on grounds that the case should be dismissed or
stayed until the State Court appeals were resolved, rather than proceeding with an
involuntary case filed by three petitioning creditors whose excessive default
judgments were on appeal. [Dkt. no. 57.] That motion was denied by order
entered on July 2, 2010, which is one of the orders on appeal. [Dkt. no. 102.]

      12.    Despite the Court's negative reaction to Mr. Marciano's desire to take
discovery, on his behalf I propounded interrogatories, propounded document
requests and noticed depositions shortly after the April 8, 2010 status conference,
but the petitioning creditors refused to respond and to appear for deposition. On
May 13, 2010, on behalf of Mr. Marciano I filed a motion for terminating sanctions
or, alternatively, to compel discovery responses, the production of documents and
depositions from the petitioning creditors [dkt. no. 68], which was granted in part
at hearing on July 2, 2010. [Dkt. no. 101.] What was granted at that hearing,
however, was taken away at hearing on July 15, 2010, when the Bankruptcy Court

ordered that no discovery would occur in the case by any party until after the Court determined the summary judgment motions. [Dkt. no. 121.]

13. On July 8, 2010, on behalf of Mr. Marciano filed a motion for reconsideration of the Court's order denying his motion to suspend the case under 11 U.S.C. § 305(a). [Dkt. no. 105.] The petitioning creditors' opposition was filed on September 17, 2010. [Dkt. no. 138.] Mr. Marciano's reply was filed a week later. [Dkt. no. 140.] The motion was not heard by the Court until December 2, 2010, when it was denied at the hearing that I attended, and the order was entered on December 29, 2010. [Dkt. no. 164.] That order also is on appeal.

14. On July 14, 2010, the petitioning creditors filed a motion for summary judgment and supporting papers [dkt. nos. 107-113], which Mr. Marciano opposed. [Dkt. nos. 122-127.] Mr. Marciano's opposition included a cross-motion for summary judgment. [*Id.*] That opposition was the first brief filed by Mr. Marciano in which he fully addressed whether the petitioning creditors claims were in bona fide dispute because they were based on default judgments that were on appeal, which should be reversed. The petitioning creditors' reply papers were filed on September 21, 2010. [Dkt. nos. 133-137.]

15. At hearing on October 1, 2010, the Court continued the hearing until October 28, 2010, on the petitioning creditors' motion for summary judgment, Mr. Marciano's cross-motion for summary judgment, and Mr. Marciano's motion for reconsideration of the order denying his prior motion to dismiss or stay the case under 11 U.S.C. § 305(a). The Court ordered petitioning creditors and Mr. Marciano to file supplemental papers, which was done. [Dkt. no. 142, 144-150, 151-155.]

16. On its own motion, the Court continued the October 28 hearing to December 2, 2010.

17. At approximately 9:30 p.m. on December 1, 2010, the Court posted a

7

35 page tentative ruling on the matters scheduled for the next day.  I was checking the tentative ruling throughout the day, and first saw it at approximately 10:00 p.m. on December 1.  The next morning, I arrived at work early and spent approximately four hours carefully reading the ruling and preparing for the hearing, although I did not have time to read the legislative history surrounding the history cited in the tentative ruling and I did not have time to read any of the 11 new cases cited in the tentative ruling, although I was able to briefly scan two of the cases.

18.   On December 2, 2010, at 1:30 p.m., at hearing on the pending motions, I requested that the Court postpone the hearing for a short time to permit Mr. Marciano's counsel to review the new cases cited by the Court in the tentative ruling and the three citations to the legislative history, which also had not been previously cited by the parties.  The Court declined that request and proceeded with the hearing.

19.   In opposition to the petitioning creditors' summary judgment motion and at the December 2 hearing, on behalf of Mr. Marciano I also requested that the Court permit Mr. Marciano an opportunity to conduct discovery on the issues of whether the petitioning creditors' default judgments were in bona fide dispute and whether the involuntary petition had been filed in bad faith.  The Court also denied that request.

20.   At the conclusion of the December 2 hearing, the Court ruled that the petitioning creditors' motion for summary judgment was granted, Mr. Marciano's cross-motion for summary judgment was denied, and Mr. Marciano's motion for reconsideration of the order denying a stay of the involuntary case also was denied.

21.   On December 28, 2010, the Court entered its "Order (1) Granting Petitioning Creditors' Motion for Summary Judgment for the Entry of an Order for Relief Under Chapter 11 of Title 11 of the United States Code against Georges

Marciano, and (2) Denying Georges Marciano's Cross-Motion for Summary Judgment" [dkt. no. 159] and also entered the related "Order for Relief in the Instant Title 11 Case Against Georges Marciano" [dkt. no. 161] (collectively, the "December 28 Orders").

22.     On December 28, 2010, the Court also entered its 31-page Memorandum of Decision, which was consistent with its tentative ruling on December 1. [Dkt. no. 160.]

23.     On December 29, 2010, the Court entered its "Order Denying Motion for Reconsideration of Order Denying Motion to Dismiss or Stay Involuntary Chapter 11 Case." [Dkt. No. 164]. By that Order, it denied Mr. Marciano's motion for reconsideration of the Court's prior order denying his motion to stay the case under 11 U.S.C. § 305(a), which had been filed on July 8, 2010. [Dkt. no. 105.]

24.     On December 29, 2010, on behalf of Mr. Marciano, I filed two documents. One was a motion for reconsideration of the Court's December 28 Orders granting petitioning creditors' motion for summary judgment, denying Mr. Marciano's cross-motion, and issuing an order for relief, and the related Memorandum of Decision. [Dkt. no. 162.] The second was an ex parte application for a 30-day temporary stay of the order for relief to allow the motion for reconsideration to be determined and, if denied, to allow a motion for stay pending appeal to be determined. [Dkt. no. 163.]

25.     On January 6, 2011, on behalf of Mr. Marciano, I filed a motion for reconsideration [dkt. no. 171] regarding the Court's December 29, 2010 order [dkt. no. 164] denying his prior motion for reconsideration of the Court's order denying his motion to stay the case under 11 U.S.C. § 305(a).

26.     Mr. Marciano's two motions for reconsideration were denied by orders entered on January 10, 2011. [Dkt. nos. 179 and 180.] The ex parte application for a temporary 30-day stay impliedly was ruled upon on January 24,

2011, as part of an order partially granting a similar motion, as described below.

27.     On January 4, 2011, on behalf of Mr. Marciano, I filed a notice of appeal from the December 28 Orders; the related December 28 Memorandum of Decision; the December 29 order denying the July 8 motion for reconsideration; and four prior interlocutory orders that became subject to appeal upon entry of the order for relief. [Dkt. no. 169.] The appeal was referred to the BAP on January 5, 2011 [dkt. no. 170], and it has been docketed as BAP case no. 11-1008. Mr. Marciano's opening brief was due on February 22, 2011, and was filed on that date.

28.     On January 10, 2011, on behalf of Mr. Marciano, I filed an amended notice of appeal [dkt. no. 181] that added the two January 10, 2011 orders denying his two motions for reconsideration that were entered earlier that day.

29.     On January 11, 2011, I filed an emergency motion requesting that the Court extend Mr. Marciano's time by 30 days to file his schedules, statement of financial affairs, etc., and to otherwise comply with applicable requirements. [Dkt. no. 182.] On January 11, 2011, the Court issued an order extending his time only 14 days until January 25, 2011. [Dkt. no. 185 in case no. 09-39630.]

30.     On January 11, 2011, on behalf of Mr. Marciano, I filed an emergency motion with the Bankruptcy Court by which he again requested that the Court issue a 30-day temporary stay of the December 28 Orders. The petitioning creditors filed an opposition on January 21. Later that day, I filed a supporting reply. By that motion Mr. Marciano also requested a suspension of the case under 11 U.S.C. § 305(a), now that the order for relief had been entered, and a stay pending appeal of the December 28 Orders. The motion was heard on January 24, 2011. I attended the hearing. On January 25, 2011, the Bankruptcy Court issued a temporary stay to enable Mr. Marciano to seek a stay pending appeal from the Bankruptcy Appellate Panel or from the District Court, if the appeal was

transferred there. [Docket no. 205.] By its terms, the stay was to expire upon the BAP entering its order denying the emergency stay motion on February 9, 2011. In granting the temporary 30-day stay, the Bankruptcy Court acknowledged the "unsettled" state of the law on issues of first impression, which are described below, but the Court declined to issue a stay of the December 28 Orders pending appeal pursuant to Rule 8005, choosing instead to leave that determination to the Bankruptcy Appellate Panel.

31.     On January 25, 2011, the Bankruptcy Court also issued an order extending Mr. Marciano's time to file his schedules, statement of financial affairs and other documents required by applicable law until 7 days after the BAP denied a stay pending appeal. [Dkt. no. 203.] Given that the stay was denied by the BAP on February 9, the extended due date was February 16, 2011, unless the Ninth Circuit entered a stay pending appeal. However, I understood that the spirit of the January 25, 2011 order was to extend Mr. Marciano's time until after the Ninth Circuit also had ruled on a request for a stay pending appeal, although at hearing on March 4, 2011, the Bankruptcy Court informed me that it only intended to allow Mr. Marciano time to seek a stay from the BAP or District Court, but not the Ninth Circuit.

32.     On January 27, 2011, on behalf of Mr. Marciano, I filed an emergency motion with the BAP by which he requested that the Court issue a stay of the December 28 Orders pending appeal. The petitioning creditors' opposition was filed on Friday, February 4, 2011. I filed a reply for Mr. Marciano in February 9, 2011. Within hours of the reply being filed on February 9, the BAP issued its order denying the emergency motion. Although I raised the issue of the Bankruptcy Court's loss of jurisdiction in the motion, the BAP did not comment on that.

33.     On February 8, 2011, I filed a second amended notice of appeal with

the Bankruptcy Court, which added the January 25 "Order Granting Temporary
Stay, But Denying Stay Pending Appeal of (1) Order Granting Petitioning
Creditors' Motion for Summary Judgment, and (2) Order for Relief" [docket no.
205], which was entered on January 25, 2011.

34.     On February 10, 2011, I filed a notice of appeal of the BAP's
February 9 order and then prepared the emergency motion for stay pending appeal
to file with the Ninth Circuit. The BAP delayed in referring the appeal to the Ninth
Circuit. As of February 16 – the extended due date for the filing of schedules and
the statement of financial affairs and compliance with other applicable
requirements – the appeal still had not been referred.

35.     On the morning of February 16, my secretary and I both spoke to the
BAP clerk (Patty) who is responsible for referring the appeals filed with the BAP
to the Ninth Circuit, which was necessary so the appeal could be assigned a case
number. She said she only works on Wednesdays to Fridays and that she had not
been in to take care of it. I informed her that I was waiting for the matter to be
referred so that I could file an emergency motion with the Ninth Circuit, and I
asked her if she could get the appeal referred as soon as possible. She said she
would take care of it as soon as she could get to it, perhaps that day or the next day.

36.     The appeal finally was referred by the BAP to the Ninth Circuit on
February 17, 2011. When the case was assigned a number on February 18, I
caused the emergency motion for a stay, the Appendix and a supporting declaration
to be filed hours later on February 18 with the Ninth Circuit. Once the appeal to the
Ninth Circuit was assigned a case number, on February 18, on behalf of Mr.
Marciano I filed an emergency motion for stay pending appeal with the Ninth
Circuit by which he requested a stay of the order for relief. The motion explained
that he was threatened with irreparable injury in that, *inter alia*, he would be forced
to waive his privacy rights by disclosing his complete financial condition in

schedules, a statement of financial affairs and other documents that he was required to file under Federal Rule of Bankruptcy Procedure 1007(b); by fulfilling the obligations imposed upon him by the Office of the U.S. Trustee; and by testifying at a meeting of creditors about his financial condition. His only alternative was to stand on his constitutional privacy rights and thereby risk the equally damaging alternative of a Chapter 11 trustee being appointed, resulting in control of his assets being taken away and possibly sold. He also explained that the petitioning creditors would face no substantial harm from a stay pending appeal given that there was no evidence that Mr. Marciano was diverting or concealing assets. In both his emergency motion and in his supporting reply brief, he explained why the Ninth Circuit had jurisdiction over the appeal from the BAP's denial of a stay pending appeal.

37.     The Ninth Circuit entered an order on February 24, 2011, denying Mr. Marciano's motion for stay pending appeal, citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court also stated that it "may lack jurisdiction over the appeal because it seeks review of an interlocutory order by the Bankruptcy Appellate Panel." The Ninth Circuit did not address the threshold argument that the Bankruptcy Court lost jurisdiction to proceed when Mr. Marciano appealed from the order for relief. It ordered Mr. Marciano to move for voluntary dismissal of the appeal or to show cause why it should not be dismissed for lack of jurisdiction within 21 days of the order. On March 16, 2011, I filed the brief required by the Ninth Circuit, which explained the Court's appellate jurisdiction under 28 U.S.C. § 1292 (a)(1) and which included a renewed request that the Ninth Circuit issued stay pending appeal due to the fact that it does have jurisdiction over the appeal from the BAP's order denying a motion for stay pending appeal.

38.     When the Ninth Circuit declined a stay pending appeal, Mr. Marciano chose to stand on his constitutional rights of privacy, and declined to file

schedules, a statement of financial affairs and other documents that he was required to file under Federal Rule of Bankruptcy Procedure 1007(b), and to fulfill the obligations imposed upon him by the Office of the U.S. Trustee. As a result, on March 1, 2011, certain creditors filed a motion for appointment of a Chapter 11 trustee and a related application for order shortening time for hearing on the motion based upon Mr. Marciano's failure to make financial disclosures. [Dkt. no. 213.] On March 2, 2011, the Court set the motion for hearing on March 4, 2011. [Dkt. no. 214.] The motion was joined by the U.S. Trustee and the petitioning creditors. Dkt. nos. 217 and 219.] Over Mr. Marciano's opposition [dkt. no. 218], the motion was granted at hearing on March 4, which I attended. On March 7, the Court entered its "Order Directing the Appointment of a Chapter 11 Trustee" [dkt. no. 221] (the "March 7 Order").

39. On March 8, 2011, on behalf of Mr. Marciano I filed a notice of appeal to the BAP from the Trustee Order. [Dkt. no. 222.] On March 9, 2011, on behalf of Mr. Marciano, I filed a motion for stay pending appeal of the Trustee Order with the Bankruptcy Court [dkt. no. 223], which it denied by order entered on March 11, 2011. [Dkt. no. 228.]

40. On March 11, 2011, the Bankruptcy Court entered an order appointing the Chapter 11 trustee designated by the Office of United States Trustee. [Dkt. no. 226.] On March 14, Mr. Marciano filed an amended notice of appeal to the BAP, which added that order and the March 11 order denying his motion for stay pending appeal. [Dkt. no. 234.]

41. On March 11, 2011, I received notice that the Bankruptcy Court had referred the appeal to the BAP that day. I subsequently checked periodically on PACER for a case number for the appeal. [Dkt. nos. 229 and 230.] Ten days later, on March 21, 2011, I still had not received notice from the BAP that the appeal had been docketed, so I had my secretary call the BAP clerk. She was told that the

14

BAP had received the appeal and had assigned it case number CC-11-1103, but that it had not docketed the appeal yet. She was told to wait at least a half hour so the appeal could be docketed and then we could e-file the documents relating to the motion for stay pending appeal.

42. The Court-appointed trustee (David Gottlieb) has hired the law firm of Pachulski, Stang, Ziehl & Jones to represent him in Mr. Marciano's Chapter 11 case, subject to Court approval. The both indicated as recently as March 15, 2011, in a telephone conversation with me that the trustee intends to proceed with fulfilling his statutory duties to the Chapter 11 estate, regardless of the potential risk of nonpayment if the order for relief were to be reversed.

The foregoing is within my personal knowledge. I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 21, 2011.

/s/ Daniel J. McCarthy
Daniel J. McCarthy

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

I further certify that I served the within document by either transmitting via **electronic mail** to the e-mail addresses set forth below on this date and/or addressed as set forth below by placing the document in a sealed **Federal Express** envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express for delivery the next business day.

**Via E-mail:**
Bradley E. Brook, Esq. - bbrook@bbrooklaw.com
Peter A. Davidson, Esq. - pdavidson@ecjlaw.com

**Via E-mail & Federal Express:**
Dare Law
Office of the US Trustee
725 S Figueroa St #2600
Los Angeles, CA 90017
Tel.: (213) 894-4925
Fax:  (213) 894-2603
E-mail:  dare.law@usdoj.gov

/s/  Hae Jung Park

BAP Case No. CC-11-1103
Bankruptcy Court Case No. 1:11-bk-10426-VK

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re GEORGES MARCIANO,

Involuntary Debtor.

GEORGES MARCIANO,
Appellant/Involuntary Debtor,

vs.

GARY ISKOWITZ, THERESA ISKOWITZ, CAROLYN MALKUS, CAMILLE
ABAT, MIRIAM CHOI, JOSEPH FAHS, STEVEN CHAPNICK and
ELIZABETH TAGLE,
Appellees.

## APPELLANT'S APPENDIX IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL OF ORDERS DIRECTING APPOINTMENT OF CHAPTER 11 TRUSTEE AND APPOINTING CHAPTER 11 TRUSTEE

Daniel J. McCarthy (SBN 101081)
Hill, Farrer & Burrill, LLP
300 S. Grand Avenue 37th Floor
Los Angeles, CA 90071-3147
Telephone: (213) 621-0802
Facsimile: (213) 624-4840
Attorneys for Appellant/Involuntary Debtor
Georges Marciano

In compliance with BAP Rule 8011(d)-1, appellant/involuntary debtor Georges Marciano submits a conformed copy of the following documents in support of his "Emergency Motion for Stay Pending Appeal of Orders Directing Appointment of Chapter 11 Trustee and Appointing Chapter 11 Trustee," as required by that rule:

| Exh. | Document: | Page |
|------|-----------|------|
| 1. | "Notice of Appeal" filed on March 9, 2011. | 005-015 |
| 2. | "Amended Notice of Appeal" March 14, 2011. | 016-039 |
| 3. | "Order Directing the Appointment of a Chapter 11 Trustee," which was entered on March 7, 2011. | 040-045 |
| 4. | "Order Approving Appointment of a Chapter 11 Trustee, " which was entered on March 11, 2011. | 046-052 |
| 5. | "Order Denying Motion for Temporary Stay and for Stay Pending Appeal of Order Directing the Appointment of a Chapter 11 Trustee," entered on March 11, 2011.  Pursuant to BAP Rule 8001(d)-1(c)(3), appellant states that this Order briefly describes the grounds for the Bankruptcy Court's denial of his stay motion as follows: "Debtor has not demonstrated that he is entitled to a temporary stay or stay pending appeal under the factors enunciated in *In re Wymer*, 5 B.R. 802 (9th Cir. BAP 1980).  In particular, it appears that: (1) Debtor is not likely to succeed on the merits of the appeal; (2) Debtor will not suffer irreparable injury absent a stay; (3) the stay would prejudice the appellees; and (4) the stay would do harm to the public interest." No further explanation is provided for the Court's | 053-057 |

| | conclusions, and no hearing was held on the stay motion. | |
|---|---|---|
| 6. | "Motion for Temporary Stay and for Stay Pending Appeal of Order Directing the Appointment of a Chapter 11 Trustee; Memorandum of Points and Authorities; Declaration of Daniel J. McCarthy," filed on March 10, 2011. | 058-094 |

DATED: March 21, 2011                    HILL, FARRER & BURRILL LLP


                                          By: /s/ Daniel J. McCarthy
                                              Daniel J. McCarthy
                                          Attorneys for Appellant/Involuntary
                                          Debtor GEORGES MARCIANO

3

# CERTIFICATE OF SERVICE

I hereby certify that on <u>March 21, 2011</u>, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I further certify that parties of record to this appeal who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that I served the within document by either transmitting via **electronic mail** to the e-mail addresses set forth below on this date and/or addressed as set forth below by placing the document in a sealed **Federal Express** envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express for delivery the next business day.

**<u>Via E-mail:</u>**
Bradley E. Brook, Esq. - bbrook@bbrooklaw.com
Peter A. Davidson, Esq. - pdavidson@ecjlaw.com

**<u>Via E-mail & Federal Express:</u>**
Dare Law
Office of the  US Trustee
725 S Figueroa St #2600
Los Angeles, CA 90017
Tel.: (213) 894-4925
Fax:  (213) 894-2603
E-mail:  dare.law@usdoj.gov

/s/ Hae Jung Park

**EXHIBIT 1**

| Attorney or Appellant, Address, Telephone & FAX Numbers, and California State Bar Number<br>Daniel J. McCarthy (SBN 101081)<br>Hill, Farrer & Burrill, LLP<br>300 South Grand Avenue<br>37th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 621-0802          Fax: (213) 624-4840<br>Attorney for Appellant  Debtor in Possession Georges Marciano | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:  GEORGES MARCIANO, <br> <br>Debtor(s). | |
|---|---|
| Last four digits of Social Security Number(s): | CHAPTER:  11 <br> CASE NUMBER: 1:11-bk-10426-VK |
| Employer's Tax Identification No(s) [if any]: | ADVERSARY NUMBER: <br> [Former case no. 2:09-bk-39630-VK] |

## NOTICE OF APPEAL

1. NOTICE IS HEREBY GIVEN that the *(check only one box)* ☐ plaintiff ☐ defendant or ☒ other party
   *(specify name of party)* <u>Georges Marciano, debtor in possession</u> , appeals under 28 U.S.C.
   § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge *(describe judgment, order, or decree)*
   <u>Order Directing The Appointment of A Chapter 11 Trustee</u> entered in this adversary proceeding or other proceeding
   *(describe other proceeding)* <u>the Chapter 11 case</u> on the
   <u>7th</u> day of <u>March</u> , *(year)* <u>2011</u> .
   Copy of Order attached

2. The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and
   fax numbers of their respective attorneys are as follows *(print or type names, addresses, telephone, and fax numbers)*:
   **See Exhibit A hereto**

*(Continued on next page)*

# EXHIBIT 1

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 53 of 146   Page ID #:87
Case: 11-1103   Document: 009174986   Filed: 03/21/2011   Page: 3 of 12

Case 1:11-bk-10426-VK   Doc 222   Filed 03/08/11   Entered 03/08/11 08:28:30   Desc
Main Document   Page 2 of 11
Notice of Appeal - Page 2

FORM 17

| In re GEORGES MARCIANO, | CHAPTER: 11 |
|---|---|
| Debtor(s), | CASE NUMBER: 1:11-bk-10426-VK |

HILL, FARRER & BURRILL, LLP

Dated: March 8, 2011

/s/ Daniel J. McCarthy

*Signature (Attorney for Appellant or Appellant if not represented by an Attorney)*

Attorney for Appellant Georges Marciano

Daniel J. McCarthy (SBN 101081)
*Attorney Name*

300 S. Grand Ave., 37th Floor
*Address* Los Angeles, CA 90071

Tel.: (213) 621-0802
*Telephone Number*

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this Notice of Appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

## EXHIBIT A TO NOTICE OF APPEAL

The names of all parties to the judgment, order, or decree appealed from and names, address, telephone, fax numbers and email addresses of their respective attorneys are as follows:

| Parties to appeal | Attorneys for Parties |
|---|---|
| Georges Marciano, debtor in possession and appellant | Daniel J. McCarthy<br>Hill, Farrer & Burrill, LLP<br>300 South Grand Ave., 37th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 621-0802<br>Fax:  (213) 624-4840<br>email: dmccarthy@hillfarrer.com |
| Steven Chapnick, Joseph Fahs and Elizabeth Tagle, petitioning creditors and respondents | Bradley E. Brook<br>Law Offices of Bradley E. Brook<br>11500 W. Olympic Blvd., Suite 400<br>Los Angeles, CA  90064<br>Tel: (310) 839-2004<br>Fax: (310) 945-0022<br>email: bbrook@bbrooklaw.com |

| | |
|---|---|
| Gary Iskowitz, Theresa Iskowitz, Carolyn Malkus, Camille Abart and Miriam Choi, creditors and respondents | Peter A. Davidson<br><br>Ervin, Cohen & Jessup LLP<br><br>9401 Wilshire Boulevard, 9th Floor<br><br>Beverly Hills, CA 90212-2974<br><br>Tel. (310) 273-6333<br><br>Fax: (310) 859-2325<br><br>email: pdavidson@ecjlaw.com |
| Office of United States Trustee, respondent | Dare Law<br><br>Office of United States Trustee<br><br>725 South Figueroa Str., #2600<br><br>Los Angeles, CA 90017<br><br>Tel.: (213) 894-6811<br><br>Fax: (213) 894-2603<br><br>email: dare.law@usdoh.gov |

1 | Peter A. Davidson (SBN 76194)
  | *pdavidson@ecjlaw.com*
2 | ERVIN, COHEN & JESSUP LLP
  | 9401 Wilshire Boulevard, Ninth Floor
3 | Beverly Hills, California 90212-2974
  | Telephone (310) 273-6333
4 | Facsimile (310) 859-2325

5 | Attorneys for Gary and Theresa Iskowitz,
  | Carolyn Malkus, Miriam Choi and Camille Abat

```
┌─────────────────────────────────┐
│        FILED & ENTERED          │
│                                 │
│          MAR 07 2011            │
│                                 │
│    CLERK U.S. BANKRUPTCY COURT   │
│    Central District of California│
│    BY harraway DEPUTY CLERK     │
└─────────────────────────────────┘
```

CHANGES MADE BY COURT

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:11-bk-10426-VK |
| GEORGES MARCIANO, | Chapter 11 |
| Debtor. | **ORDER *DIRECTING* THE APPOINTMENT OF A CHAPTER 11 TRUSTEE** |
| | Date: March 4, 2011 |
| | Time: 2:00 p.m. |
| | Place: Crtrm. 301 |

The motion of Creditors, Gary and Theresa Iskowitz, Carolyn Malkus, Miriam Choi and Camille Abat, for an order appointing a Chapter 11 Trustee in this case came on for hearing, having been duly noticed, on March 4, 2011 at 2:00 p.m. in Courtroom 301 of the above-entitled Court, the Court having previously entered the order shortening time for a hearing on the motion. The Court having reviewed the motion, the opposition filed by Georges Marciano, the joinder in the motion filed by the United States Trustee, having heard argument of counsel, and for the reasons stated on the record at the hearing and good cause appearing therefor,

IDOCS:13694.1;1163414.1

1

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 57 of 146   Page ID #:91
Case: 11-1103   Document: 009174986   Filed: 03/21/2011   Page: 7 of 12

Case 1:11-bk-10426-VK   Doc 222   Filed 03/08/11   Entered 03/08/11 08:28:30   Desc
Case 1:11-bk-10426-VK   Main Document   Filed 03/07   Page Entered 03/07/11 12:57:07   Desc
Main Document   Page 2 of 6



1  IT IS ORDERED,

2     1.    The Motion is granted.

3     2.    The United States Trustee shall appoint a Chapter 11 Trustee in this case.

4                # # #

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  DATED: March 7, 2011

25

26

27

28

IDOCS:13694.1:1183414.1                                  2.

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Case 2:11-cv-04779-AHM  Document 3  Filed 06/06/11  Page 58 of 146  Page ID #:92
Case: 11-1103  Document: 009174986  Filed: 03/21/2011  Page: 8 of 12

Case 1:11-bk-10426-VK  Doc 222  Filed 03/08/11  Entered 03/08/11 08:28:30  Desc
Case 1:11-bk-10426-VK  Main Document  Filed 03/07/11  Entered 03/07/11 12:57:07  Desc
                       Main Document  Page 3 of 6

| 1 | In re:                                                      | CHAPTER 11                          |
|   | **GEORGES MARCIANO,**                                      |                                     |
| 2 |                                            Debtor(s).       | **CASE NUMBER: 1:11-bk-10426-VK**   |

**3**  NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**4**

**5**  ### PROOF OF SERVICE OF DOCUMENT (ORDER/JUDGMENT)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212-2974.

**6**

**7**  A true and correct copy of the foregoing document described as [PROPOSED] ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**8**

**9**  I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**10**

**11**

**12**                          ☐    Service information on attached page

**13**  II.  SERVED BY U.S. MAIL AND/OR OVERNIGHT MAIL:  On March 4, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**14**

**15**  Bankruptcy Judge        (by Overnight Mail)
Hon. Victoria Kaufman
U.S. Bankruptcy Court / San Fernando Valley
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367

**16**

**17**

**18**                          ☒    Service information on attached page

**19**  III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**20**

**21**

**22**                          ☐    Service information on attached page

**23**  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**24**

**25**  March 4, 2011              Lore Pekrul              /s/ Lore Pekrul
        Date                     Type Name               Signature

**26**

**27**

**28**

IDOCS:13694.1:1183414.1                    3
                ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 59 of 146   Page ID #:93
Case: 11-1103   Document: 009174986   Filed: 03/21/2011   Page: 9 of 12

Case 1:11-bk-10426-VK   Doc 222   Filed 03/08/11   Entered 03/08/11 08:28:30   Desc
Case 1:11-bk-10426-VK   Main Document   Filed 03/07/11   Entered 03/07/11 12:57:07   Desc
Main Document   Page 4 of 6

1

II. **SERVED BY U.S. MAIL:**

2

**Counsel to Debtor Georges Marciano**

3   Daniel J. McCarthy, Esq.
Hill, Farrer & Burrill LLP

4   One California Plaza - 37th Floor
300 So. Grand Avenue

5   Los Angeles, California 90071-3147

6   Debtor
Georges Marciano
1000 N. Crescent Drive

7   Beverly Hills, CA  90210

8   **Dare Law on behalf of U.S. Trustee United States Trustee (LA)**
Dare Law, Esq.

9   Office of the United States Trustee
725 S Figueroa St #2600

10   Los Angeles, CA 90017

11   **Bradley E. Brook on behalf of Attorney Bradley Brook**
Law Offices of Bradley E Brook

12   11500 W Olympic Blvd Ste 400
Los Angeles, CA 90064

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IDOCS:13694.1:1183414.1

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 60 of 146   Page ID #:94
Case: 11-1103   Document: 009174986   Filed: 03/21/2011   Page: 10 of 12

Case 1:11-bk-10426-VK   Doc 222   Filed 03/08/11   Entered 03/08/11 08:28:30   Desc
Case 1:11-bk-10426-VK   Doc 221   Filed 03/07/11   Entered 03/07/11 12:57:07   Desc
Main Document   Page 5 of 6

| 1 | In re: | | CHAPTER 11 |
| 2 | | **GEORGES MARCIANO,** Debtor. | **CASE NO. 1:11-BK-10426-VK** |

3  **NOTE TO USERS OF THIS FORM:**

4  1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
5  4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. **DO NOT** list an address if person/entity is listed in category I.

6

7  **NOTICE OF ENTERED ORDER AND SERVICE LIST**

8  Notice is given by the court that a judgment or order entitled **ORDER** *DIRECTING* **THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**, was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

9  **I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
10  Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of March 4, 2011, the following person(s) are currently on the
11  Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

12  ☒ Service information on attached page

13

14  **II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

15  *Bankruptcy Judge*        *(by Overnight Mail)*
Hon. Victoria Kaufman
16  U.S. Bankruptcy Court / San Fernando Valley
21041 Burbank Blvd., Suite 354/Courtroom 301
17  Woodland Hills, CA 91367

18  ☒ Service information continued on attached page

19  **III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order
20  which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered
21  order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

22  ☐ Service information continued on attached page

23

24

25

26

27

28

IDOCS:13694.1:1183414.1

5

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Bradley E Brook on behalf of Attorney Bradley Brook
bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com

Peter A Davidson on behalf of Creditor Camille Abat
pdavidson@ecjlaw.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Daniel J McCarthy on behalf of Debtor Georges Marciano
dmccarthy@hillfarrer.com

Anthony J Rothman on behalf of Attorney Bradley Brook
anthony@arothmanlaw.com

Kenneth N Russak on behalf of Interested Party Courtesy NEF
krussak@frandzel.com, efiling@frandzel.com;itokubo@frandzel.com

Richard Seegman on behalf of Interested Party Courtesy NEF
rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL:**

Debtor
Georges Marciano
1000 N. Crescent Drive
Beverly Hills, CA  90210

IDOCS:13694.1;1183414.1                                       6

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Case 2:11-cv-04779-AHM Document 3 Filed 06/06/11 Page 62 of 146 Page ID #:96
Case: 11-1103 Document: 009174986 Filed: 03/21/2011 Page: 12 of 12

Case 1:11-bk-10426-VK Doc 222 Filed 03/08/11 Entered 03/08/11 08:28:30 Desc
Main Document Page 11 of 11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 S. Grand Avenue, 37th Floor, Los Angeles, California 90071

A true and correct copy of the foregoing document described **NOTICE OF APPEAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 8, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com
Peter A Davidson    pdavidson@ecjlaw.com
Dare Law    dare.law@usdoj.gov
Anthony J Rothman    anthony@arothmanlaw.com
Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
Richard Seegman    rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com
Ramesh Singh    claims@recoverycorp.com
United States Trustees (LA)    ustpregion16.la.ecf@usdoj.gov
☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (Indicate method for each person or entity served):**
On ___March 8, 2011___, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed

The Honorable Victoria Kaufman
United States Bankruptcy Court
21041 Burbank Blvd., Suite 305
Woodland Hills, CA 91367-6606
☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (Indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 8, 2011 | Hae Jung Park | /s/ Hae Jung Park |
|---|---|---|
| Date | Type Name | Signature |

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

015

**EXHIBIT 2**

| Attorney or Appellant, Address, Telephone & FAX Number and California State Bar Number: | FOR COURT USE ONLY |
|---|---|
| Daniel J. McCarthy (SBN 101081)<br>Hill, Farrer & Burrill, LLP<br>300 South Grand Avenue<br>37th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 621-0602   Fax: (213) 624-4840<br>_Attorney for Appellant:_ Debtor in Possession Georges Marciano | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| In re:   GEORGES MARCIANO, | |
|---|---|
| Debtor(s). | |
| Last four digits of Social Security Number(s): | CHAPTER  11<br>CASE NUMBER 1:11-bk-10426-VK |
| Employer's Tax Identification No(s) (if any): | ADVERSARY NUMBER:<br>[Former case no. 2:09-bk-39635-VK] |

### AMENDED
### NOTICE OF APPEAL

1.  NOTICE IS HEREBY GIVEN that the (check only one box) ☐ plaintiff ☐ defendant or ☒ other party (specify name of party) **Georges Marciano, debtor in possession** , appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe judgment, order, or decree) **See Exhibit A hereto** entered in this adversary proceeding or other proceeding (describe other proceeding) **The Chapter 11 case** on the **See Exh. A** day of **See Exhibit A** , (year) **See Exhibit A** . **Copy of Orders attached**

2.  The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and fax numbers of their respective attorneys are as follows (print or type names, addresses, telephone, and fax numbers): **See Exhibit B hereto**

(Continued on next page)

# EXHIBIT 2

**016**

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 65 of 146   Page ID #:99
Case: 11-1103   Document: 009174987   Filed: 03/21/2011   Page: 3 of 25

Case 1:11-bk-10426-VK   Doc 234   Filed 03/14/11   Entered 03/14/11 09:59:30   Desc
Main Document   Page 2 of 24

Notice of Appeal - Page 2                                                    FORM 17

| In re: GEORGES MARCIANO, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:11-bk-10426-VK |

HILL, FARRER & BURRILL, LLP

Dated: March 14, 2011

/s/ Daniel J. McCarthy

Signature (Attorney for Appellant or Appellant if not represented
by an Attorney)
Attorney for Appellant Georges Marciano

Daniel J. McCarthy (SBN 101081)
Attorney Name

300 S. Grand Ave., 37th Floor
Address  Los Angeles, CA 90071

Tel. (213) 620-0802
Telephone Number

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard
by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the
filing of this Notice of Appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal
heard by the district court.

If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the
form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Revised 05/04                                                                FORM 17

017

## EXHIBIT A TO AMENDED NOTICE OF APPEAL

The Orders appealed from by this Amended Notice of Appeal, which were entered in the Chapter 11 case, are as follows:

1.    Order Directing the Appointment of a Chapter 11 Trustee, entered March 7, 2011 [docket no. 221].

2.    Order Approving the Appointment of a Chapter 11 Trustee, entered March 11, 2011 [docket no. 226].

3.    Order Denying Motion for Temporary Stay and for Stay Pending Appeal of Order Directing the Appointment of a Chapter 11 Trustee, entered March 11, 2011 [docket no. 228].

## EXHIBIT B TO AMENDED NOTICE OF APPEAL

The names of all parties to the judgment, order, or decree appealed from and names, address, telephone, fax numbers and email addresses of their respective attorneys are as follows:

| Parties to appeal | Attorneys for Parties |
|---|---|
| Georges Marciano, debtor in possession and appellant | Daniel J. McCarthy<br>Hill, Farrer & Burrill, LLP<br>300 South Grand Ave., 37th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 621-0802<br>Fax: (213) 624-4840<br>email: dmccarthy@hillfarrer.com |
| Steven Chapnick, Joseph Fahs and Elizabeth Tagle, petitioning creditors and respondents | Bradley E. Brook<br>Law Offices of Bradley E. Brook<br>11500 W. Olympic Blvd., Suite 400<br>Los Angeles, CA 90064<br>Tel: (310) 839-2004<br>Fax: (310) 945-0022<br>email: bbrook@bbrooklaw.com |

| | |
|---|---|
| Gary Iskowitz, Theresa Iskowitz, Carolyn Malkus, Camille Abart and Miriam Chol, creditors and respondents | Peter A. Davidson<br>Ervin, Cohen & Jessup LLP<br>9401 Wilshire Boulevard, 9th Floor<br>Beverly Hills, CA 90212-2974<br>Tel. (310) 273-6333<br>Fax (310) 859-2325<br>email: pdavidson@ecjlaw.com |
| Office of United States Trustee, respondent | Dare Law<br>Office of United States Trustee<br>725 South Figueroa Str., #2600<br>Los Angeles, CA 90017<br>Tel. (213) 894-6811<br>Fax (213) 894-2603<br>email dare.law@usdoh.gov |

Peter A. Davidson (SBN 76194)
pdavidson@ecjlaw.com
ERVIN, COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Gary and Theresa Iskowitz,
Carolyn Malkus, Miriam Choi and Camille Abat

FILED & ENTERED

MAR 07 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Dunaway DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:11-bk-10426-VK |
| GEORGES MARCIANO, | Chapter 11 |
| Debtor. | ORDER *DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE* |
| | Date:   March 4, 2011<br>Time:   2:00 p.m.<br>Place:   Crtrm. 301 |

The motion of Creditors, Gary and Theresa Iskowitz, Carolyn Malkus, Miriam Choi and Camille Abat, for an order appointing a Chapter 11 Trustee in this case came on for hearing, having been duly noticed, on March 4, 2011 at 2:00 p.m. in Courtroom 301 of the above-entitled Court, the Court having previously entered the order shortening time for a hearing on the motion. The Court having reviewed the motion, the opposition filed by Georges Marciano, the joinder in the motion filed by the United States Trustee, having heard argument of counsel, and for the reasons stated on the record at the hearing and good cause appearing therefor,

DOCS:15694.1[11868]8.1                                    1

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE



IT IS ORDERED:

1.    The Motion is granted.

2.    The United States Trustee shall appoint a Chapter 11 Trustee in this case.

*  *  *

DATED: March 7, 2011
_____
United States Bankruptcy Judge

[DOCS:1.8594.1:1183414.1]

ERVIN COHEN & JESSUP

2
ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

07

ERVIN COHEN & JESSUP

| In re: | | CHAPTER 11 |
|---|---|---|
| GEORGES MARCIANO, | Debtor(s). | CASE NUMBER 1:11-bk-10426-VK |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT (ORDER/JUDGMENT)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212-2974.

A true and correct copy of the foregoing document described as [PROPOSED] ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below.

☒ Service information on attached page

II. SERVED BY U.S. MAIL AND/OR OVERNIGHT MAIL: On March 4, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Bankruptcy Judge:          (by Overnight Mail)
Hon. Victoria Kaufman
U.S. Bankruptcy Court, San Fernando Valley
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367

☒ Service information on attached page

III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2011 | Lore Pekrul | /s/ Lore Pekrul |
|---|---|---|
| Date | Type Name | Signature |

[DOCS:13694.1:1854114]

3

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

08

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 72 of 146   Page ID #:106
Case: 11-1103   Document: 009174987   Filed: 03/21/2011   Page: 10 of 25

Case 1:11-bk-10426-VK   Doc 234   Filed 03/14/11   Entered 03/14/11 09:59:30   Desc
Main Document   Page 4 of 5



II. SERVED BY U.S. MAIL:

Counsel to Debtor Georges Marciano
Daniel J. McCarthy, Esq.
Hill, Farrer & Burrill LLP
One California Plaza – 37th Floor
300 So. Grand Avenue
Los Angeles, California 90071-3147

Debtor
Georges Marciano
1000 N. Crescent Drive
Beverly Hills, CA 90210

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
Dare Law, Esq.
Office of the United States Trustee
725 S. Figueroa St. #2600
Los Angeles, CA 90017

Bradley E. Brook on behalf of Attorney Bradley Brook
Law Offices of Bradley E. Brook
11500 W. Olympic Blvd Ste 400
Los Angeles, CA 90064

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

DOCS\13694.1\L(8341f4.1                                      4.

09

024

ERVIN COHEN & JESSUP

| In re: | | CHAPTER 11 |
|---|---|---|
| GEORGES MARCIANO, | | CASE NO: 1:11-BK-10426VK |
| | Debtor. | |

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below.

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of March 4, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Bankruptcy Judge          (by Overnight Mail)
Hon. Victoria Kaufman
U.S. Bankruptcy Court, San Fernando Valley
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below.

☐ Service information continued on attached page

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**10**

DOCS:15694.1:1183413.1                    5.

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

1. I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

2. Bradley E Brook on behalf of Attorney Bradley Brook
   bbrook@bbrooklaw.com; jimmy@bbrooklaw.com; brookedmail@gmail.com

3. Peter A Davidson on behalf of Creditor Camille Abat
4. pdavidson@ecjlaw.com

5. Dare Law on behalf of U.S. Trustee United States Trustee (LA)
   dare.law@usdoj.gov

6. Daniel J McCarthy on behalf of Debtor Georges Marciano
7. dmccarthy@hillfarrer.com

8. Anthony J Rothman on behalf of Attorney Bradley Brook
   anthony@arothmanlaw.com

9. Kenneth N Russak on behalf of Interested Party Courtesy NEF
   krussak@frandzel.com; efiling@frandzel.com; lokubo@frandzel.com

10. 
11. Richard Seegman on behalf of Interested Party Courtesy NEF
    rseegman@wolfgroupla.com; kmanning@wolfgroupla.com; llarring@wolfgroupla.com

12. Ramesh Singh on behalf of Interested Party Courtesy NEF
    claims@recoverycorp.com

13. United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
14. 
15. II. SERVED BY U.S. MAIL:

16. Debtor
    Georges Marciano
17. 1000 N. Crescent Drive
    Beverly Hills, CA 90210
18. 
19. 
20. 
21. 
22. 
23. 
24. 
25. 
26. 
27. 
28.

PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
DARE LAW, State Bar No. 155714
HATTY YIP, State Bar No. 246337
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
725 South Figueroa Street, Suite 2600
Los Angeles, California 90017-5418
(213) 894-4925 telephone
(213) 894-2603 facsimile
Email: dare.law@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO DIVISION

| | |
|---|---|
| In re: | Case No: 1:11-bk-10426-VK |
| **GEORGE MARCIANO,** | Chapter 11 |
| Debtor. | **ORDER APPROVING APPOINTMENT OF A CHAPTER 11 TRUSTEE** |
| | [NO HEARING REQUIRED] |

FILED & ENTERED

MAR 11 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY        DEPUTY CLERK

The Court having considered the United States Trustee's Application For Order Approving Appointment Of Trustee And Fixing Bond ("Application"), and for good cause appearing,

IT IS HEREBY ORDERED that the Application is approved.

DATED: March 11, 2011

United States Bankruptcy Judge

12

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1874**

A true and correct copy of the foregoing document described as **ORDER APPROVING APPOINTMENT OF A CHAPTER 11 TRUSTEE**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _n/a_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

### NOT APPLICABLE

☐     Service information continued on attached page

**II.     SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __3/10/11__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

### SEE ATTACHED SERVICE LIST (IF APPLICABLE)

☒     Service information continued on attached page

**III.     SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __N/A__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instructions to deliver the copy to the bin outside the suite (Court Manual Appendix F), as follows:

### NOT APPLICABLE

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| __3/10/11__ | __SONNY FLORES__ | __/s/ Sonny Flores__ |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 77 of 146   Page ID #:111
Case: 11-1103   Document: 009174987   Filed: 03/21/2011   Page: 15 of 25

Case 1:11-bk-10426-VK   Doc 234   Filed 03/14/11   Entered 03/14/11 09:59:30   Desc
Main Document   Page 3 of 7

## ADDITIONAL SERVICE INFORMATION

II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL

DEBTOR:
Georgia Marciano
1000 N Crescent Drive
Beverly Hills, CA 90210

DEBTOR'S COUNSEL:
Daniel J McCarthy
Hill Farrer & Burrill LLP
300 S Grand Ave 37th Fl
Los Angeles, CA 90071

PETITIONING CREDITOR:
Joseph Fahs
C/O Alan V Bonavida Esq
499 N Canon Dr 4th Flr
Beverly Hills, CA 90210

CREDITOR'S COUNSEL
Bradley E Brook
Law Offices of Bradley E Brook
11500 W Olympic Blvd, Ste 400
Los Angeles, CA 90064

PETITIONING CREDITOR:
Elizabeth Tagle
C/O John D Guerrini Esq
750 E Green St Ste 200
Pasadena, CA 91101

CREDITOR:
DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP
3305 JERUSALEM AVE STE 201
WANTAGH NEW YORK 11793

CREDITOR:
Franchise Tax Board
Bankruptcy Section MS A340
P O Box 2952
Sacramento, CA 95812-2952

CREDITOR:
INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

CREDITOR:
Steven Chuppick
C/O Michael J Parios Esq
777 S Figueroa St Ste 2850
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1 PROOF OF SERVICE

14

JUDGE'S COPY
The Honorable Victoria S. Kaufman
Judge Kaufman's Courtesy Copy
21041 Burbank Blvd., Ste. 354
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F.9013-3.1.PROOF.OF.SERVICE

4

15

030

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify): ORDER APPROVING APPOINTMENT OF A CHAPTER 11 TRUSTEE

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below.

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___3/10/11___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brooksofmail@gmail.com
Peter A Davidson   pdavidson@ecjlaw.com
Dare Law    dare.law@usdoj.gov
Daniel J McCarthy   dmccarthy@hillfarrer.com
S Margaux Ross   margaux.ross@usdoj.gov
Anthony J Rothman   anthony@arothmanlaw.com
Kenneth N Russak   krussak@frandzel.com, efiling@frandzel.com;tokubo@frandzel.com
Richard Steelman   rsteelman@wolfgroupla.com, kraming@wolfgroupla.com;ltarring@wolfgroupla.com
Ramesh Singh   claims@recoverycorp.com
United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov

☐   Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒   Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

**NOT APPLICABLE**

☐   Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 80 of 146   Page ID #:114

Case: 11-1103   Document: 009174987   Filed: 03/21/2011   Page: 18 of 25

Case 1:11-bk-10426-VK   Doc 234   Filed 03/14/11   Entered 03/14/11 09:59:30   Desc
Case 1:11-bk-10426-VK   Main Document   Doc 255   Filed 03/18/11   Entered 03/11/11 09:57:40   Desc
Main Document   Page 6 of 7

## ADDITIONAL SERVICE INFORMATION

II.   **SERVED BY THE COURT VIA U.S. MAIL:**

DEBTOR:
George Mareleno
1000 N Crescent Drive
Beverly Hills, CA 90210

DEBTOR'S COUNSEL:
Daniel J. McCarthy
Hill Farrer & Burrill LLP
300 S Grand Ave 37th Fl
Los Angeles, CA 90071

PETITIONING CREDITOR:
Joseph Fahs
C/O Alain V. Bonavida Esq
499 N Canon Dr 4th Flr
Beverly Hills, CA 90210

CREDITOR'S COUNSEL:
Bradley E. Brook
Law Offices of Bradley E. Brook
11500 W Olympic Blvd, Ste 400
Los Angeles, CA 90064

PETITIONING CREDITOR:
Elizabeth Tagle
C/O John D Quaglini Esq
750 E Green St Ste 200
Pasadena, CA 91101

CREDITOR:
DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP
3301 JERUSALEM AVE STE 201
WANTAGH NEW YORK 11793

CREDITOR:
Franchise Tax Board
Bankruptcy Section MS A340
P O Box 2952
Sacramento CA 95812-2952

CREDITOR:
INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                          F 9021-1.1.NOTICE.ENTERED.ORDER

CREDITOR:
Steven Chapnick
C/O Michael J Harbar Esq
777 S Figueroa St Ste 2850
Los Angeles CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                           F.9013-3.1.PROOF.OF.SERVICE

7

18

033

FILED & ENTERED

MAR 11 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pena     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re: | Case No: 1:11-bk-10428-VK |
|---|---|
| Georges Marciano, | Chapter 11 |
| | ORDER DENYING MOTION FOR TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE |
| Debtor(s). | Date: |
| | Time: |
| | Location: |

On March 10, 2011, Georges Marciano, the Debtor in the above-captioned bankruptcy case ("Debtor"), filed an Application for Order Setting Hearing on Shortened Notice ("Application") and A Motion for Temporary Stay and For Stay Pending Appeal of Order Directing the Appointment of a Chapter 11 Trustee ("Motion"). The Court in a separate order denied the Application.

The Court has taken note of the Order of the Ninth Circuit Bankruptcy Appellate Panel, filed on February 9, 2011, and the Order of the Ninth Circuit Court of Appeals, filed on February 24, 2011, both of which deny Debtor's motion for a stay pending appeal of the entry of the order for relief in this case, entered on December 28, 2010. In addition, the Court has reviewed the Motion. With respect to the Court's order directing the appointment of a chapter 11 trustee, Debtor has not demonstrated that he is entitled to a temporary stay or stay pending appeal under the factors enumerated in In re Wymer, 5 B.R.

-1-

**19**

802 (9th Cir. BAP 1980). In particular, it appears that: (1) Debtor is not likely to succeed on the merits of the appeal; (2) Debtor will not suffer irreparable injury absent a stay; (3) the stay would prejudice the appellees; and (4) the stay would do harm to the public interest. Accordingly, the Motion is hereby ORDERED DENIED.

###

DATED: March 11, 2011



United States Bankruptcy Judge

-2-

Case 2:11-cv-04779-AHM Document 3 Filed 06/06/11 Page 84 of 146 Page ID #:118
Case: 11-1103 Document: 009174987 Filed: 03/21/2011 Page: 22 of 25
Case 1:11-bk-10426-VK Doc 234 Filed 03/14/11 Entered 03/14/11 09:59:30 Desc
Case 1:11-bk-10426-VK Main Document Page 5 of 6 Entered 03/17/11 10:23:45 Desc
Main Document Page 5 of 6

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) ORDER DENYING MOTION FOR TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below.

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

-5-

**ADDITIONAL SERVICE INFORMATION (if needed):**

| Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|
| • Bradley E Brook  bbrook@bbrooklaw.com, jfinny@bbrooklaw.com, brookecfmail@gmail.com<br>• Peter A Davidson  pdavidson@ecjlaw.com<br>• Dare Law  dare.law@usdoj.gov<br>• Daniel J McCarthy  dmccarthy@hillfarrer.com<br>• S Margaux Ross  margaux.ross@usdoj.gov<br>• Anthony J Rothman  anthony@arothmanlaw.com<br>• Kenneth N Russak  krussak@frandzel.com, efiling@frandzel.com, jtokubo@frandzel.com<br>• Richard Segerman  rsegerman@wolfgroupla.com, kmanning@wolfgroupla.com, harring@wolfgroupla.com<br>• Ramesh Singh  claims@recoverycorp.com<br>• United States Trustee (SV)  ustpregion16.wh.ecf@usdoj.gov<br>• Hatty K Yip  hatty.yip@usdoj.gov | Georges Marciano<br>1000 N Crescent Drive<br>Beverly Hills, CA 90210 |

1

Category III (To be served by the lodging party).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

23

## PROOF OF SERVICE OF DOCUMENT

1. I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 S. Grand Avenue, 37th Floor, Los Angeles, California 90071.

A true and correct copy of the foregoing document described **AMENDED NOTICE OF APPEAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 14, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookesfmail@gmail.com
Peter A Davidson    pdavidson@ecjlaw.com;
Dare Law    dare.law@usdoj.gov
Anthony J Rothman    anthony@arothmanlaw.com
Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;itokubo@frandzel.com
Richard Seegman    rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;itarring@wolfgroupla.com
Ramesh Singh    claims@recoverycorp.com;
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On March 14, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Victoria Kaufman
United States Bankruptcy Court
21041 Burbank Blvd., Suite 305
Woodland Hills, CA 91367-6606

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 14, 2011 | Hee Jung Park | /s/ Hee Jung Park |
|---|---|---|
| Date | Type Name | Signature |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**EXHIBIT 3**

1  Peter A. Davidson (SBN 76194)
   pdavidson@ecjlaw.com
2  ERVIN, COHEN & JESSUP LLP
   9401 Wilshire Boulevard, Ninth Floor
3  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
4  Facsimile  (310) 859-2325

5  Attorneys for Gary and Theresa Iskowitz,
   Carolyn Malkus, Miriam Choi and Camille Abat
6

FILED & ENTERED

MAR 07 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

**CHANGES MADE BY COURT**

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

               **SAN FERNANDO VALLEY DIVISION**
10

11 | In re                          | Case No. 1:11-bk-10426-VK
12 | GEORGES MARCIANO,              | Chapter 11
   |                                |
13 | Debtor.                        | ORDER *DIRECTING* THE APPOINTMENT
   |                                | OF A CHAPTER 11 TRUSTEE
14 |

15 |                                | Date:   March 4, 2011
   |                                | Time:   2:00 p.m.
16 |                                | Place:  Crtrm. 301

17       The motion of Creditors, Gary and Theresa Iskowitz, Carolyn Malkus, Miriam Choi and

18  Camille Abat, for an order appointing a Chapter 11 Trustee in this case came on for hearing,

19  having been duly noticed, on March 4, 2011 at 2:00 p.m. in Courtroom 301 of the above-entitled

20  Court, the Court having previously entered the order shortening time for a hearing on the motion.

21  The Court having reviewed the motion, the opposition filed by Georges Marciano, the joinder in

22  the motion filed by the United States Trustee, having heard argument of counsel, and for the

23  reasons stated on the record at the hearing and good cause appearing therefor,

24

25

26

27

28                      **EXHIBIT 3**

IDOCS:13694.1:1183414.1                              1
                  ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

040

1    IT IS ORDERED,

2    1.    The Motion is granted.

3    2.    The United States Trustee shall appoint a Chapter 11 Trustee in this case.

4                                    # # #

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    DATED: March 7, 2011                _____

                                          United States Bankruptcy Judge
25

26

27

28

IDOCS:13694.1:1J83414.1                                    2

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

| In re: | | CHAPTER 11 |
|---|---|---|
| **GEORGES MARCIANO,** | | |
| | Debtor(s). | **CASE NUMBER: 1:11-bk-10426-VK** |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT (ORDER/JUDGMENT)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212-2974.

A true and correct copy of the foregoing document described as **[PROPOSED] ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**, will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** -- Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information on attached page

**II. SERVED BY U.S. MAIL AND/OR OVERNIGHT MAIL:** On March 4, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Bankruptcy Judge        (by Overnight Mail)*
Hon. Victoria Kaufman
U.S. Bankruptcy Court / San Fernando Valley
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367

☒   Service information on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐   Service information on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2011 | Lore Pekrul | /s/ Lore Pekrul |
|---|---|---|
| Date | Type Name | Signature |

1    II.  SERVED BY U.S. MAIL:

2    Counsel to Debtor Georges Marciano
3    Daniel J. McCarthy, Esq.
     Hill, Farrer & Burrill LLP
4    One California Plaza - 37th Floor
     300 So. Grand Avenue
5    Los Angeles, California 90071-3147

6    Debtor
     Georges Marciano
7    1000 N. Crescent Drive
     Beverly Hills, CA  90210

8    Dare Law on behalf of U.S. Trustee United States Trustee (LA)
     Dare Law, Esq.
9    Office of the United States Trustee
     725 S Figueroa St #2600
10   Los Angeles, CA 90017

11   Bradley E. Brook on behalf of Attorney Bradley Brook
     Law Offices of Bradley E Brook
12   11500 W Olympic Blvd Ste 400
     Los Angeles, CA 90064

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IDOCS:13694.1:1183414.1                    4

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

IRVIN COHEN JESSUP

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 93 of 146   Page ID #:127
Case: 11-1103   Document: 009174988   Filed: 03/21/2011   Page: 6 of 21

Case 1:11-bk-10426-VK   Doc 221   Filed 03/07/11   Entered 03/07/11 12:57:07   Desc
Main Document   Page 5 of 6

| In re: GEORGES MARCIANO, Debtor. | CHAPTER 11 CASE NO. 1:11-BK-10426-VK |
|---|---|

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled ORDER *DIRECTING* THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of March 4, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

*Bankruptcy Judge        (by Overnight Mail)*
Hon. Victoria Kaufman
U.S. Bankruptcy Court / San Fernando Valley
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

IRVIN COHEN JESSUP

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Bradley E Brook on behalf of Attorney Bradley Brook
bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com

Peter A Davidson on behalf of Creditor Camille Abat
pdavidson@ecjlaw.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Daniel J McCarthy on behalf of Debtor Georges Marciano
dmccarthy@hillfarrer.com

Anthony J Rothman on behalf of Attorney Bradley Brook
anthony@arothmanlaw.com

Kenneth N Russak on behalf of Interested Party Courtesy NEF
krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com

Richard Seegman on behalf of Interested Party Courtesy NEF
rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL:**

Debtor
Georges Marciano
1000 N. Crescent Drive
Beverly Hills, CA 90210

IRVAN COHEN JESSUP

IDOCS:13694.1:1183414.1

6

ORDER FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

**EXHIBIT 4**

1 | PETER C. ANDERSON
UNITED STATES TRUSTEE
2 | JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
3 | DARE LAW, State Bar No. 155714
HATTY YIP, State Bar No. 246487
4 | TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
5 | 725 South Figueroa Street, Suite 2600
Los Angeles, California 90017-5418
6 | (213) 894-4925 telephone
(213) 894-2603 facsimile
7 | Email: dare.law@usdoj.gov

8

**FILED & ENTERED**

**MAR 11 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pgarcia   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO DIVISION

| | |
|---|---|
| In re: | ) Case No.: 1:11-bk-10426-VK |
| **GEORGE MARCIANO,** | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) **ORDER APPROVING APPOINTMENT** |
| | ) **OF A CHAPTER 11 TRUSTEE** |
| | ) |
| | ) [NO HEARING REQUIRED] |
| | ) |
| | ) |

The Court having considered the United States Trustee's Application For Order Approving

Appointment Of Trustee And Fixing Bond ("Application"), and for good cause appearing,

IT IS HEREBY ORDERED that the Application is approved.

DATED: March 11, 2011

_____
United States Bankruptcy Judge

# EXHIBIT 4 "

046

Case 2:11-cv-04779-AHM Document 3 Filed 06/06/11 Page 97 of 146 Page ID #:131
Case: 11-1103 Document: 009174988 Filed: 03/21/2011 Page: 10 of 21

Case 1:11-bk-10426-VK Doc 226 Filed 03/11/11 Entered 03/11/11 09:57:40 Desc
Main Document Page 2 of 7

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1574**

A true and correct copy of the foregoing document described as: **ORDER APPROVING APPOINTMENT OF A
CHAPTER 11 TRUSTEE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner indicated below:

**I.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and
hyperlink to the document. On **n/a** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

**NOT APPLICABLE**

☐    Service information continued on attached page

**II.**     **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ **3/10/11** _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first
class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a
declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒    Service information continued on attached page

**III.**     **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person
or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ **N/A** _____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile
transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will
be completed no later than 24 hours after the document is filed. Upon filing I will be giving a filed document to a Court
delivery service consistent with our normal business practice, with instructions to deliver the copy to the bin
outside the suite (Court Manual Appendix F), as follows:

**NOT APPLICABLE**

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **3/10/11** | **SONNY FLORES** | **/s/ Sonny Flores** |
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F.9013-3.1.PROOF.OF.SERVICE**

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 98 of 146   Page ID #:132
Case: 11-1103   Document: 009174988   Filed: 03/21/2011   Page: 11 of 21

Case 1:11-bk-10426-VK   Doc 226   Filed 03/11/11   Entered 03/11/11 09:57:40   Desc
Main Document   Page 3 of 7

## ADDITIONAL SERVICE INFORMATION

II.   <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**</u>

DEBTOR:
Georges Marciano
1000 N Crescent Drive
Beverly Hills, CA 90210

DEBTOR'S COUNSEL:
Daniel J McCarthy
Hill Farrer & Burrill LLP
300 S Grand Ave 37th Fl
Los Angeles, CA 90071

PETITIONING CREDITOR:
Joseph Fahs
C/O Alain V Bonavida Esq
499 N Canon Dr 4th Flr
Beverly Hills, CA 90210

CREDITOR'S COUNSEL:
Bradley E Brook
Law Offices of Bradley E Brook
11500 W Olympic Blvd, Ste.400
Los Angeles, CA 90064

PETITIONING CREDITOR:
Elizabeth Tagle
C/O John D Guerrini Esq
750 E Green St Ste 200
Pasadena, CA 91101

CREDITOR:
DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP
3305 JERUSALEM AVE STE 201
WANTAGH NEW YORK 11793

CREDITOR:
Franchise Tax Board
Bankruptcy Section MS A340
P O Box 2952
Sacramento CA 95812-2952

CREDITOR:
INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

CREDITOR:
Steven Chapnick
C/O Michael J Partos Esq
777 S Figueroa St Ste 2850
Los Angeles CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F.9013-3.1.PROOF.OF.SERVICE**

3

**048**

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 99 of 146   Page ID #:133
Case: 11-1103   Document: 009174988   Filed: 03/21/2011   Page: 12 of 21

Case 1:11-bk-10426-VK   Doc 226   Filed 03/11/11   Entered 03/11/11 09:57:40   Desc
Main Document   Page 4 of 7

**JUDGE'S COPY:**
The Honorable Victoria S. Kaufman
Judge Kaufman's Courtesy Copy
21041 Burbank Blvd., Ste. 354
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F.9013-3.1.PROOF.OF.SERVICE**

049

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the Judgment or order and all service Information must be filled in by the party lodging the order.
3) **Category I, below:** The United States trustee and case trustee (if any) will always be in this category.
4) **Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify): ORDER APPROVING APPOINTMENT OF A CHAPTER 11 TRUSTEE

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.**  **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ____ **3/10/11** ____ , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Bradley E Brook   bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com
Peter A Davidson   pdavidson@ecjlaw.com
Dare Law   dare.law@usdoj.gov
Daniel J McCarthy   dmccarthy@hillfarrer.com
S Margaux Ross   margaux.ross@usdoj.gov
Anthony J Rothman   anthony@arothmanlaw.com
Kenneth N Russak   krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
Richard Seegman   rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com
Ramesh Singh   claims@recoverycorp.com
United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**II.**  **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

### SEE ATTACHED SERVICE LIST (IF APPLICABLE)

☒  Service information continued on attached page

**III.**  **TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

### NOT APPLICABLE

☐  Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

## F 9021-1.1.NOTICE.ENTERED.ORDER

**050**

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 101 of 146   Page ID #:135
Case: 11-1103   Document: 009174988   Filed: 03/21/2011   Page: 14 of 21

Case 1:11-bk-10426-VK   Doc 226   Filed 03/11/11   Entered 03/11/11 09:57:40   Desc
Main Document   Page 6 of 7

## ADDITIONAL SERVICE INFORMATION

II.   **SERVED BY THE COURT VIA U.S. MAIL:**

DEBTOR:
**Georges Marciano**
1000 N Crescent Drive
Beverly Hills, CA 90210

DEBTOR'S COUNSEL:
**Daniel J McCarthy**
Hill Farrer & Burrill LLP
300 S Grand Ave 37th Fl
Los Angeles, CA 90071

PETITIONING CREDITOR:
**Joseph Fahs**
C/O Alain V Bonavida Esq
499 N Canon Dr 4th Flr
Beverly Hills, CA 90210

CREDITOR'S COUNSEL:
**Bradley E Brook**
Law Offices of Bradley E Brook
11500 W Olympic Blvd, Ste.400
Los Angeles, CA 90064

PETITIONING CREDITOR:
**Elizabeth Tagle**
C/O John D Guerrini Esq
750 E Green St Ste 200
Pasadena, CA 91101

CREDITOR:
**DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP**
3305 JERUSALEM AVE STE 201
WANTAGH NEW YORK 11793

CREDITOR:
**Franchise Tax Board**
Bankruptcy Section MS A340
P O Box 2952
Sacramento CA 95812-2952

CREDITOR:
**INTERNAL REVENUE SERVICE**
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

6

**F 9021-1.1.NOTICE.ENTERED.ORDER**

**051**

CREDITOR:
Steven Chapnick
C/O Michael J Partos Esq
777 S Figueroa St Ste 2850
Los Angeles CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

7

F.9013-3.1.PROOF.OF.SERVICE

052

**EXHIBIT 5**

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 104 of 146   Page ID #:138
Case: 11-1103   Document: 009174988   Filed: 03/21/2011   Page: 17 of 21

Case 1:11-bk-10426-VK   Doc 228   Filed 03/11/11   Entered 03/11/11 10:23:45   Desc
Main Document   Page 1 of 5

1

2

3

4

5

6

7

8

9

10

```
FILED & ENTERED

MAR 11 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pgarcia   DEPUTY CLERK
```

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 1:11-bk-10426-VK |
| Georges Marciano, | Chapter: 11 |
| | ORDER DENYING MOTION FOR TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE |
| Debtor(s). | Date:<br>Time:<br>Location: |

On March 10, 2011, Georges Marciano, the debtor in the above-captioned bankruptcy case ("Debtor"), filed an Application for Order Setting Hearing on Shortened Notice ("Application") and A Motion for Temporary Stay and For Stay Pending Appeal of Order Directing the Appointment of a Chapter 11 Trustee ("Motion"). The Court in a separate order denied the Application.

The Court has taken note of the Order of the Ninth Circuit Bankruptcy Appellate Panel, filed on February 9, 2011, and the Order of the Ninth Circuit Court of Appeals, filed on February 24, 2011, both of which deny Debtor's motion for a stay pending appeal of the entry of the order for relief in this case, entered on December 28, 2010. In addition, the Court has reviewed the Motion. With respect to the Court's order directing the appointment of a chapter 11 trustee, Debtor has not demonstrated that he is entitled to a temporary stay or stay pending appeal under the factors enunciated in In re Wymer, 5 B.R.

-1-

# EXHIBIT 5

1   802 (9th Cir. BAP 1980). In particular, it appears that: (1) Debtor is not likely to succeed on the merits

2   of the appeal; (2) Debtor will not suffer irreparable injury absent a stay; (3) the stay would prejudice the

3   appellees; and (4) the stay would do harm to the public interest. Accordingly, the Motion is hereby

4   ORDERED DENIED.

5

6   ###

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   DATED: March 11, 2011                    _____
                                              United States Bankruptcy Judge
27

28

-2-

054

1

**NOTE TO USERS OF THIS FORM:**

2
**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

3
**3)** Category I. below: The United States trustee and case trustee (if any) will always be in this category.
**4)** Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or

4
attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

5

6

# NOTICE OF ENTERED ORDER AND SERVICE LIST

7
Notice is given by the court that a judgment or order entitled (*specify*) ORDER DENYING MOTION FOR
TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER DIRECTING THE

8
APPOINTMENT OF A CHAPTER 11 TRUSTEE was entered on the date indicated as "Entered" on the first
page of this judgment or order and will be served in the manner indicated below:

9

10
**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following

11
person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the
following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary

12
proceeding to receive NEF transmission at the email address(es) indicated below.

13

14
☒ Service information continued on attached page

15
**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order

16
was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

17

18
☒ Service information continued on attached page

19
**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or

20
order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy
bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of

21
service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile
transmission number(s) and/or email address(es) indicated below:

22

23

24
☐ Service information continued on attached page

25

26

27

28

-3-

1

2

## ADDITIONAL SERVICE INFORMATION (if needed):

3

4 | Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|

5 Georges Marciano
1000 N Crescent Drive
Beverly Hills, CA 90210

6 • Bradley E Brook   bbrook@bbrooklaw.com,
7   jimmy@bbrooklaw.com;brookecfmail@gmail.co
   m
8 • Peter A Davidson   pdavidson@ecjlaw.com
   • Dare Law   dare.law@usdoj.gov
9 • Daniel J McCarthy   dmccarthy@hillfarrer.com
   • S Margaux Ross   margaux.ross@usdoj.gov
10 • Anthony J Rothman
11   anthony@arothmanlaw.com
   • Kenneth N Russak   krussak@frandzel.com,
12   efiling@frandzel.com;ltokubo@frandzel.com
   • Richard Seegman
13   rseegman@wolfgroupla.com,
14   kmanning@wolfgroupla.com;ltarring@wolfgrou
   pla.com
15 • Ramesh Singh   claims@recoverycorp.com
   • United States Trustee (SV)
16   ustpregion16.wh.ecf@usdoj.gov
17 • Hatty K Yip   hatty.yip@usdoj.gov

18

19

20

21

22

23

24

25

26

27

28

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Category III (To be served by the lodging party).

**EXHIBIT 6**

1    **HILL, FARRER & BURRILL LLP**
     Daniel J. McCarthy (Bar No. 101081)
2    One California Plaza, 37th Floor
     300 South Grand Avenue
3    Los Angeles, CA  90071-3147
     Telephone:  (213) 620-0460
4    Fax:  (213) 624-4840

5    Attorneys for Chapter 11 Debtor
     GEORGES MARCIANO

6

7

8            UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10          SAN FERNANDO VALLEY DIVISION

11

12    In re                          CASE NO.  1:11-bk-10426-VK

13    GEORGES MARCIANO,         Chapter 11

14            Debtor.           **MOTION FOR TEMPORARY STAY AND**
                                             **FOR STAY PENDING APPEAL OF**
15                                              **ORDER DIRECTING THE**
                                             **APPOINTMENT OF A CHAPTER 11**
16                                              **TRUSTEE; MEMORANDUM OF POINTS**
                                             **AND AUTHORITIES; DECLARATION OF**
17                                              **DANIEL J. McCARTHY**

18                                        **DATE:**      [To Be Set]
                                       **TIME:**      [To Be Set]
19                                        **CTRM:**     301

20

21

22      **TO:**    **THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES**

23            **BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST AND THEIR**

24            **ATTORNEY(S) OF RECORD:**

25        **PLEASE TAKE NOTICE** that on such date and time as the Court may set after

26 reviewing this Motion, which date and time will be the subject of further notice, in Courtroom

27 301 of the San Fernando Valley Division of the above-entitled Court, located at 21041 Burbank

28 Boulevard, Woodland Hills, California 91367, the "Motion for Temporary Stay and for Stay

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## EXHIBIT 6

Case 2:11-cv-04779-AHM  Document 3  Filed 06/06/11  Page 111 of 146  Page ID #:145
Case: 11-1103  Document: 009174989  Filed: 03/21/2011  Page: 3 of 38

Case 1:11-bk-10426-VK  Doc 223  Filed 03/10/11  Entered 03/10/11 11:57:48  Desc
Main Document  Page 2 of 37

1    Pending Appeal of Order Directing the Appointment of a Chapter 11 Trustee" (the "Motion") of

2    Chapter 11 debtor Georges Marciano will come on for hearing. By that Motion, Mr. Marciano

3    will request that the Court stay its "Order Directing the Appointment of a Chapter 11 Trustee"

4    which was entered on March 7, 2011 (the "March 7 Order") [dkt. no. 221]. More specifically,

5    Mr. Marciano respectfully requests that the Court permanently stay the March 7 Order pending

6    the resolution of the appeal from that order pursuant to F.R.B.P. 8005 and F.R.C.P. 62. That

7    appeal was filed on March 8, 2011. Alternatively, if a permanent stay is not promptly granted,

8    Mr. Marciano requests a temporary 30-day stay of the March 7 Order to provide him time to seek

9    a stay pending appeal from this Court and, if necessary, from the appellate court and to provide

10    this Court and the appellate court time to rule upon the request.

11        The Motion will be brought pursuant to Federal Rule of Bankruptcy Procedure 8005;

12    Federal Rule of Civil Procedure 62, as made applicable by Federal Rule of Bankruptcy Procedure

13    7062; and the Court's inherent authority. Mr. Marciano will request a permanent stay of the

14    pending appeal and he will request a 30 day temporary stay pending appeal to give the parties

15    time to seek a stay pending appeal from this Court and from the appellate court.

16        Opposition, if any, to the Motion is required to be served and filed in compliance with

17    applicable rules, including the Court's Local Bankruptcy Rules, in such manner as the Court may

18    direct.

19

20    DATED:   March 10, 2011            HILL, FARRER & BURRILL LLP

21

22                                  By:  /s/ Daniel J. McCarthy

23                                     DANIEL J. McCARTHY
                                       Attorneys for Chapter 11 Debtor

24                                        GEORGES MARCIANO

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**059**

1

## TABLE OF CONTENTS

2                                                                                    **Page**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER
DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE ............................ 1

I.      INTRODUCTION ........................................................................................... 1

A.      Brief Procedural History ................................................................................ 1

B.      Summary of Argument.................................................................................... 4

II.     AT A MINIMUM, A 30-DAY TEMPORARY STAY PENDING APPEAL
SHOULD BE ISSUED ..................................................................................... 5

III.    THE MARCH 7 ORDER SHOULD BE STAYED PENDING APPEAL...................... 6

A.      The March 7 Order Should Be Stayed Pursuant To F.R.B.P. 8005 ...................... 6

    1.      The Standard ......................................................................................... 6

    2.      Application Of The Factors.................................................................... 7

        a.      Success On The Merits Of The Appeal............................................. 7

            (1)     A Trustee Is Not In The "Interests" Of All Parties At
                    This Stage Under 11 U.S.C. §§ 1104(a)(2) and (3) ............ 7

            (2)     No "Cause" Was Shown Under 11 U.S.C. §
                    1104(a)(1)................................................................... 10

        b.      Irreparable Harm To Mr. Marciano ............................................... 13

        c.      No Anticipated Substantial Harm To Appellees............................. 14

        d.      No Harm To The Public Interest.................................................... 16

B.      The March 7 Order Should Be Stayed Pursuant To F.R.B.P. 7062....................... 18

IV.     THE COURT LACKED JURISDICTION TO APPOINT A TRUSTEE ........................ 18

DECLARATION OF DANIEL J. MCCARTHY ............................................................. 20

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

-i-

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 113 of 146   Page ID #:147
Case: 11-1103   Document: 009174989   Filed: 03/21/2011   Page: 5 of 38

Case 1:11-bk-10426-VK   Doc 223   Filed 03/10/11   Entered 03/10/11 11:57:48   Desc
Main Document      Page 4 of 37

1

## TABLE OF AUTHORITIES

2

Page

3

**CASES**

4

*Adams v. Marwil*
   *(In re Bayou Group, LLC),*

5
   564 F.3d 541, 546 (2d Cir. 2009).............................................. 7, 9, 11

6

*Altman v. Rafael Galleries, Inc.*
   *(In re Altman),*

7
   2000 U.S. Dist. LEXIS 16235, *17-18 (D. Conn. July 27, 2000) ............ 11

8

*American Trucking Ass'ns, Inc. v. City of Los Angeles,*
   559 F.3d 1046, 1052 (9th Cir. 2009)...................................................7

9

*Cajun Elec. Power Coop. v. Central La. Elec. Co.*
   *(In re Cajun Elec. Power Coop.),*

10
   69 F.3d 746, 749 (5th Cir. 1995).....................................................7

11

*Dalkon Shield Claimants,*
   828 F.2d at 241 .........................................................................11

12

*Haskell v. Goldman, Sachs & Co.*
   *(In re Genesis Health Ventures, Inc.),*

13
   367 B.R. 516, 522 (Bankr. D. Del. 2007) .......................................17

14

*Hilton v. Braunskill,*
   481 U.S. 770, 776 (1987)...............................................................18

15

*In re Clinton Centrifuge,*
   85 B.R. at 983-84 .......................................................................11

16

*In re Cohoes Industrial Terminal, Inc.,*
   65 B.R. 918, 919-921 (Bankr. S.D.N.Y. 1986) ............................... 12

17

*In re Focus Media, Inc.,*

18
   378 F.3d 916 (9th Cir. 2004)...........................................................10

19

*In re Ford,*
   36 B.R. 501, 502 (Bankr. W.D. Ky. 1983) ..................................... 13

20

*In re General Oil Distribs.,*
   42 B.R. at 408-09 .......................................................................11

21

*In re Horn & Hardart Baking Co.,*
   22 B.R. 668, 669 (Bankr. E.D. Pa. 1982)........................................ 13

22

*In re Letourneau,*

23
   422 B.R. 132, 138 (Bankr. N.D. Ill. 2010), at 12:16-19 ..................... 26

24

*In re Mason,*
   709 F.2d 1313 (9th Cir. 1983)............................................. 5, 13, 14

25

*In re Paolino,*
   60 B.R. 828, 829 (E.D. Pa. 1986) and............................................ 13

26

*In re Sims,*
   1991 U.S. Dist. LEXIS 13664 (E.D. La. Sept. 19, 1991) ..................... 15

27

*In re V. Savino Oil & Heating Co.,*

28
   99 B.R. 518, 522 (Bankr. E.D.N.Y. 1989).......................................... 12

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- ii -

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 114 of 146   Page ID #:148
Case: 11-1103   Document: 009174989   Filed: 03/21/2011   Page: 6 of 38

Case 1:11-bk-10426-VK   Doc 223   Filed 03/10/11   Entered 03/10/11 11:57:48   Desc
Main Document   Page 5 of 37

**TABLE OF AUTHORITIES**
(continued)

Page

*Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc.*
   (*In re Anchorage Boat Sales, Inc.*),
   4 B.R. 635, 644 (Bankr. S.D.N.Y. 1980) ........................................................ 9, 11

*New Cingular Servs. v. Burkart*
   (*In re Wire Comm Wireless, Inc.*),
   2008 U.S. Dist. LEXIS 58563, at *16 (E.D. Cal. Aug. 1, 2008) ............................ 16

*Official Comm. of Unsecured Creditors of Cybergenics Corp.*
   *ex rel. Cybergenics Corp. v. Chinery*,
   330 F.3d 548, 577 (3d Cir. 2003) .................................................................... 12

*Ohanian v. Irwin*
   (*In re Irwin*),
   338 B.R. 839, 844-845 (E.D. Cal. 2006) ................................................. 5, 6, 14

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
   415 U.S. 1, 24, 94 S. Ct. 1028, 1040, 39 L. Ed. 2d 123 (1974) ............................ 14

*Schuster v. Dragone*,
   266 B.R. 268, 272 (D. Conn. 2001) ................................................................ 11

*SS Farms, LLC v. Sharp*
   (*In re SK Foods, L.P.*),
   2010 U.S. Dist. LEXIS 46920, *5 (E.D. Cal. May 11, 2010) ......................... 6, 16

*Universal Life Church v. United States*,
   191 B.R. 433, 444 (E.D. Cal. 1995) .................................................................. 6

*Zamora v. Virtue*
   (*In re Cont'l Coin Corp.*),
   2009 U.S. Dist. LEXIS 74392 (C.D. Cal. Aug. 21, 2009) ......................... 7, 14, 16

**STATUTES**

11 U.S.C. § 303(f) ........................................................................................... 14

11 U.S.C. § 303(h) .......................................................................................... 16

11 U.S.C. § 305(a) ............................................. 1, 2, 9, 16, 23, 24, 26, 27

11 U.S.C. § 305(a)(1) ...................................................................................... 14

11 U.S.C. § 326(a) ........................................................................................... 12

11 U.S.C. § 330(a) ........................................................................................... 12

11 U.S.C. § 363(b) ........................................................................................... 13

11 U.S.C. § 541 ............................................................................................... 14

11 U.S.C. § 1104(a)(3) ...................................................... 4, 7, 8, 10, 12

11 U.S.C. § 1106(a)(2) ....................................................................................... 7

11 U.S.C. § 1106(a)(3) ....................................................................................... 7

11 U.S.C. § 1107(a) ......................................................................................... 12

11 U.S.C. § 1112(b)(4)(F) ................................................................................... 8

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- iii -

## TABLE OF AUTHORITIES
(continued)

**Page**

California Civil Code § 47 .............................................................................................................. 21

California Rule of Court 8.212(a) ................................................................................................. 22

F.R.B.P. 1018.................................................................................................................................. 18

F.R.B.P. 7062.......................................................................................................................... 2, 6, 18

F.R.B.P. 8002(a) ............................................................................................................................. 27

F.R.B.P. 8005...................................................................................................... 2, 4, 5, 6, 16, 18, 28

F.R.C.P. 62....................................................................................................................................... 18

F.R.C.P. 62(a) .................................................................................................................................. 18

F.R.C.P. 62(c) .................................................................................................................................. 18

**OTHER AUTHORITIES**

Kenneth N. Klee & K. John Shaffer, *Creditors Committees Under Chapter 11 of*
*the Bankruptcy Code*, 44 S.C. L. Rev. 995, 1045, 1049 (1993) ............................................. 12

HILL, FARRER & BURRELL, LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

2   **MOTION FOR TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER**

3   **DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

4   I.   **INTRODUCTION.**

5      A.   **Brief Procedural History.**

6      On December 28, 2010, the Court entered its "Order (1) Granting Petitioning Creditors'

7   Motion for Summary Judgment for the Entry of an Order for Relief Under Chapter 11 of Title 11

8   of the United States Code against Georges Marciano, and (2) Denying Georges Marciano's

9   Cross-Motion for Summary Judgment" [dkt. no. 159] and also entered the related "Order for

10   Relief in the Instant Title 11 Case Against Georges Marciano" [dkt. no. 161] (collectively, the

11   "December 28 Orders"). On December 28, 2010, the Court also entered its 31-page

12   Memorandum of Decision. [Dkt. no. 160.]

13      On December 29, 2010, the Court entered its "Order Denying Motion for Reconsideration

14   of Order Denying Motion to Dismiss or Stay Involuntary Chapter 11 Case." [Dkt. No. 164]. By

15   that Order, it denied Mr. Marciano's motion for reconsideration of the Court's prior order

16   denying his motion to stay the case under 11 U.S.C. § 305(a), which had been filed on July 8,

17   2010. [Dkt. no. 105.]

18      On December 29, 2010, Mr. Marciano filed two documents. One was a motion for

19   reconsideration of the Court's December 28 Orders granting petitioning creditors' motion for

20   summary judgment, denying Mr. Marciano's cross-motion, and issuing an order for relief, and the

21   related Memorandum of Decision. [Dkt. no. 162.] The second was an ex parte application for a

22   30-day temporary stay of the order for relief to allow the motion for reconsideration to be

23   determined and, if denied, to allow a motion for stay pending appeal to be determined. [Dkt. no.

24   163.]

25      On January 6, 2011, Mr. Marciano filed a motion for reconsideration [dkt. no. 171]

26   regarding the Court's December 29, 2010 order [dkt. no. 164] denying his prior motion for

27   reconsideration of the Court's order denying his motion to stay the case under 11 U.S.C. § 305(a).

28      Mr. Marciano's two motions for reconsideration were denied by orders entered on January

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Case 2:11-cv-04779-AHM Document 3 Filed 06/06/11 Page 117 of 146 Page ID #:151
Case: 11-1103 Document: 009174989 Filed: 03/21/2011 Page: 9 of 38

Case 1:11-bk-10426-VK Doc 223 Filed 03/10/11 Entered 03/10/11 11:57:48 Desc
Main Document Page 8 of 37

1    10, 2011. [Dkt. nos. 179 and 180.] The ex parte application for a temporary 30-day stay

2    impliedly was ruled upon on January 24, 2011, as part of an order partially granting a similar

3    motion, as described below.

4         On January 4, 2011, Mr. Marciano filed a notice of appeal from the December 28 Orders;

5    the related December 28 Memorandum of Decision; the December 29 order denying the July 8

6    motion for reconsideration; and four prior interlocutory orders that became subject to appeal upon

7    entry of the order for relief. [Dkt. no. 169.] The appeal was referred to the Bankruptcy Appellate

8    Panel ("BAP") on January 5, 2011 [dkt. no. 170], and it has been docketed as BAP case no. 11-

9    1008. Mr. Marciano's opening brief was due on February 22, 2011, and was filed on that date.

10        On January 10, 2011, Mr. Marciano filed an amended notice of appeal [dkt. no. 181] that

11   added the two January 10, 2011 orders.

12        On January 11, 2011, Mr. Marciano filed an emergency motion requesting that the Court

13   extend Mr. Marciano's time by 30 days to file his schedules, statement of financial affairs, etc.,

14   and to otherwise comply with applicable requirements. [Dkt. no. 182.] On January 11, 2011, the

15   Court issued an order extending his time for 14 days until January 25, 2011. [Dkt. no. 185 in case

16   no. 09-39630.]

17        On January 11, 2011, Mr. Marciano filed an emergency motion with this Court by which

18   he again requested that the Court issue a 30-day temporary stay of the December 28 Orders. By

19   that motion Mr. Marciano also requested a suspension of the case under 11 U.S.C. § 305(a), now

20   that the order for relief had been entered, and a stay pending appeal of the December 28 Orders.

21   The motion was heard and denied on January 24, 2011. On January 25, 2011, the Court issued a

22   temporary stay to enable Mr. Marciano to seek a stay pending appeal from the BAP or from the

23   District Court, if the appeal was transferred there. [Docket no. 205.] In granting the temporary

24   30-day stay, the Bankruptcy Court acknowledged the "unsettled" state of the law on issues of first

25   impression, but the Court declined to issue a stay of the December 28 Orders pending appeal

26   pursuant to Rule 8005, choosing instead to leave that determination to the Bankruptcy Appellate

27   Panel.

28        On January 25, 2011, the Bankruptcy Court also issued an order extending Mr.

                                      - 2 -

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    Marciano's time to file his schedules, statement of financial affairs and other documents required

2    by applicable law until the earlier of 7 days after the termination of the temporary stay or 7 days

3    after the BAP or District Court denied a stay pending appeal. [Dkt. no. 203.] Given that the stay

4    was denied by the BAP on February 9, the extended due date was February 16, 2011, unless the

5    Ninth Circuit entered a stay pending appeal.

6          On January 27, 2011, Mr. Marciano filed an emergency motion with the BAP by which he

7    requested that the Court issue a stay of the December 28 Orders pending appeal. On February 9,

8    the BAP issued its order denying the emergency motion.

9          On February 8, 2011, Mr. Marciano filed a second amended notice of appeal with the

10    Bankruptcy Court [dkt. no. 209], which added the January 25 "Order Granting Temporary Stay,

11    But Denying Stay Pending Appeal of (1) Order Granting Petitioning Creditors' Motion for

12    Summary Judgment, and (2) Order for Relief" [docket no. 205], which was entered on January

13    25, 2011.

14          On February 10, 2011, Mr. Marciano filed a notice of appeal of the BAP's February 9

15    order and then prepared the emergency motion for stay pending appeal to file with the Ninth

16    Circuit. The BAP delayed in referring the appeal to the Ninth Circuit until February 17, and then

17    the next morning on February 18 it was assigned a case number. Later that day, Mr. Marciano

18    filed emergency motion for a stay and a supporting appendix and declaration with the Ninth

19    Circuit.

20          On February 24, 2011, the Ninth Circuit issued an order denying the stay motion filed

21    with it. The order also ordered Mr. Marciano to file a response within 21 days showing that the

22    Ninth Circuit had jurisdiction over the appeal, which its order stated it did not think it had. Mr.

23    Marciano will be filing the brief required by the Court and a renewed request that the Ninth

24    Circuit issued stay pending appeal due to the fact that it has jurisdiction over the appeal from the

25    BAP's order denying a motion for stay pending appeal.

26          On March 1, 2011, certain creditors filed a motion for appointment of a Chapter 11 trustee

27    and a related application for order shortening time for hearing on the motion. [Dkt. no. 213.] On

28    March 2, 2011, the Court set the motion for hearing on March 4, 2011. [Dkt. no. 214.] The

- 3 -

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    motion was joined by the U.S. Trustee and the petitioning creditors. Dkt. nos. 217 and 219.]

2    Over Mr. Marciano's opposition [dkt. no. 218], the motion was granted at hearing on March 4.

3    On March 7, the Court entered its "Order Directing the Appointment of a Chapter 11 Trustee"

4    [dkt. no. 221] (the "March 7 Order"), which is the subject of this Motion.

5        On March 8, 2011, Mr. Marciano filed an appeal from the March 7, 2011 Order. [Dkt. no.

6    222.]

7        **B.**    **Summary of Argument:**

8        When Mr. Marciano's time to file schedules and comply with other requirements ran, he

9    was faced with an impossible choice. In order to avoid a potential appointment of a trustee or

10    conversion of his case to one under Chapter 7, he could irreparably harm his privacy rights by

11    providing full disclosure of his financial condition, or he could refuse to irreparably harm those

12    rights and risk the appointment of a trustee. He chose the latter course, and the Court responded

13    by ordering the appointment of a Chapter 11 trustee.

14        The March 7 Order should be stayed pending appeal pursuant to F.R.B.P. 8005. First, Mr.

15    Marciano is likely to prevail in the appeal. The appointment of a trustee on less than 48 hours

16    notice due to the non-filing of schedules and other non-compliance with applicable requirements

17    for 16 days from February 16, when the stay expired, to March 4, when the hearing occurred, was

18    an undue punishment for Mr. Marciano's decision to protect his privacy rights. A trustee should

19    not have been appointed for three reasons: (a) the best interests of creditors and the estate will not

20    be served under 11 U.S.C. § 1104(a)(2) and (3) by a trustee who will run up huge costs and who

21    is not likely to discover and report any significant financial information by the time the expedited

22    appeal to the BAP from the order for relief is over; (b) that is especially true given that the ability

23    of the trustee and the professionals employed by him to be paid is at risk due to the possibility

24    that the BAP will reverse the order for relief and the State Court of Appeal will reverse the

25    default judgments that the involuntary filing was based upon; and (c) under applicable law, the

26    mere short-term non-disclosure of financial condition is not sufficient grounds for a trustee

27    without a showing of dishonesty or incompetence in the nature of "fraud, dishonesty,

28    incompetence, or gross mismanagement" by Mr. Marciano under 11 U.S.C. § 1104(a)(1).

- 4 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1      Second, a trustee will cause the exact type of irreparable harm that caused the Ninth

2 Circuit in *In re Mason*, 709 F.2d 1313 (9th Cir. 1983), to conclude that orders for relief are

3 immediately appealable. He will be deprived of control of his assets and huge administrative

4 expenses will be incurred. That is particularly inappropriate given that the order for relief is on

5 expedited appeal to the BAP.

6      Third, no substantial harm will come to the creditors from a stay pending appeal. The

7 creditors still have never demonstrated that Mr. Marciano's is diverting or concealing assets.

8      Fourth, public policy would be served by a stay pending appeal, rather than harmed.

9 Potentially unnecessary costs and judicial resources would not be incurred, unless Mr. Marciano

10 loses his appeal from the order for relief and the order appointing a trustee.

11 **II.**     **AT A MINIMUM, A 30-DAY TEMPORARY STAY PENDING APPEAL SHOULD**

12     **BE ISSUED.**

13      Mr. Marciano is filing this motion seeking a stay pending appeal, which will need to be

14 ruled upon by this Court. The creditors presumably will want time to file an opposition to this

15 motion. Should this Court deny this motion, Mr. Marciano will bring a stay motion before the

16 BAP. Those motions will take time to be determined.

17      Further, without the issuance of a temporary stay, a Chapter 11 trustee will need to

18 commence the fulfillment of his statutory duties, which probably will mean hiring counsel and

19 accountants.

20      There is ample authority for a temporary 30-day stay under the Court's inherent authority.

21 In *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 844-845 (E.D. Cal. 2006), the Court described

22 the factors to be considered under Rule 8005 in connection with a motion for stay pending appeal.

23 The Court noted that the Bankruptcy Court had granted a temporary stay based upon these

24 concerns:

25     "On August 31, 2005, Judge Rimel said 'I'm inclined to grant a temporary stay for
thirty days to allow the appellant to go to District Court and seek a stay -- any

26     further extent of a stay. <u>That solves the rush to the courthouse problem, keeps the
parties in the same position they are now, and you can ask the District Court who</u>

27     <u>has the appeal pending before it if the District Court thinks the stay is
reasonable.</u>'" [Emphasis added.]

28

HILL, FARRER &amp; BURRILL LLP<br>A LIMITED LIABILITY PARTNERSHIP<br>ATTORNEYS AT LAW<br>ONE CALIFORNIA PLAZA, 37TH FLOOR<br>300 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-3147

-5-

1   Accord, *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 2010 U.S. Dist. LEXIS 46920,

2   *5 (E.D. Cal. May 11, 2010) [Bankruptcy Court granted and then extended a temporary stay to

3   allow the motion for stay pending appeal to be "normally heard . . . and decided thereafter." ]

4          Similar to Judge Rimel's ruling in *In re Irwin*, a temporary stay in this case "solves the

5   rush to the courthouse problem, keeps the parties in the same position they are now," and gives

6   Mr. Marciano time to "ask the District Court" or the BAP, who will have "the appeal pending

7   before it if [it] thinks the stay is reasonable."

8   **III.   THE MARCH 7 ORDER SHOULD BE STAYED PENDING APPEAL.**

9          **A.     The March 7 Order Should Be Stayed Pursuant To F.R.B.P. 8005.**

10                **1.     The Standard.**

11         A stay pending appeal is governed by Federal Rule of Bankruptcy Procedure 8005, which

12   states:

13         "A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for
      approval of a supersedeas bond, or for other relief pending appeal must ordinarily
14      be presented to the bankruptcy judge in the first instance. Notwithstanding Rule
      7062 but subject to the power of the district court and the bankruptcy appellate
15      panel reserved hereinafter, the bankruptcy judge may suspend or order the
      continuation of other proceedings in the case under the Code or make any other
16      appropriate order during the pendency of an appeal on such terms as will protect
      the rights of all parties in interest. A motion for such relief, or for modification or
17      termination of relief granted by a bankruptcy judge, may be made to the district
      court or the bankruptcy appellate panel, but the motion shall show why the relief,
18      modification, or termination was not obtained from the bankruptcy judge. The
      district court or the bankruptcy appellate panel may condition the relief it grants
19      under this rule on the filing of a bond or other appropriate security with the
      bankruptcy court. When an appeal is taken by a trustee, a bond or other
20      appropriate security may be required, but when an appeal is taken by the United
      States or an officer or agency thereof or by direction of any department of the
21      Government of the United States a bond or other security shall not be required."
      [Emphasis added]

22

23         The standards governing the issuance of a stay pending appeal under Rule 8005 were

24   noted in *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 843 (E.D. Cal. 2006), as follows:

25         "'An appellant seeking a discretionary stay pending appeal under
      Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits
26      of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm
      will come to appellee; and (4) the stay will do no harm to the public interest.'
27      *Universal Life Church v. United States*, 191 B.R. 433, 444 (E.D. Cal. 1995)."

28         Accord, *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 2010 U.S. Dist. LEXIS 46920,

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Case 2:11-cv-04779-AHM Document 3 Filed 06/06/11 Page 122 of 146 Page ID #:156
Case: 11-1103 Document: 009174989 Filed: 03/21/2011 Page: 14 of 38

Case 1:11-bk-10426-VK Doc 223 Filed 03/10/11 Entered 03/10/11 11:57:48 Desc
Main Document Page 13 of 37

1    *6 (E.D. Cal. May 11, 2010) [citing *American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559

2    F.3d 1046, 1052 (9th Cir. 2009)]; *Zamora v. Virtue (In re Cont'l Coin Corp.),* 2009 U.S. Dist.

3    LEXIS 74392 (C.D. Cal. Aug. 21, 2009)). As set forth below, these standards are met in this case.

4          **2.**     **Application Of The Factors.**

5              **a.**     **Success On The Merits Of The Appeal.**

6                   **(1)**    **A Trustee Is Not In The "Interests" Of All Parties At**

7                        **This Stage Under 11 U.S.C. §§ 1104(a)(2) and (3).**

8       Through counsel, Mr. Marciano emphasized the extraordinary nature of the remedy of a

9    trustee at hearing on March 4. The moving creditors even conceded that. *Adams v. Marwil (In re*

10   *Bayou Group, LLC),* 564 F.3d 541, 546 (2d Cir. 2009) ["appointment of a trustee in a Chapter 11

11   case is an 'extraordinary' remedy."] At hearing on March 4, however, the Court did not appear to

12   weigh the extraordinary nature of the remedy of a trustee against what a trustee would

13   accomplish, although such a weighing is necessary, as noted by the Court in *Cajun Elec. Power*

14   *Coop. v. Central La. Elec. Co. (In re Cajun Elec. Power Coop.),* 69 F.3d 746, 749 (5th Cir.

15   1995):

16         "The appointment of a trustee pursuant to Section 1104(a)(1) is an extraordinary

17         remedy, and there is a strong presumption that the debtor should be permitted to
           remain in possession <u>absent a showing of need for the appointment of a trustee</u>."

18         [Emphasis added.]

19       It is not enough to find that financial reporting has not occurred by Mr. Marciano.

20   Instead, there must be a "need" for a trustee, which presupposes that the trustee is likely to

21   accomplish something beneficial for all concerned parties.

22       At the March 4 hearing, the Court relied on 11 U.S.C. § 1104(a)(1) in finding "cause" for

23   the appointment of a trustee, but it did find not "fraud, dishonesty, incompetence, or gross

24   mismanagement of the affairs of the debtor." Although not specifically articulated, the "cause"

25   was the need to have someone (now a trustee) investigating the "acts, conduct, assets, liabilities,

26   and financial condition of the debtor" under 11 U.S.C.§ 1106(a)(3), and filing schedules, a

27   statement of financial affairs, a creditor list and related documents under 11 U.S.C. § 1106(a)(2),

28   since Mr. Marciano had not yet done so. At the request of the U.S. Trustee in its joinder, which

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

070

1    the Court declined to strike, the Court also relied upon 11 U.S.C. § 1104(a)(3), which cross-

2    references the grounds for conversion of dismissal under § 1112 and permits the appointment of a

3    trustee if "the court determines that the appointment of a trustee or examiner is in the best

4    interests of creditors and the estate."  Section 1112(b)(4)(F) in turn includes an "unexcused

5    failure to satisfy timely any filing or reporting requirement established by this title or by any rule

6    applicable to a case under this chapter."

7         In essence, the Court held that if Mr. Marciano was not going to disclose his private

8    financial information until he had a ruling from the BAP in his pending appeal from the

9    December 28 Orders, it was going to appoint a trustee to see whether the trustee could find that

10   financial information, as if there is an urgent need for it at this point.  This determination was

11   incorrect under 11 U.S.C. §§ 1104(a)(2) and (3).

12        Through counsel, Mr. Marciano asked the Court at the March 4 hearing about the practical

13   consequences of the appointment of a trustee, given that Mr. Marciano is standing on his

14   constitutional right of privacy.  Simply stated, how soon -- if ever -- can a trustee assemble the

15   information necessary to ascertain and disclose the detailed aspects of Mr. Marciano's financial

16   condition, if Mr. Marciano does not provide that information to the trustee?

17        The remedy imposed by the Court is required to be in the "best interests of creditors and

18   the estate" under § 1104(a)(3).  Section 1104(a)(2), which the creditors invoked in their motion,

19   similarly applies a standard of "the interests of creditors, any equity security holders, and other

20   interests of the estate," rather than simply focusing on creditors.  By the time the expedited appeal

21   to the BAP is over, a trustee cannot reasonably be expected to discover and disclose Mr.

22   Marciano's financial information in fulfilling his or her duties in any reliable manner.  How will

23   the "best interests of creditors and the estate" be served by a trustee who will incur great expense

24   and who is likely to have little to show for it, simply because the creditors do not want to wait for

25   the ruling from the BAP?

26        The point is that the appointment of a trustee at this time is not in the "best interests of

27   creditors and the estate."  It will result in huge costs, but to what practical end?  When Mr.

28   Marciano first asked the Court at hearing in July 2010 to suspend the case under 11 U.S.C. §

- 8 -

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   305(a), he predicted that huge expense would be incurred by the creditors and by himself and that

2   significant judicial resources would be spent on the involuntary case, if the Court did not stay the

3   case pending the resolution of the State Court appeals. The Court denied Mr. Marciano's motion,

4   and huge expenses and judicial resources were incurred.

5       When the order for relief was entered, Mr. Marciano renewed his motion under § 305(a).

6   Again, he predicted that huge expense and judicial resources would be needlessly incurred, but

7   his renewed motion was denied, and now those expenses and resources are being spent at an

8   alarming rate. However, the rate at which they will be spent will increase exponentially as a

9   trustee, the trustee's counsel, the trustee's accountants and the trustee's investigators commence

10   the fulfillment of their statutory duties. This factor has been emphasized. In *Adams v. Marwil (In*

11   *re Bayou Group, LLC)*, 564 F.3d 541, 546-547 (2d Cir. 2009), the Court noted:

> 12   "In determining whether a § 1104 appointment is warranted or in the best interests
> 13   of creditors, the bankruptcy court must bear in mind that the appointment of a
> trustee 'may impose a substantial financial burden on a hard pressed debtor
> 14   seeking relief under the Bankruptcy Code,' by incurring the expenditure of
> 'substantial administrative expenses' caused by further delay in the bankruptcy
> 15   proceedings. See *Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc. (In re
> Anchorage Boat Sales, Inc.)*, 4 B.R. 635, 644 (Bankr. S.D.N.Y. 1980)."

16

17   The same could be said in this case. The specter of huge expenditures of monies and judicial

18   resources is not overstated.

19       Finally, the unfortunate fact is that the Court now has placed the trustee and his

20   professionals in an impossible position. What will happen if the BAP reverses the order for

21   relief, thereby mooting the appointment of the Chapter 11 trustee based upon the premises that (1)

22   the order for relief was properly entered; (2) Mr. Marciano should have filed schedules and

23   otherwise comply with applicable debtor in possession requirements; and (3) his failure to do so

24   warranted a trustee? In all likelihood, the trustee will be dismissed at that point. And what will

25   happen if the State Court appeals reverse the default judgments of the petitioning creditors and

26   the five creditors represented by Peter Davidson of Ervin, Cohen & Jessup LLP? The bankruptcy

27   should be dismissed at that point. The Court has placed the trustee and the trustee's professionals

28   in the unfortunate position of having to incur very large fees and expenses, even though there is a

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

-9-

1   possibility (indeed, a probability) that they will never be paid. It must be kept in mind that the

2   petitioning creditors and the other five creditors represented by Mr. Davidson have never argued

3   that Mr. Marciano will lose the appeals. They never have contradicted his showing in that regard.

4       In *In re Focus Media, Inc.*, 378 F.3d 916 (9th Cir. 2004), for example, the creditors argued

5   that the debtor's appeal from an order for relief was moot because the effect of the order could

6   not be undone. The Court disagreed, finding that fees paid to the creditors' counsel could be

7   ordered disgorged. *Id.*, at 924. If the trustee and the trustee's professionals have received any

8   monies, that exact same result could occur in this case. But the more likely result will be that

9   such uncertainty will cause them not to be quick to undertake huge expenses that may never be

10  paid. That, of course, means that there will be little beneficial consequence to appointing a

11  trustee at this time and, more importantly, that the appointment will <u>not</u> be in the "best interests of

12  creditors <u>and</u> the estate."

13      In summary, appointment of a trustee was not in the best interests of the creditors and the

14  estate under 11 U.S.C. §§ 1104(a)(2) and (3). A trustee and the professionals hired by him will

15  be very expensive, if they try to fulfill their statutory duties, and it is highly unlikely the trustee

16  will be able to meet his or her obligations in filing schedules, a statement of financial affairs, a

17  creditor list, etc., especially by the time Mr. Marciano's appeal to the BAP from the order for

18  relief is over. Practically speaking, a trustee will accomplish little, if anything, and a trustee will

19  cause great expenses, that may be entirely unnecessary, and to what end? There has been no

20  showing of an imminent need for Mr. Marciano's financial information.

21                 (2)    **No "Cause" Was Shown Under 11 U.S.C. § 1104(a)(1).**

22  Section 1104(a)(1) authorizes the appointment of a trustee:

23      "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of
    the affairs of the debtor by current management, either before or after the

24      commencement of the case, or similar cause, but not including the number of
    holders of securities of the debtor or the amount of assets or liabilities of the

25      debtor;...."

26

27      The use of the word "including" admittedly means that "dishonesty, incompetence, or

28  gross mismanagement of the affairs of the debtor" is not an exclusive list of what constitutes

- 10 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

073

1    "cause" under § 1104(a)(1), but it is interpreted keeping in mind that: "'[T]he standard for § 1104

2    appointment is very high.'" *Adams v. Marwil (In re Bayou Group, LLC),* 564 F.3d at 546

3    [finding that "the U.S. Trustee has not met the 'very high' standard for a § 1104 appointment. The

4    U.S. Trustee has not attempted to show that [debtor] has engaged in 'fraud, dishonesty,

5    incompetence, or gross mismanagement.'"]

6            Although a flexible concept, the Court stretched the notion of "cause" way beyond its

7    limits. It must be in the nature of incompetence or dishonesty, but there was no showing of that

8    by the moving parties and no finding of that by the Court on March 4. In affirming the denial of a

9    trustee, the Court in *Schuster v. Dragone,* 266 B.R. 268, 272 (D. Conn. 2001), explained that

10    there must be dishonesty or mismanagement that is more than simple mismanagement:

11            "Under subsection (1), the Bankruptcy Court's discretion is limited to a
        determination of whether 'cause' exists for such appointment, and <u>such 'cause'</u>

12        <u>must be in the nature of 'fraud, dishonesty, incompetence, or gross</u>
        <u>mismanagement' of the debtor by current management,</u> either before or after the

13        commencement of the case. 'The concepts of incompetence and dishonesty cover a
        wide spectrum of conduct and . . . the court has broad discretion in applying such

14        concepts to show cause.' *Dalkon Shield Claimants,* 828 F.2d at 241. Implicit in a
        finding of fraud, incompetence, or dishonesty, for purposes of subsection (1) is

15        whether the evidence of the misconduct rises to a level sufficient to warrant the
        appointment of a trustee. *In re General Oil Distribs.,* 42 B.R. at 408-09. Moreover,

16        'since one would expect to find some degree of incompetence or mismanagement
        in most businesses which have been forced to seek the protection of chapter 11, the

17        Court must find something more aggravated than simple mismanagement in order
        to appoint a trustee.' *In re Clinton Centrifuge,* 85 B.R. at 983-84; *In re Anchorage*

18        *Boat Sales, Inc.,* 4 B.R. 635, 644-45 (Bankr. E.D.N.Y. 1980)."

19

20            This Court's holding that the mere failure to file financial information and make financial

21    disclosures is not "in the nature of 'fraud, dishonesty, incompetence, or gross mismanagement' of

22    the debtor by current management." As such, this Court improperly decided at hearing on March

23    4 that there was cause for appointment of a trustee. See also, *Altman v. Rafael Galleries, Inc. (In*

24    *re Altman),* 2000 U.S. Dist. LEXIS 16235, *17-18 (D. Conn. July 27, 2000) ["the examples of

25    conduct following the word 'including' do not constitute the entire catalogue of 'good cause,' but

26    rather are only <u>illustrative of what type of conduct may constitute cause</u> warranting appointment

27    of a trustee." (Emphasis added).]

28            The notion of "cause" requires much more than simply examining the debtor's behavior.

- 11 -

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    It also necessarily requires the Court to look at the "big picture," including what a trustee will

2    cost and accomplish. Those factors are discussed above under 11 U.S.C. §§ 1104(a)(2) and (3),

3    but they also must be considered under 11 U.S.C. § 1104(a)(1), as described by the Court in

4    *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v.*

5    *Chinery*, 330 F.3d 548, 577 (3d Cir. 2003), which rejected the appointment of a trustee under

6    §1104(a)(1) because "appointing a trustee is too drastic a step," and which explained that the

7    expense and delay of a trustee warranted that conclusion:

8       "The problem is that appointing a trustee amounts to replacing much of a debtor's
        high-level management, and that creates immense costs in two ways. First, there is
9       a statutory fee (which can be substantial) to which trustees are entitled for their
        services. See 11 U.S.C. §§ 326(a) (setting forth fee schedule), 330(a) (setting forth
10      trustee's right to compensation); cf. 11 U.S.C. § 1107(a) (providing that debtors-in-
        possession are not entitled to statutory trustee's fees). [Footnote omitted.] More
11      important, however, is the cost implicit in replacing current management with a
        team that is less familiar with the debtor specifically and its market generally. . . . .
12      See Kenneth N. Klee & K. John Shaffer, *Creditors Committees Under Chapter 11*
        *of the Bankruptcy Code*, 44 S.C. L. Rev. 995, 1045, 1049 (1993) (observing
13      generally that 'the incremental costs' of a trustee usually 'outweigh[] the benefits,'
        and that 'maximization of value rarely lies down this path.')." [Emphasis added.]
14

15      It is not surprising that the cost and delay of a trustee is an important consideration in

16   assessing the "interests" of all concerned parties, as well as in finding "cause" for appointment of

17   a trustee. This is a factor that the Court did not account for at the March 4 hearing.

18      The cases cited by the moving creditors in their motion for appointment of a trustee were

19   instructive on the issue of whether the non-filing of schedules and reports constituted "cause" to

20   appoint a trustee because they showed two things: (1) that a trustee may be appointed after a

21   relatively long period of misconduct; and (2) much more than a mere short-term lack of financial

22   disclosure is required for a trustee to be appointed, and there must be dishonesty or incompetence

23   "in the nature of 'fraud, dishonesty, incompetence, or gross mismanagement' of the debtor by

24   current management." See, *In re Cohoes Industrial Terminal, Inc.*, 65 B.R. 918, 919-921 (Bankr.

25   S.D.N.Y. 1986) [5 months since case filing accompanied by "no real progress in this case"; "[t]he

26   debtor has been operating without fire or liability insurance for the last 9 months"; "the debtor has

27   not paid post-petition rent or mortgage charges"; and "[t]he conflicts of interest in this case

28   abound."]; *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 522 (Bankr. E.D.N.Y. 1989) [1 year

- 12 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**075**

1    from filing accompanied by the nondisclosure and "affirmative efforts to misrepresent or conceal

2    such important matters" and post-petition transfers by the debtor without court approval under 11

3    U.S.C. § 363(b)]; *In re Paolino*, 60 B.R. 828, 829 (E.D. Pa. 1986) and *In re Paolino*, 53 B.R.

4    399, 400 (Bankr. E.D. Pa. 1985) [4 months since case filing accompanied by pre-petition criminal

5    check-kiting scheme for a half a million dollars]; *In re Ford*, 36 B.R. 501, 502 (Bankr. W.D. Ky.

6    1983) [9 months since case filing accompanied by two pre-petition judgments finding fraud by

7    the debtor, plus "[f]ailure to obtain permission for the transfer of estate assets;" "[f]ailure to

8    obtain Court permission prior to making interest-free loans from estate assets to a wholly-owned,

9    nonparty corporation;" "[f]ailure to recognize a duty to keep estate assets separate from assets of

10    a corporation not subject to this Court's jurisdiction;" and "[u]se of transferred assets as his own

11    to the detriment of his personal creditors,"]; and *In re Horn & Hardart Baking Co.*, 22 B.R. 668,

12    669 (Bankr. E.D. Pa. 1982) [1 year since filing the case accompanied by "an unexplained loss in

13    the amount of $127,321.00"; "the debtor has mishandled several transactions concerning the lease

14    agreements"; "monthly operating statements which have been filed reflect a continuing operating

15    loss"; and "the Court finds that the debtor is being mismanaged."]

16        In contrast, in this case the <u>only</u> showing made by the moving parties was a short-term

17    failed to file schedules, the statement of financial affairs, and related documents and to comply

18    with reporting requirements to the U.S. Trustee. As a matter of law, that was insufficient to

19    warrant the appointment of a trustee.

20               **b.**    **Irreparable Harm To Mr. Marciano.**

21        The very same factors that stand for the proposition that an order for relief in an

22    involuntary bankruptcy is an appealable order, also require the conclusion that irreparable harm

23    will occur to Mr. Marciano if a stay pending appeal is not immediately issued. As noted by the

24    Ninth Circuit in *In re Mason*, 709 F.2d 1313, 1316, 1317 (9th Cir. 1983):

25          "[W]e are convinced that orders for relief should be considered final for purposes
             of appeal because they 'may determine and seriously affect substantive rights' and

26          '<u>cause irreparable harm</u> to the losing party if he had to wait to appeal to the end of
             the bankruptcy case.'" . . . [¶] An order for relief, being a conclusive

27          determination of the debtor's status as bankrupt, <u>carries with it a great potential for
             irreparable injury if immediate appeal is not allowed</u>. An order for relief

28          effectively divests the debtor of his assets, creating an estate controlled by the

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 129 of 146   Page ID #:163
Case: 11-1103   Document: 009174989   Filed: 03/21/2011   Page: 21 of 38

Case 1:11-bk-10426-VK   Doc 223   Filed 03/10/11   Entered 03/10/11 11:57:48   Desc
Main Document      Page 20 of 37

1         bankruptcy court. [Citation omitted] . . . . During the administration of the estate
2 the debtor's rights are limited. On entry of the order for relief he loses control of
his assets, which may include a business. See 11 U.S.C. § 303(f). Once property of
3 the estate is liquidated there appears to be no way the debtor can force bona fide
purchasers to return the assets. [Citations omitted]" [Emphasis added.]

4

5         *Mason* suggests what could be irreparable harm. With the appointment of a trustee, it has

6 come to pass. Mr. Marciano will be divested of his assets, which belong to his estate under 11

7 U.S.C. § 541 and which will be under the control of a trustee Court absent a stay pending appeal.

8 Further, "[d]uring the administration of the estate," Mr. Marciano's rights will be "limited" and

9 "he loses control of his assets."

10         Further, as explained by the Court in *Zamora v. Virtue (In re Cont'l Coin Corp.)*, 2009

11 U.S. Dist. LEXIS 74392, *29 (C.D. Cal. Aug. 21, 2009), potential litigation costs also are a

12 consideration in granting a stay pending appeal:

13         "[The Bankruptcy Court] also found that, without a stay, the Trustee would be
14 harmed by the cost of litigating claims that may turn out to be non-cognizable as a
matter of law. (ER 3063.) While litigation costs may not constitute irreparable
15 harm, *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S. Ct.
1028, 1040, 39 L. Ed. 2d 123 (1974), the bankruptcy court found that allowing
16 Virtue's case to proceed would alter the status quo and harm administration of the
bankruptcy case. (ER 3063.) Moreover, the litigation costs would not be borne by
17 the Trustee alone, but would also lead to diminution of the estate and adversely
affect distribution to other creditors. (ER 3063.) . . . The Court concludes that a
18 'reasonable man [c]ould take the view adopted by the [bankruptcy court].' *In re
Irwin*, 338 B.R. at 844. Therefore, the bankruptcy court did not abuse its discretion
19 in issuing the stay." [Emphasis added.]

20         The same reasoning applies in this case. Like the trustee in *Continental Coin*, Mr.

21 Marciano will have considerable expense in proceeding with the Chapter 11 case, which could be

22 avoided if a stay is issued and the appellate court subsequently rules in favor of the appellant,

23 who is Mr. Marciano in this case. Similarly, there will be cost to the "estate." Even if the

24 appellate court decides that the involuntary stay should not have been granted under § 303 and/or

25 a stay of the case should have issued under § 305(a)(1), the cost to Mr. Marciano will deplete his

26 assets, *i.e.*, his "estate," even if the bankruptcy is dismissed.

27               **c.**      **No Anticipated Substantial Harm To Appellees.**

28         The appellees from the order appointing the trustee are creditors and the U.S. Trustee.

- 14 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    The creditors have succeeded in what they set out to do. An order for relief has been entered.

2    Potential avoidance claims have been preserved, as has Mr. Marciano's estate. The "race to the

3    court house" by the judgment creditors pursuing Mr. Marciano's assets has been prevented. A

4    stay of the Chapter 11 case at this point will not cause any material harm, much less any

5    "substantial harm," to the petitioning creditors because they have met their goals.

6         The petitioning creditors have speculated many times that Mr. Marciano might be doing

7    something to render his assets unavailable. They imagine that his move to Canada in August

8    2009 must be improperly motivated. Yet, although it has been more than 16 months since

9    petitioning creditors filed this case, they have failed to offer a shred of evidence to support their

10   bare speculation. They undoubtedly will argue that "substantial harm will come" to the

11   petitioning creditors if a stay pending appeal is issued, but they have never offered any evidence

12   to support a finding that the harm "will come," which is the standard. Instead, their speculation is

13   that some sort of harm "might come," which does not satisfy the third criteria. And they certainly

14   have not shown any evidence that suggests that "substantial harm" will come from a stay. Mr.

15   Marciano is aware of no harm that will come to the petitioning creditors from a stay pending

16   appeal.

17        Indeed, the inadmissible evidence submitted by the petitioning creditors in joining the

18   motion for appointment of a trustee showed to the contrary. [Dkt. no. 219.] It showed that Mr.

19   Marciano has not transferred the three real properties in Los Angeles that the petitioning creditors

20   claim he owns through limited liability companies; that he has clearly disclosed his affiliations

21   with Canadian entities that the petitioning creditors claim acquired properties in Montreal; and

22   that he has hidden nothing about those transactions.

23        In such circumstances, at least one court has issued a stay pending appeal from an order

24   for relief in an involuntary case. See, *In re Sims*, 1991 U.S. Dist. LEXIS 13664 (E.D. La. Sept.

25   19, 1991) ["there is no suggestion that debtor's are in possession of any assets which they are

26   attempting to hide or otherwise dispose of to other parties' detriment."] In *Sims*, there was no

27   evidence of assets. *Id.* In this case, there is no evidence that Mr. Marciano is "attempting to hide

28   or otherwise dispose of to other parties' detriment." As such, "no substantial harm will come to

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 15 -

1   appellee" as a result of a stay.

2                 **d.**     **No Harm To The Public Interest.**

3       The cases discussing a stay under Rule 8005 often do not get to the last factor to discuss

4   what "public interest" could be harmed by a stay pending appeal because appellants have failed to

5   satisfy one or more of the first three factors. Several recent cases are instructive in demonstrating

6   that the "public interest" would be promoted by a stay pending appeal, as opposed to being

7   "harmed."

8       First, the Court in *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 2010 U.S. Dist. LEXIS

9   46920 (E.D. Cal. May 11, 2010), addressed public interest in terms of preserving the purpose of

10   the appeal. In that case, the appellants requested "a stay of the Bankruptcy Court's Order which

11   gave Bankruptcy Trustee Bradley D. Sharp ('Trustee') the authorization to continue to possess

12   and review information in his possession relating to the moving party farming entities." *Id.*, at

13   *2. On appeal, the District Court issued a stay pending appeal. In discussing the fourth factor, it

14   stated: "the public interest is served in preserving the integrity of the right to appellate review

15   since that right may be undermined if a stay is not forthcoming." * 12. The same reasoning

16   applies in this case. As explained above, if the trustee is allowed to proceed, what occurs can

17   never be undone should the appellate court decided that the involuntary petition should not have

18   been granted under 11 U.S.C. § 303(h) and/or that a stay of the involuntary case should have been

19   issued under § 305(a).

20       Second, in *Zamora v. Virtue (In re Cont'l Coin Corp.)*, 2009 U.S. Dist. LEXIS 74392, *30

21   (C.D. Cal. Aug. 21, 2009), the Court addressed public interest in terms of avoiding unnecessary

22   costs: "the bankruptcy court found that a stay was in the public interest because 'going forward

23   with the merits of the case while an appeal is pending on the very question of what is actionable .

24   . . would be a serious waste of time, money, and judicial resources.'" As explained above, the

25   same is true in this case.

26       Third, in *New Cingular Servs. v. Burkart (In re Wire Comm Wireless, Inc.)*, 2008 U.S.

27   Dist. LEXIS 58563, at *16 (E.D. Cal. Aug. 1, 2008), the Court focuses on the impact on judicial

28   resources: "Staying a potentially unnecessary adversary action in a bankruptcy court conserves

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    judicial resources." The same is true in this case. The burden of Mr. Marciano's involuntary

2    Chapter 11 case already has been significant to this Court. In the absence of a stay, this case will

3    continue to demand the use of judicial resources at a time when the Bankruptcy Court's work

4    load is heavy.

5         Fourth, the comments of Senator Baucus quoted in the Court's December 28

6    Memorandum explain the policy of preventing the stigma and expense of an involuntary

7    bankruptcy. [Dkt. no. 160, Dec. 28 Memorandum, at 18:1-2.] That policy would be promoted by

8    a stay of the order for relief pending appeal, given that without a stay the stigma and expense to

9    Mr. Marciano resulting from him being unwillingly forced into bankruptcy and then having a

10   trustee appointed will be inflicted upon him.

11        Mr. Marciano acknowledges that there is a competing public interest in terms of the

12   efficient resolution of bankruptcy proceedings and the preservation of estate assets. Courts

13   typically throw in a statement to that effect to bolster their decision to deny a stay pending appeal,

14   as opposed to that public interest being a determinative factor. Moreover, that interest is less

15   relevant or not relevant in this case for at least three reasons. First, the evidence does not suggest

16   that this interest is implicated. Again, the petitioning creditors have speculated that Bankruptcy

17   Court supervision of the estate is necessary because Mr. Marciano might be concealing assets, but

18   they have never offered any evidence in that regard, which is to say that there is no evidence to

19   suggest that there is any need for the Chapter 11 case to proceed at this point. Second, as

20   described above, the Court in *Continental Coin* noted that the goal of a matter expeditiously

21   proceeding on its merits was outweighed by the competing interests of precluding unnecessary

22   expense when there is an "unsettled" issue of law at stake. In this case, the issues on appeal could

23   not be more "unsettled" in the Ninth Circuit. Accord, *Haskell v. Goldman, Sachs & Co. (In re*

24   *Genesis Health Ventures, Inc.)*, 367 B.R. 516, 522 (Bankr. D. Del. 2007) ["While it is clearly not

25   in the public interest to have cases languishing on court dockets for long periods of time, it is also

26   not preferable to compel parties to go through the expense of preparing a case for trial when all of

27   that preparation could be rendered moot by a reversal on an interlocutory appeal."] Third, the

28   interest of efficient resolution of bankruptcy proceedings and the preservation of estate assets is

- 17 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1  only one among many competing public interests, most of which favor a stay.

2  **B.    The March 7 Order Should Be Stayed Pursuant To F.R.B.P. 7062.**

3  Bankruptcy Courts ordinarily issue stays pending appeal pursuant to F.R.B.P. 8005.

4  Alternative authority also exists under F.R.B.P. 7062, which makes F.R.C.P. 62 applicable.

5  Under F.R.B.P. 1018, F.R.B.P. 7062 applies to "all proceedings relating to a contested

6  involuntary petition," but it does not state that F.R.B.P. 8005 is inapplicable. Under F.R.C.P.

7  62(a), an 14-day automatic stay against enforcement has been in place since entry of the order for

8  relief on December 28. The test for a stay pending appeal under F.R.C.P. 62(c) is identical to the

9  test for a stay under F.R.B.P. 8005, as explained in *Hilton v. Braunskill*, 481 U.S. 770, 776

10  (1987). The discussion above regarding F.R.B.P. 8005 is equally applicable to F.R.C.P. 62, given

11  that the factors are virtually identical.

12  **IV.    THE COURT LACKED JURISDICTION TO APPOINT A TRUSTEE.**

13  At hearing on March 4, the Court rejected the argument that it lacks jurisdiction to appoint

14  a trustee due to the appeal from the order for relief. Without repeating it, Mr. Marciano raises it

15  again as an additional reason why a stay pending appeal is appropriate. He incorporates herein by

16  reference the arguments he made is this regard in his opposition to the motion for appointment of

17  a trustee. [Dkt. no. 218, at 24-27.]

18  **V.    CONCLUSION.**

19  The order appointing trustee in an individual Chapter 11 case is the most extraordinary

20  remedy that could have been issued against Mr. Marciano. It should not have been issued. It is

21  important that a stay be entered to be certain that Mr. Marciano is not seriously prejudiced by

22  events that will unfold at great expense, which cannot be undone.

23  Based upon the foregoing, Mr. Marciano respectfully requests that the Court permanently

24  stay its March 7 Order [dkt. no. 221] pending the resolution of the appeal from that order pursuant

25  to F.R.B.P. 8005 and F.R.C.P. 62. Alternatively, if a permanent stay is not promptly granted, Mr.

26  Marciano requests a temporary 30-day stay of the March 7 Order to provide him time to seek a

27  ///

28  ///

- 18 -

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 35TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   stay pending appeal from this Court and, if necessary, from the appellate court and to provide this

2   Court and the appellate court time to rule upon the request.

3

4   DATED: March 10, 2011                          HILL, FARRER & BURRILL LLP

5

6                                                  By: /s/ Daniel J. McCarthy

7                                                     DANIEL J. McCARTHY
                                                      Attorneys for Involuntary Chapter 11
8                                                     Debtor GEORGES MARCIANO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

082

## DECLARATION OF DANIEL J. McCARTHY

I, Daniel J. McCarthy, declare:

1.      I am an attorney law. I am duly qualified to practice before all courts of the State of California and all federal courts in the State of California, as well as certain other courts. I was admitted to the State Bar of California in 1981, and I have been a member in good standing since then. I am a partner at the law firm of Hill, Farrer & Burrill, LLP. I am counsel of record for involuntary debtor Georges Marciano in the involuntary Chapter 11 case filed against him. I also am counsel of record in the appeal pending before the Bankruptcy Appellate Panel ("BAP") from orders of the Bankruptcy Court that were entered in that Chapter 11 case and the Ninth Circuit from the BAP's order denying a stay pending appeal.

2.      Since late August 2009, I have been co-counsel for judgment debtor Georges Marciano in the cases in the Los Angeles Superior Court (the "State Court") entitled *Georges Marciano v. Joseph Fahs, et al.*, bearing case no. BC375824 (the "*Fahs* action"), and entitled *Georges Marciano, et al. v. Gary Iskowitz, et al.*, bearing case no. BC384493, which was consolidated with case no. BC385790 entitled *Gary Iskowitz, et al. v. Georges Marciano, et al.* (collectively, the "*Iskowitz* action"). Since October 2009, my firm also has been counsel of record in the appeals from the default judgments entered in the *Fahs* action and the *Iskowitz* action, and I am partially responsible for representing Mr. Marciano in connection with those appeals. The appeals in the *Fahs* action are pending before Division Two of the Second Appellate District of the California Court of Appeals, and those appeals are assigned nos. B218087, B215463, B216598 and B220011 (the "*Fahs* appeal"). The appeals in the *Iskowitz* action are pending before Division Three of the Second Appellate District of the California Court of Appeals, and those appeals are assigned nos. B216029 and B219558 (the "*Iskowitz* appeal").

3.      Georges Marciano filed two lawsuits in the Los Angeles County Superior Court in August 2007 and January 2008 commencing the *Fahs* and *Iskowitz* actions. Almost all of the defendants in both lawsuits filed cross-complaints for defamation and related claims, such as infliction of emotional distress. Based upon discovery sanctions, Mr. Marciano's complaints in both lawsuits were stricken; his answers to the cross-complaints were stricken; and his defaults on

- 20 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**083**

1    the cross-complaints were entered. In the *Fahs* action, five default judgments were entered in

2    favor of the defendants in late July 2009, although they later were reduced to a total of $205

3    million. In the *Iskowitz* action, one default judgment totaling $55 million was entered in August

4    2009 in favor of the three defendants.

5        4.    Prior counsel for Mr. Marciano sought a stay of the default judgments from the

6    State Court pending appeal, but was denied the stay because he could not post a bond of 1-1/2

7    times the $260 million in default judgments. Thereafter, some of the judgment holders attempted

8    to enforce their judgments for a period of approximately two months. I was involved in dealing

9    with those judgment collection efforts against Mr. Marciano.

10       5.    Mr. Marciano promptly appealed all of the default judgments on various grounds,

11   including that (1) discovery sanctions were improper for many reasons; (2) the trial judge failed

12   in multiple ways to fulfill her gate-keeping function in connection with the default judgment

13   prove-up by, for example, allowing evidence of numerous statements not even alleged in the

14   cross-complaints and then awarding damages based on those statements, awarding damages on

15   conduct that was plainly privileged under California Civil Code § 47 and on causes of action

16   barred by the applicable statute of limitations, and allowing in evidence known by the judge and

17   the defendants' lawyers to be false; (3) the default judgments were excessive, especially when

18   contrasted with judgments in cases presenting more compelling defamation claims; and (4) the

19   judge denied Mr. Marciano due process by refusing to recuse herself despite name-calling and

20   other statements by her showing demonstrable bias. These and other issues have been raised by

21   Mr. Marciano in the briefs filed by him in the *Fahs* and *Iskowitz* appeals, which I was partially

22   responsible for drafting.

23       6.    Mr. Marciano's appellant's opening brief in the *Iskowitz* appeal was filed with the

24   Court of Appeal on July 30, 2010. Mr. Marciano did not request an extension of time to file that

25   brief, although he made a motion to extend the word limit from 14,000 to 19,000 words, which

26   was granted on July 21, 2010. A copy of his opening brief was filed with this Court on August

27   13, 2010, as an attachment to Mr. Marciano's supplement to his motion for reconsideration [dkt.

28   no. 116], and as an exhibit to the declaration of Dean E. Dennis [dkt. no. 125] filed on September

- 21 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 137 of 146   Page ID #:171
Case: 11-1103   Document: 009174989   Filed: 03/21/2011   Page: 29 of 38

Case 1:11-bk-10426-VK   Doc 223   Filed 03/10/11   Entered 03/10/11 11:57:48   Desc
Main Document   Page 28 of 37

1   10, 2010, in opposition to the petitioning creditors' motion for summary judgment. Under

2   California Rule of Court ("CRC") 8.212(a), the due date for respondents' opening brief in the

3   *Iskowitz* appeal was 30 days later on August 29, 2010. On August 19, 2010, the respondents in

4   that appeal filed a motion for a 60 day extension of time to file their respondents' brief. On

5   August 23, 2010, Mr. Marciano filed an opposition due to Marciano's need to expeditiously

6   pursue the appeal in light of the pending involuntary Chapter 11 case against him that is based

7   upon the default judgments against him that are on appeal. On the same date the Court of Appeal

8   issued an order extending the time to file the respondent's brief for 60 days to approximately

9   October 29, 2010.

10      7.      On October 26, 2010, the respondents in the *Iskowitz* appeal filed a motion for an

11   additional extension, which Mr. Marciano opposed by opposition filed on October 28, 2010. On

12   November 1, 2010, the Court of Appeal granted the respondents an additional 30 days to

13   approximately November 28, 2010, and stating that no further extensions would be allowed

14   respondents. That brought their total time to file a respondents' brief to 120 days. The

15   respondents in the *Iskowitz* appeal then violated that deadline, which caused the Court of Appeal

16   to send out a default notice on December 1, 2010, requiring them to file their brief within 15 days

17   or have the appeal decided without their brief. Finally, on December 13, 2010, they filed their

18   brief. Mr. Marciano obtained a short extension to file his reply brief due to the holidays, and his

19   reply brief was filed on February 2, 2011.

20      8.      In the *Fahs* appeal, Mr. Marciano's opening brief was lodged on October 10, 2010,

21   with an application for leave to file an oversized brief. On October 29, 2010, the Court of Appeal

22   granted the application, filed Mr. Marciano's opening brief and ordered that respondents' brief be

23   filed on January 31, 2011 (a ninety day briefing schedule). After waiting for most of the 90 days

24   given by the Court to them to file their respondents' brief, on January 20, 2011, the

25   defendants/respondents in the *Fahs* appeal filed a motion by which they sought to delay the

26   appeal by requesting that the Court of Appeal strike Mr. Marciano's opening brief and order

27   seven court reporters to assemble one consecutively-numbered reporters' transcript, which the

28   lead reporter previously refused to do in response to the request of my office in July 2010. Mr.

- 22 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   Marciano opposed the respondents' motion, but the Court of Appeal granted it on February 7,

2   2011. Once the consecutively numbered transcript is prepared, Mr. Marciano will need to re-file

3   his opening brief with corrected page references and then the respondents' brief will be due in 30

4   days.

5       9.    On October 27, 2009, three petitioning creditors filed an involuntary Chapter 11

6   petition against alleged debtor Georges Marciano. Those three creditors held three of the five

7   default judgments that are the subject of the *Fahs* appeal.

8       10.    On behalf of Mr. Marciano, I made a motion to dismiss the involuntary petition on

9   grounds of insufficient process and lack of personal jurisdiction because he had been served by

10   mail at a residence in Beverly Hills where he had not resided for almost three months and because

11   he had not even resided in the United States for more than two months at the time of attempted

12   service by mail. The motion also was based on the grounds that a claim could not be stated

13   because certain provisions of Chapter 11 applicable to individuals are unconstitutional. The

14   motion was denied at hearing on January 13, 2010, by Judge Richard Neiter, who was sitting in

15   for Judge Victoria Kaufman. [Dkt. no. 90.] I attended that hearing.

16       11.    When Judge Kaufman returned from leave, she held a status conference on April

17   8, 2010. I attended that status conference. Despite the Court's negative reaction at the initial

18   status conference to the possibility of staying the involuntary bankruptcy case while the State

19   Court appeals proceeded, on April 26, 2010, on behalf of Mr. Marciano filed a motion to suspend

20   the involuntary Chapter 11 case under 11 U.S.C. § 305(a) on grounds that the case should be

21   dismissed or stayed until the State Court appeals were resolved, rather than proceeding with an

22   involuntary case filed by three petitioning creditors whose excessive default judgments were on

23   appeal. [Dkt. no. 57.] That motion was denied by order entered on July 2, 2010, which is one of

24   the orders on appeal. [Dkt. no. 102.]

25       12.    Despite the Court's negative reaction to Mr. Marciano's desire to take discovery,

26   on his behalf I propounded interrogatories, propounded document requests and noticed

27   depositions shortly after the April 8, 2010 status conference, but the petitioning creditors refused

28   to respond and to appear for deposition. On May 13, 2010, on behalf of Mr. Marciano I filed a

- 23 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   motion for terminating sanctions or, alternatively, to compel discovery responses, the production

2   of documents and depositions from the petitioning creditors [dkt. no. 68], which was granted in

3   part at hearing on July 2, 2010. [Dkt. no. 101.] What was granted at that hearing, however, was

4   taken away at hearing on July 15, 2010, when the Bankruptcy Court ordered that no discovery

5   would occur in the case by any party until after the Court determined the summary judgment

6   motions. [Dkt. no. 121.]

7       13.   On July 8, 2010, on behalf of Mr. Marciano filed a motion for reconsideration of

8   the Court's order denying his motion to suspend the case under 11 U.S.C. § 305(a). [Dkt. no.

9   105.] The petitioning creditors' opposition was filed on September 17, 2010. [Dkt. no. 138.]

10   Mr. Marciano's reply was filed a week later. [Dkt. no. 140.] The motion was not heard by the

11   Court until December 2, 2010, when it was denied at the hearing that I attended, and the order

12   was entered on December 29, 2010. [Dkt. no. 164.] That order also is on appeal.

13       14.   On July 14, 2010, the petitioning creditors filed a motion for summary judgment

14   and supporting papers [dkt. nos. 107-113], which Mr. Marciano opposed. [Dkt. nos. 122-127.]

15   Mr. Marciano's opposition included a cross-motion for summary judgment. [Id.] That

16   opposition was the first brief filed by Mr. Marciano in which he fully addressed whether the

17   petitioning creditors claims were in bona fide dispute because they were based on default

18   judgments that were on appeal, which should be reversed. The petitioning creditors' reply papers

19   were filed on September 21, 2010. [Dkt. nos. 133-137.]

20       15.   At hearing on October 1, 2010, the Court continued the hearing until October 28,

21   2010, on the petitioning creditors' motion for summary judgment, Mr. Marciano's cross-motion

22   for summary judgment, and Mr. Marciano's motion for reconsideration of the order denying his

23   prior motion to dismiss or stay the case under 11 U.S.C. § 305(a). The Court ordered petitioning

24   creditors and Mr. Marciano to file supplemental papers, which was done. [Dkt. no. 142, 144-150,

25   151-155.]

26       16.   On its own motion, the Court continued the October 28 hearing to December 2,

27   2010.

28       17.   At approximately 9:30 p.m. on December 1, 2010, the Court posted a 35 page

- 24 -

Case 2:11-cv-04779-AHM  Document 3  Filed 06/06/11  Page 140 of 146  Page ID #:174
Case: 11-1103  Document: 009174989  Filed: 03/21/2011  Page: 32 of 38

Case 1:11-bk-10426-VK  Doc 223  Filed 03/10/11  Entered 03/10/11 11:57:48  Desc
Main Document  Page 31 of 37

1    tentative ruling on the matters scheduled for the next day. I was checking the tentative ruling

2    throughout the day, and first saw it at approximately 10:00 p.m. on December 1. The next

3    morning, I arrived at work early and spent approximately four hours carefully reading the ruling

4    and preparing for the hearing, although I did not have time to read the legislative history

5    surrounding the history cited in the tentative ruling and I did not have time to read any of the 11

6    new cases cited in the tentative ruling, although I was able to briefly scan two of the cases.

7        18.    On December 2, 2010, at 1:30 p.m., at hearing on the pending motions, I requested

8    that the Court postpone the hearing for a short time to permit Mr. Marciano's counsel to review

9    the new cases cited by the Court in the tentative ruling and the three citations to the legislative

10   history, which also had not been previously cited by the parties. The Court declined that request

11   and proceeded with the hearing.

12       19.    In opposition to the petitioning creditors' summary judgment motion and at the

13   December 2 hearing, on behalf of Mr. Marciano I also requested that the Court permit Mr.

14   Marciano an opportunity to conduct discovery on the issues of whether the petitioning creditors'

15   default judgments were in bona fide dispute and whether the involuntary petition had been filed in

16   bad faith. The Court also denied that request.

17       20.    At the conclusion of the December 2 hearing, the Court ruled that the petitioning

18   creditors' motion for summary judgment was granted, Mr. Marciano's cross-motion for summary

19   judgment was denied, and Mr. Marciano's motion for reconsideration of the order denying a stay

20   of the involuntary case also was denied.

21       21.    On December 28, 2010, the Court entered its "Order (1) Granting Petitioning

22   Creditors' Motion for Summary Judgment for the Entry of an Order for Relief Under Chapter 11

23   of Title 11 of the United States Code against Georges Marciano, and (2) Denying Georges

24   Marciano's Cross-Motion for Summary Judgment" [dkt. no. 159] and also entered the related

25   "Order for Relief in the Instant Title 11 Case Against Georges Marciano" [dkt. no. 161]

26   (collectively, the "December 28 Orders").

27       22.    On December 28, 2010, the Court also entered its 31-page Memorandum of

28   Decision, which was consistent with its tentative ruling on December 1. [Dkt. no. 160.] Based

- 25 -

088

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 141 of 146   Page ID #:175
Case: 11-1103   Document: 009174989   Filed: 03/21/2011   Page: 33 of 38

Case 1:11-bk-10426-VK   Doc 223   Filed 03/10/11   Entered 03/10/11 11:57:48   Desc
Main Document   Page 32 of 37

1    upon my review of the December 28 Memorandum, the substantive changes to the tentative

2    ruling found in the Memorandum appear to be (1) a brief discussion of the Bankruptcy Reform

3    Act of 1978 at 11:19-12:13 regarding the removal of the requirement of petitioning creditors

4    proving one of six specific "acts of bankruptcy"; (2) the addition of the citation to *In re*

5    *Letourneau*, 422 B.R. 132, 138 (Bankr. N.D. Ill. 2010), at 12:16-19; and (3) the addition of the

6    citation and quote of the Bankruptcy Commission Report at 14:12-17 regarding the "generally not

7    paying" standard.  There are other non-substantive changes consisting of minor changes in

8    wording, the insertion of headings 1 to 7 at pages 15-24, and minor changes to citations, either

9    adding or deleting the authorities referenced in the cited authorities.

10         23.     On December 29, 2010, the Court entered its "Order Denying Motion for

11    Reconsideration of Order Denying Motion to Dismiss or Stay Involuntary Chapter 11 Case."

12    [Dkt. No. 164]. By that Order, it denied Mr. Marciano's motion for reconsideration of the Court's

13    prior order denying his motion to stay the case under 11 U.S.C. § 305(a), which had been filed on

14    July 8, 2010.  [Dkt. no. 105.]

15         24.     On December 29, 2010, on behalf of Mr. Marciano, I filed two documents.  One

16    was a motion for reconsideration of the Court's December 28 Orders granting petitioning

17    creditors' motion for summary judgment, denying Mr. Marciano's cross-motion, and issuing an

18    order for relief, and the related Memorandum of Decision.  [Dkt. no. 162.] The second was an ex

19    parte application for a 30-day temporary stay of the order for relief to allow the motion for

20    reconsideration to be determined and, if denied, to allow a motion for stay pending appeal to be

21    determined. [Dkt. no. 163.]

22         25.     On January 6, 2011, on behalf of Mr. Marciano, I filed a motion for

23    reconsideration [dkt. no. 171] regarding the Court's December 29, 2010 order [dkt. no. 164]

24    denying his prior motion for reconsideration of the Court's order denying his motion to stay the

25    case under 11 U.S.C. § 305(a).

26         26.     Mr. Marciano's two motions for reconsideration were denied by orders entered on

27    January 10, 2011.  [Dkt. nos. 179 and 180.] The ex parte application for a temporary 30-day stay

28    impliedly was ruled upon on January 24, 2011, as part of an order partially granting a similar

- 26 -

HILL, FARRER & BURRELL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   motion, as described below.

2     27. On January 4, 2011, on behalf of Mr. Marciano, I filed a notice of appeal from the

3   December 28 Orders; the related December 28 Memorandum of Decision; the December 29 order

4   denying the July 8 motion for reconsideration; and four prior interlocutory orders that became

5   subject to appeal upon entry of the order for relief. [Dkt. no. 169.] The appeal was referred to the

6   BAP on January 5, 2011 [dkt. no. 170], and it has been docketed as BAP case no. 11-1008. Mr.

7   Marciano's opening brief was due on February 22, 2011, and was filed on that date.

8     28. I understood that, under F.R.B.P. 8002(a), the appeal was premature given the

9   pending motion for reconsideration of the Court's December 28, 2010 orders granting petitioning

10   creditors' motion for summary judgment, denying Mr. Marciano's cross-motion, and issuing an

11   order for relief, and the related Memorandum of Decision [dkt. no. 162] and his subsequently-

12   filed motion for reconsideration regarding the Court's December 29, 2010 order [dkt. no. 164]

13   denying his prior motion for reconsideration of the Court's order denying his motion to stay the

14   case. Under Rule 8002(a), however, the appeal was effective immediately upon the denial of

15   both motions for reconsideration on January 10, 2011.

16     29. On January 10, 2011, on behalf of Mr. Marciano, I filed an amended notice of

17   appeal [dkt. no. 181] that added the two January 10, 2011 orders denying his two motions for

18   reconsideration that were entered earlier that day.

19     30. On January 11, 2011, I filed an emergency motion requesting that the Court extend

20   Mr. Marciano's time by 30 days to file his schedules, statement of financial affairs, etc., and to

21   otherwise comply with applicable requirements. [Dkt. no. 182.] On January 11, 2011, the Court

22   issued an order extending his time only 14 days until January 25, 2011. [Dkt. no. 185 in case no.

23   09-39630.]

24     31. On January 11, 2011, on behalf of Mr. Marciano, I filed an emergency motion

25   with the Bankruptcy Court by which he again requested that the Court issue a 30-day temporary

26   stay of the December 28 Orders. The petitioning creditors filed an opposition on January 21.

27   Later that day, I filed a supporting reply. By that motion Mr. Marciano also requested a

28   suspension of the case under 11 U.S.C. § 305(a), now that the order for relief had been entered,

-.27 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   and a stay pending appeal of the December 28 Orders. The motion was heard on January 24,

2   2011. I attended the hearing. On January 25, 2011, the Bankruptcy Court issued a temporary

3   stay to enable Mr. Marciano to seek a stay pending appeal from the Bankruptcy Appellate Panel

4   or from the District Court, if the appeal was transferred there. [Docket no. 205.] By its terms, the

5   stay was to expire upon the BAP entering its order denying the emergency stay motion on

6   February 9, 2011. In granting the temporary 30-day stay, the Bankruptcy Court acknowledged

7   the "unsettled" state of the law on issues of first impression, which are described below, but the

8   Court declined to issue a stay of the December 28 Orders pending appeal pursuant to Rule 8005,

9   choosing instead to leave that determination to the Bankruptcy Appellate Panel.

10        32.    On January 25, 2011, the Bankruptcy Court also issued an order extending Mr.

11   Marciano's time to file his schedules, statement of financial affairs and other documents required

12   by applicable law until 7 days after the BAP denied a stay pending appeal. [Dkt. no. 203.] Given

13   that the stay was denied by the BAP on February 9, the extended due date was February 16, 2011,

14   unless the Ninth Circuit entered a stay pending appeal.

15        33.    On January 27, 2011, on behalf of Mr. Marciano, I filed an emergency motion

16   with the BAP by which he requested that the Court issue a stay of the December 28 Orders

17   pending appeal. The petitioning creditors' opposition was filed on Friday, February 4, 2011. I

18   filed a reply for Mr. Marciano in February 9, 2011. Within hours of the reply being filed on

19   February 9, the BAP issued its order denying the emergency motion. Although I raised the issue

20   of the Bankruptcy Court's loss of jurisdiction in the motion, the BAP did not comment on that.

21        34.    On February 8, 2011, I filed a second amended notice of appeal with the

22   Bankruptcy Court, which added the January 25 "Order Granting Temporary Stay, But Denying

23   Stay Pending Appeal of (1) Order Granting Petitioning Creditors' Motion for Summary

24   Judgment, and (2) Oder for Relief" [docket no. 205], which was entered on January 25, 2011.

25        35.    On February 10, 2011, I filed a notice of appeal of the BAP's February 9 order and

26   then prepared the emergency motion for stay pending appeal to file with the Ninth Circuit. The

27   BAP delayed in referring the appeal to the Ninth Circuit. As of February 16 – the extended due

28   date for the filing of schedules and the statement of financial affairs and compliance with other

- 28 -

091

1　applicable requirements – the appeal still had not been referred.

2　　36.　On the morning of February 16, my secretary and I both spoke to the BAP clerk

3　(Patty) who is responsible for referring the appeals filed with the BAP to the Ninth Circuit,

4　which was necessary so the appeal could be assigned a case number. She said she only works on

5　Wednesdays to Fridays and that she had not been in to take care of it. I informed her that I was

6　waiting for the matter to be referred so that I could file an emergency motion with the Ninth

7　Circuit, and I asked her if she could get the appeal referred as soon as possible. She said she

8　would take care of it as soon as she could get to it, perhaps that day or the next day.

9　　37.　The appeal finally was referred by the BAP to the Ninth Circuit on February 17,

10　2011. When the case was assigned a number on February 18, I caused the emergency motion for

11　a stay, the Appendix and a supporting declaration to be filed hours later on February 18 with the

12　Ninth Circuit.

13　　38.　On February 24, 2011, the Ninth Circuit issued an order denying the stay motion

14　filed with it. The order also ordered Mr. Marciano to file a response within 21 days showing that

15　the Ninth Circuit had jurisdiction over the appeal, which its order stated it did not think it had. I

16　will be filing the brief required by the Court and a renewed request that the Ninth Circuit issued

17　stay pending appeal due to the fact that it does have jurisdiction over the appeal from the BAP's

18　order denying a motion for stay pending appeal.

19　　39.　On March 1, 2011, certain creditors filed a motion for appointment of a Chapter 11

20　trustee and a related application for order shortening time for hearing on the motion. [Dkt. no.

21　213.] On March 2, 2011, the Court set the motion for hearing on March 4, 2011. [Dkt. no. 214.]

22　The motion was joined by the U.S. Trustee and the petitioning creditors. Dkt. nos. 217 and 219.]

23　Over Mr. Marciano's opposition [dkt. no. 218], the motion was granted at hearing on March 4,

24　which I attended. On March 7, the Court entered its "Order Directing the Appointment of a

25　Chapter 11 Trustee" [dkt. no. 221] (the "March 7 Order").

26　　40.　On March 8, 2011, Mr. Marciano filed an appeal from the March 7, 2011 Order.

27　[Dkt. no. 222.]

28　　　The foregoing is within my personal knowledge. I declare under penalty of perjury of the

- 29 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Case 2:11-cv-04779-AHM Document 3 Filed 06/06/11 Page 145 of 146 Page ID #:179
Case: 11-1103 Document: 009174989 Filed: 03/21/2011 Page: 37 of 38

Case 1:11-bk-10426-VK Doc 223 Filed 03/10/11 Entered 03/10/11 11:57:48 Desc
Main Document Page 36 of 37

1 | laws of the United States of America that the foregoing is true and correct and that this

2 | declaration was executed on March 10, 2011.

3

4 | /s/ Daniel J. McCarthy

5 | Daniel J. McCarthy

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 30 -

093

Case 2:11-cv-04779-AHM   Document 3   Filed 06/06/11   Page 146 of 146   Page ID #:180
Case: 11-1103   Document: 009174989   Filed: 03/21/2011   Page: 38 of 38

Case 1:11-bk-10426-VK   Doc 223   Filed 03/10/11   Entered 03/10/11 11:57:48   Desc
Main Document   Page 37 of 37

| | |
|---|---|
| 1 | **PROOF OF SERVICE OF DOCUMENT** |

2   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 S. Grand Avenue, 37th Floor, Los Angeles, California 90071

3

4   A true and correct copy of the foregoing document described **MOTION FOR TEMPORARY STAY AND FOR STAY PENDING APPEAL OF ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. McCARTHY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

5

6

7   **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 10, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

8

9

Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com
10   Peter A Davidson    pdavidson@ecjlaw.com
Dare Law    dare.law@usdoj.gov
11   Anthony J Rothman    anthony@arothmanlaw.com
Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;itokubo@frandzel.com
12   Richard Seegman    rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com
Ramesh Singh    claims@recoverycorp.com
13   United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

14   ☐ Service information continued on attached page

15   **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy
16   thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to
17   the judge will be completed no later than 24 hours after the document is filed.

18   ☐ Service information continued on attached page

19   **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 10, 2011, I
20   served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here
21   constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

22

The Honorable Victoria Kaufman (via personal delivery)
23   Bradley E. Brook, via email at bbrook@bbrooklaw.com
Peter A. Davidson, via email at pdavidson@ecjlaw.com
24   Dare Law, U.S. Trustee's Office via email at dare.law@usdoj.gov

☐ Service information continued on attached page
25

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
26   and correct.

27

| March 10, 2011 | Hae Jung Park | /s/ Hae Jung Park |
|---|---|---|
| Date | Type Name | Signature |

28

- 31 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**094**